# UNITED STATES COURT OF APPEALS FOR THE SECOND CIRCUIT
## CIVIL APPEAL PRE-ARGUMENT STATEMENT (FORM C)

**1. SEE NOTICE ON REVERSE.**　　　**2. PLEASE TYPE OR PRINT.**　　　**3. STAPLE ALL ADDITIONAL PAGES**

| Case Caption: | District Court or Agency: | Judge: |
|---|---|---|
| Khan v. Yale University | Connecticut | Dooley, J. |

| | Date the Order or Judgment Appealed from was Entered on the Docket: 3/27/26 | District Court Docket No.: 3:19-cv-1966 |
|---|---|---|
| | Date the Notice of Appeal was Filed: 4/1/26 | Is this a Cross Appeal? Yes　✔ No |

**Attorney(s) for Appellant(s):**
✔ Plaintiff
　Defendant

Counsel's Name: Address: Telephone No.: Fax No.: E-mail:

Alexander T. Taubes, Esq. 470 James St., Ste 007, New Haven, CT 06513, (203) 909-0048, alextt@gmail.com

**Attorney(s) for Appellee(s):**
　Plaintiff
✔ Defendant

Counsel's Name: Address: Telephone No.: Fax No.: E-mail:

Patrick Noonan, Esq., 741 Boston Post Road, Suite 306, Guilford, CT 06437, (203) 458-9168

| Has Transcript Been Prepared? | Approx. Number of Transcript Pages: | Number of Exhibits Appended to Transcript: | Has this matter been before this Circuit previously? ✔ Yes　No |
|---|---|---|---|
| No | Unknown | Unknown | If Yes, provide the following: Case Name: Khan v. Yale University |

2d Cir. Docket No.: 21-95; 24-2794　　Reporter Citation: (i.e., F.3d or Fed. App.) 27 F.4th 805; 85 F.4th 86

*ADDENDUM "A"*: COUNSEL MUST ATTACH TO THIS FORM: (1) A BRIEF, BUT NOT PERFUNCTORY, DESCRIPTION OF THE NATURE OF THE ACTION; (2) THE RESULT BELOW; (3) A COPY OF THE NOTICE OF APPEAL AND A CURRENT COPY OF THE LOWER COURT DOCKET SHEET; AND (4) A COPY OF ALL RELEVANT OPINIONS/ORDERS FORMING THE BASIS FOR THIS APPEAL, INCLUDING TRANSCRIPTS OF ORDERS ISSUED FROM THE BENCH OR IN CHAMBERS.

*ADDENDUM "B"*: COUNSEL MUST ATTACH TO THIS FORM A LIST OF THE ISSUES PROPOSED TO BE RAISED ON APPEAL, AS WELL AS THE APPLICABLE APPELLATE STANDARD OF REVIEW FOR EACH PROPOSED ISSUE.

### PART A: JURISDICTION

| 1. Federal Jurisdiction | 2. Appellate Jurisdiction |
|---|---|
| U.S. a party　　Diversity | ✔ Final Decision　　Order Certified by District Judge (i.e., Fed. R. Civ. P. 54(b)) |
| ✔ Federal question (U.S. not a party)　　Other (specify): _____ | Interlocutory Decision Appealable As of Right　　Other (specify): _____ |

**IMPORTANT. COMPLETE AND SIGN REVERSE SIDE OF THIS FORM.**

## PART B:  DISTRICT  COURT DISPOSITION   (Check as many as apply)

**1. Stage of Proceedings**

✔ Pre-trial
During trial
After trial

**2. Type of Judgment/Order Appealed**

Default judgment
– Dismissal/FRCP 12(b)(1)
   lack of subj. matter juris.
Dismissal/FRCP 12(b)(6)
   failure to state a claim
Dismissal/28 U.S.C. § 1915(e)(2)
   frivolous complaint
Dismissal/28 U.S.C. § 1915(e)(2)
   other dismissal

Dismissal/other jurisdiction
Dismissal/merit
Judgment / Decision of the Court
Summary judgment
Declaratory judgment
Jury verdict
Judgment NOV
Directed verdict
✔ Other (specify): Dismissal

**3.  Relief**

✔ Damages:                          Injunctions:

Sought: $ _____          Preliminary
Granted: $ _____         Permanent
Denied: $ _____          Denied

## PART C:  NATURE OF SUIT   (Check as many as apply)

**1. Federal Statutes**

Antitrust
Bankruptcy
Banks/Banking
✔ Civil Rights
Commerce,
Energy
Commodities
Other (specify): _____

Communications
Consumer Protection
Copyright ☐ Patent
Trademark
Election
Soc. Security
Environmental

Freedom of Information Act
Immigration
Labor
OSHA
Securities
Tax

**2.  Torts**

Admiralty/
   Maritime
✔ Assault /
   Defamation
FELA
Products Liability
Other (Specify):

**3.  Contracts**

Admiralty/
   Maritime
Arbitration
Commercial
Employment
Insurance
Negotiable
Instruments
✔ Other Specify

**4.  Prisoner Petitions**

Civil Rights
Habeas Corpus
Mandamus
Parole
Vacate Sentence
Other

**5.  Other**

Forfeiture/Penalty
Real Property
Treaty (specify): _____
Other (specify): _____

**6.  General**

Arbitration
Attorney Disqualification
Class Action
Counsel Fees
Shareholder Derivative
Transfer

**7.  Will appeal raise constitutional issue(s)?**
✔ Yes                    No

Will appeal raise a matter of first
impression?

✔ Yes                    No

---

1. Is any matter relative to this appeal still pending below?      Yes, specify: _____      ✔ No

2. To your knowledge, is there any case presently pending or about to be brought before this Court or another court or administrative agency which:

    (A)   Arises from substantially the same case or controversy as this appeal?          Yes     ✔ No

    (B)   Involves an issue that is substantially similar or related to an issue in this appeal?          Yes     ✔ No

If yes, state whether    "A," or    'B," or    both are applicable, and provide in the spaces below the following information on the *other* action(s):

| Case Name: | Docket No. | Citation: | Court or Agency: |
|---|---|---|---|
| Name of Appellant: | | | |

| Date: 4/16/26 | Signature of Counsel of Record: /s/Alexander T. Taubes |
|---|---|

# NOTICE TO COUNSEL

**Once you have filed your Notice of Appeal with the District Court or the Tax Court, you have only 14 days in which to complete the following important steps:**

1.   Complete this Civil Appeal Pre-Argument Statement (Form C); serve it upon all parties, and file it with the Clerk of the Second Circuit in accordance with LR 25.1.
2.   File the Court of Appeals Transcript Information/Civil Appeal Form (Form D) with the Clerk of the Second Circuit in accordance with LR 25.1.
3.   Pay the $505 docketing fee to the United States District Court or the $500 docketing fee to the United States Tax Court unless you are authorized to prosecute the appeal without payment.

    **PLEASE NOTE:   IF YOU DO NOT COMPLY WITH THESE REQUIREMENTS WITHIN 14 DAYS, YOUR APPEAL WILL BE DISMISSED.**  *SEE* LOCAL RULE 12.1.

# UNITED STATES COURT OF APPEALS FOR THE SECOND CIRCUIT

## CIVIL APPEAL PRE-ARGUMENT STATEMENT (FORM C)

## ADDENDUM "A"

### Description of the Nature of the Action

This case sits at the intersection of Title IX, campus sexual-misconduct adjudication, and the due-process rights of accused male students—a set of questions that has sharply divided the federal courts since the 2011 Dear Colleague Letter and the #MeToo era. *See Doe v. Columbia Univ.*, 831 F.3d 46 (2d Cir. 2016); *Menaker v. Hofstra Univ.*, 935 F.3d 20 (2d Cir. 2019); *Vengalattore v. Cornell Univ.*, 36 F.4th 87 (2d Cir. 2022).

Plaintiff-Appellant Saifullah Khan is a Muslim, foreign-born former Yale undergraduate who, after being acquitted by a jury on every count of the criminal charges arising from his accuser's allegations, was nonetheless expelled by Yale through a Title IX hearing that the Connecticut Supreme Court later found so procedurally deficient that it could not support even quasi-judicial immunity for statements made in it. *Khan v. Yale Univ.*, 347 Conn. 1 (2023).

On December 13, 2019, Mr. Khan commenced this civil action in the United States District Court for the District of Connecticut against Yale University and several of its employees (the "Yale Defendants") and his former accuser, Jane Doe. He asserted claims against the Yale Defendants for gender-biased discipline in

violation of Title IX of the Education Amendments of 1972, 20 U.S.C. § 1681, breach of contract, breach of the implied covenant of good faith and fair dealing, negligent and intentional infliction of emotional distress, and invasion of privacy, and claims against Ms. Doe for defamation and tortious interference with business relationships. The case has been before this Court twice before on this docket: on the initial appeal in *Khan v. Yale University*, 27 F.4th 805 (2d Cir. 2022), in which the Court certified the question of quasi-judicial immunity to the Connecticut Supreme Court, and again in *Khan v. Yale University*, 85 F.4th 86 (2d Cir. 2023), which, following the Connecticut Supreme Court's answer, remanded with direction to deny Ms. Doe's motion to dismiss, with Mandate issuing on November 15, 2023. Mr. Khan also sought mandamus relief during the remand proceedings, challenging the court's non-disclosure orders; this Court denied the petition by unreported order, *In re Saifullah Khan*, No. 24-2794 (2d Cir. Nov. 15, 2024), with the express expectation "that the district court w[ould] consider any timely challenges to the magistrate judge's orders in an appropriately expeditious manner." *Id*. No ruling on those challenges ever issued. The action was instead dismissed as a sanction sixteen months later, before the pending objections were decided.

**The Result Below**

On March 27, 2026, following extensive pre-merits motion practice on remand, the District Court (Dooley, J.) dismissed the action in its entirety as a sanction under the court's inherent authority, Federal Rule of Civil Procedure 41(b), and Federal Rule of Civil Procedure 37(b). The District Court incorrectly found that Plaintiff had engaged in a pattern of litigation misconduct warranting dismissal with prejudice, including violations of the court's June 19, 2024 pseudonymity order, non-disclosure of a recording of the UWC hearing, alleged overproduction of purportedly irrelevant documents, allegedly inaccurate sworn interrogatory responses, and contested assertions of privilege. The court concluded that no lesser sanction was adequate and directed the Clerk to close the case. No trier of fact has ever heard Mr. Khan's Title IX or state-law claims on their merits.

**Notice of Appeal & District Court Docket Sheet**

Plaintiff-Appellant provides the Notice of Appeal and the District Court's docket sheet as Exhibits A and B, respectively.

**The March 27, 2026 Ruling**

Plaintiff-Appellant provides the March 27, 2026 Memorandum of Decision of the United States District Court for the District of Connecticut (Dooley, J.), granting Defendants' Motions to Dismiss [ECF Nos. 332, 333] and dismissing the action, as Exhibit C.

**UNITED STATES COURT OF APPEALS FOR THE SECOND CIRCUIT**

**CIVIL APPEAL PRE-ARGUMENT STATEMENT (FORM C)**

**ADDENDUM "B"**

**List of Proposed Issues and Applicable Standard of Review**

Issue 1:            Whether the June 19, 2024 pseudonymity order—as construed by the District Court to prohibit Plaintiff from publicly identifying his accuser on his personal social media about his own case, and as enforced by dismissal of his civil action—imposes an unconstitutional prior restraint on, and retaliatory sanction for, core protected speech about public judicial proceedings in violation of the First Amendment?

Standard of Review:  De novo. First Amendment questions are reviewed independently on appeal. In cases raising First Amendment issues, an appellate court has an obligation to "make an independent examination of the whole record" to "make sure that the judgment does not constitute a forbidden intrusion on the field of free expression." *Bose Corp. v. Consumers Union of U.S., Inc.*, 466 U.S.

485, 499 (1984). Any "prior restraint on expression comes to this Court with a 'heavy presumption' against its constitutional validity." *Organization for a Better Austin v. Keefe*, 402 U.S. 415, 419 (1971); *accord Metropolitan Opera Ass'n, Inc. v. Local 100, Hotel Emps. & Rest. Emps. Int'l Union*, 239 F.3d 172, 176 (2d Cir. 2001) (quoting *Keefe*).

Issue 2: Whether the District Court's conclusion that Plaintiff's social-media speech "violated" the June 19, 2024 pseudonymity order rests on an erroneous interpretation of that order as a matter of law?

Standard of Review: De novo as to the legal predicates, under a more exacting than ordinary abuse-of-discretion standard. A court order is "construed for enforcement purposes basically as a contract." *United States v. ITT Cont'l Baking Co.*, 420 U.S. 223, 238 (1975). The scope of such an order "must be discerned within its four corners" and the order "must be construed as it is written."

*United States v. Armour & Co.*, 402 U.S. 673, 682 (1971); *see also Hughes v. United States*, 342 U.S. 353, 356–58 (1952). Because that construction presents a question of law, this Court "review[s] a district court's interpretation of the terms of a consent decree de novo." *Perez v. Danbury Hosp.*, 347 F.3d 419, 423 (2d Cir. 2003); *accord Abbott Labs. v. TorPharm, Inc.*, 503 F.3d 1372, 1382 (Fed. Cir. 2007) ("[I]nterpretation of the terms of an injunction is a question of law we review de novo.").

Issue 3:    Whether the sanction of dismissal with prejudice comported with procedural due process, where the same District Court had previously denied two motions to dismiss premised on the same categories of conduct, and no new standard of sanctionable conduct was announced before dismissal?

Standard of Review:  De novo, with an independent obligation of appellate review. Whether a litigant has been afforded procedural

due process is a question of law, and the due process inquiry also triggers this Court's independent obligation to decide the constitutional question rather than defer to the trial court's characterization of what process was afforded. *See Miller v. Fenton*, 474 U.S. 104, 110 (1985) ("[T]he Court's confession cases hold that the ultimate issue of 'voluntariness' is a legal question requiring independent federal determination"; "our independent obligation to decide the constitutional question is identical"); *Watts v. Indiana*, 338 U.S. 49, 51 (1949) (opinion of Frankfurter, J.) ("Especially in cases arising under the Due Process Clause is it important to distinguish between issues of fact that are here foreclosed and issues which, though cast in the form of determinations of fact, are the very issues to review which this Court sits."); *Norris v. Alabama*, 294 U.S. 587, 589–90 (1935) ("That the question is one of fact does not relieve us of the duty to determine whether in truth a

federal right has been denied."). Even under an abuse of discretion review, an order resting on an erroneous legal determination of what process was due is by definition an abuse of discretion. *Zervos v. Verizon N.Y., Inc.*, 252 F.3d 163, 169 (2d Cir. 2001).

Issue 4: Whether the District Court erred in treating Plaintiff's assertions of attorney-client privilege and work-product protection as "specious" without application of the governing legal standards for those privileges?

Standard of Review: De novo as to the legal principles governing application of the attorney-client privilege and the work-product doctrine; clear error as to underlying factual findings. The attorney-client privilege protects "confidential communications between client and counsel made for the purpose of obtaining or providing legal assistance." *In re County of Erie*, 473 F.3d 413, 418 (2d Cir. 2007). Whether a particular communication meets that standard is a question of law

subject to plenary review; the burden of establishing the privilege rests with the party invoking it. *Id.*

Issue 5:

Whether, even assuming the predicate legal rulings stand, the District Court abused its discretion in dismissing this Title IX action with prejudice—before any merits adjudication—rather than imposing a lesser sanction, under the factors set forth in *Spencer v. Doe* and *S. New England Telephone*?

Standard of Review: Abuse of discretion, with embedded legal questions reviewed de novo and underlying factual findings reviewed for clear error. *Yukos Capital S.A.R.L. v. Feldman*, 977 F.3d 216, 234 (2d Cir. 2020); *S. New England Tel. Co. v. Global NAPs, Inc.*, 624 F.3d 123, 143–44 (2d Cir. 2010) (four-factor framework governing dismissal as a sanction); *Spencer v. Doe*, 139 F.3d 107, 112-113 (2d Cir. 1998).

Respectfully submitted,

PLAINTIFF-APPELLANT

Alexander T. Taubes, Esq.
TAUBES LAW
470 James Street, Suite 007
New Haven, CT 06513
Tel. 203-909-0048
Email: alextt@gmail.com

Attorney for Plaintiff-Appellant

# EXHIBIT A

## Notice of Appeal

*Filed April 1, 2026 (ECF No. 401)*

Khan v. Yale University, 2d Cir. (on appeal from 3:19-cv-01966-KAD)

**United States District Court for the District of Connecticut**
File Number 3:19-cv-01966-KAD

| | |
|---|---|
| Saifullah Khan, Plaintiff, <br><br> v. <br><br> Yale University, Peter Salovey, Jonathon Halloway, Marvin Chun, Joe Gordon, David Post, Mark Solomon, Ann Kuhlman, Lynn Cooley, Paul Genecin, Stephanie Spangler, Sarah Demers, Jane Doe, Carole Goldberg, Unknown Persons, <br> Defendants. | NOTICE OF APPEAL <br><br><br> April 1, 2026 |

     Notice is hereby given that Saifullah Khan, plaintiff in the above-named case, hereby appeals to the United States Court of Appeals for the Second Circuit from the final judgment entered in this action on the 30th day of March, 2026, ECF No. 400, and the order on the motion to dismiss on the 27th day of March, 2026, ECF No. 398.

                        Respectfully submitted,

                        /s/Alexander T. Taubes
                        Attorney for Plaintiff
                        470 James Street
                        Suite 007
                        New Haven, CT 06513
                        alextt@gmail.com
                        (203) 909-0048

# EXHIBIT B

District Court Docket Sheet

*Khan v. Yale University, No. 3:19-cv-01966-KAD (D. Conn.)*

Khan v. Yale University, 2d Cir. (on appeal from 3:19-cv-01966-KAD)

APPEAL,CLOSED,EFILE,MEG,MOTREF,REFDIS,STAYED

# U.S. District Court
## District of Connecticut (New Haven)
## CIVIL DOCKET FOR CASE #: 3:19-cv-01966-KAD

| | |
|---|---|
| Khan v. Yale University et al | Date Filed: 12/13/2019 |
| Assigned to: Judge Kari A. Dooley | Date Terminated: 03/30/2026 |
| Referred to: Judge Maria E. Garcia | Jury Demand: Plaintiff |
| Demand: $110,000,000 | Nature of Suit: 448 Civil Rights: Education |
| Cause: 42:1981 Civil Rights | Jurisdiction: Federal Question |

**Plaintiff**

| | | |
|---|---|---|
| **Saifullah Khan** | represented by | **Kevin Murray Smith** |

Pattis & Smith, LLC
383 Orange Street, First Floor
New Haven, CT 06511
203-393-3017
Fax: 203-393-9745
Email: kms@kevinsmithlaw.com
*TERMINATED: 07/12/2024*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Mario K. Cerame**
Aeton Law Partners
311 Centerpoint Drive
Middletown, CT 06457
860-724-2160
Fax: 860-724-2161
Email: mario@aetonlaw.com
*TERMINATED: 09/15/2025*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Norman A. Pattis**
Pattis & Paz, LLC
171 Orange Street
2nd Floor
New Haven, CT 06510
203-393-3017
Fax: 203-393-9745
Email: npattis@pattispazlaw.com
*TERMINATED: 07/12/2024*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Alexander T. Taubes**
Alexander T. Taubes
470 James Street
Suite 007
New Haven, CT 06513

203-909-0048
Email: alextt@gmail.com
*ATTORNEY TO BE NOTICED*

V.

**Defendant**

**Yale University**                        represented by  **Maria Laurato**
                                                          Carmody Torrance Sandak & Hennessey,
                                                          LLP
                                                          195 Church Street
                                                          P.O. Box 1950
                                                          New Haven, CT 06509
                                                          203-784-3157
                                                          Email: mlaurato@carmodylaw.com
                                                          *LEAD ATTORNEY*
                                                          *ATTORNEY TO BE NOTICED*

                                                          **Patrick M. Noonan**
                                                          Carmody Torrance Sandak & Hennessey
                                                          LLP
                                                          Concept Park
                                                          741 Boston Post Road
                                                          Ste 306
                                                          Guilford, CT 06437
                                                          203-458-9168
                                                          Fax: 203-458-4424
                                                          Email: pnoonan@carmodylaw.com
                                                          *LEAD ATTORNEY*
                                                          *ATTORNEY TO BE NOTICED*

                                                          **Giovanna T. Weller**
                                                          Carmody Torrance Sendak & Hennessey,
                                                          LLP - WTBY
                                                          50 Leavenworth St., PO Box 1110
                                                          Waterbury, CT 06721-1110
                                                          203-573-1200
                                                          Email: gweller@carmodylaw.com
                                                          *ATTORNEY TO BE NOTICED*

**Defendant**

**Peter Salovey**                          represented by  **Patrick M. Noonan**
                                                          (See above for address)
                                                          *LEAD ATTORNEY*
                                                          *ATTORNEY TO BE NOTICED*

                                                          **Giovanna T. Weller**
                                                          (See above for address)
                                                          *ATTORNEY TO BE NOTICED*

                                                          **Maria Laurato**
                                                          (See above for address)
                                                          *ATTORNEY TO BE NOTICED*

**Defendant**

**Jonathon Halloway**                                   represented by   **Patrick M. Noonan**
                                                                        (See above for address)
                                                                        *LEAD ATTORNEY*
                                                                        *ATTORNEY TO BE NOTICED*

                                                                        **Giovanna T. Weller**
                                                                        (See above for address)
                                                                        *ATTORNEY TO BE NOTICED*

                                                                        **Maria Laurato**
                                                                        (See above for address)
                                                                        *ATTORNEY TO BE NOTICED*

**Defendant**

**Marvin Chun**                                        represented by   **Patrick M. Noonan**
                                                                        (See above for address)
                                                                        *LEAD ATTORNEY*
                                                                        *ATTORNEY TO BE NOTICED*

                                                                        **Giovanna T. Weller**
                                                                        (See above for address)
                                                                        *ATTORNEY TO BE NOTICED*

                                                                        **Maria Laurato**
                                                                        (See above for address)
                                                                        *ATTORNEY TO BE NOTICED*

**Defendant**

**Joe Gordon**                                         represented by   **Patrick M. Noonan**
                                                                        (See above for address)
                                                                        *LEAD ATTORNEY*
                                                                        *ATTORNEY TO BE NOTICED*

                                                                        **Giovanna T. Weller**
                                                                        (See above for address)
                                                                        *ATTORNEY TO BE NOTICED*

                                                                        **Maria Laurato**
                                                                        (See above for address)
                                                                        *ATTORNEY TO BE NOTICED*

**Defendant**

**David Post**                                         represented by   **Patrick M. Noonan**
                                                                        (See above for address)
                                                                        *LEAD ATTORNEY*
                                                                        *ATTORNEY TO BE NOTICED*

                                                                        **Giovanna T. Weller**
                                                                        (See above for address)
                                                                        *ATTORNEY TO BE NOTICED*

                                                                        **Maria Laurato**

(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

**Mark Solomon**                    represented by  **Patrick M. Noonan**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Giovanna T. Weller**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Maria Laurato**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

**Ann Kuhlman**                    represented by  **Patrick M. Noonan**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Giovanna T. Weller**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Maria Laurato**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

**Lynn Cooley**                    represented by  **Patrick M. Noonan**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Giovanna T. Weller**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Maria Laurato**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

**Paul Genecin**                    represented by  **Patrick M. Noonan**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Giovanna T. Weller**
(See above for address)

*ATTORNEY TO BE NOTICED*

**Maria Laurato**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

**Stephanie Spangler**                    represented by   **Patrick M. Noonan**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Giovanna T. Weller**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Maria Laurato**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

**Sarah Demers**                    represented by   **Patrick M. Noonan**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Giovanna T. Weller**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Maria Laurato**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

**Jane Doe**                    represented by   **Brendan Gooley**
Carlton Fields
One State Street
Ste 1800
Hartford, CT 06103
860-392-5036
Email: bgooley@carltonfields.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**James M. Sconzo**
Carlton Fields, P.C.
One State Street
Suite 1800
Hartford, CT 06103
860-392-5022
Fax: 860-392-5058
Email: jsconzo@carltonfields.com

*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**

**Carole Goldberg**                                    represented by **Patrick M. Noonan**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Giovanna T. Weller**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Maria Laurato**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

**Unknown Persons**

| Date Filed | # | Docket Text |
|---|---|---|
| 12/13/2019 | 1 | COMPLAINT against All Defendants ( Filing fee $400 receipt number ACTDC-5590669.), filed by Saifullah Khan.(Pattis, Norman) (Entered: 12/13/2019) |
| 12/13/2019 |  | Request for Clerk to issue summons as to All Defendants. (Pattis, Norman) (Entered: 12/13/2019) |
| 12/13/2019 |  | Judge Alfred V. Covello added. (Walker, J.) (Entered: 12/13/2019) |
| 12/13/2019 | 2 | MOTION for Pemission to Litigate Against Jane Doe using a Pseudonym in Place of her Actual Name by Saifullah Khan.Responses due by 1/3/2020 (Pattis, Norman) Modified on 1/13/2020 (Gould, K.). (Entered: 12/13/2019) |
| 12/13/2019 | 3 | Order on Pretrial Deadlines: Amended Pleadings due by 2/11/2020. Discovery due by 6/13/2020. Dispositive Motions due by 7/18/2020.<br>Signed by Clerk on 12/13/2019.(Bozek, M.) (Entered: 12/16/2019) |
| 12/13/2019 | 4 | ELECTRONIC FILING ORDER FOR COUNSEL - PLEASE ENSURE COMPLIANCE WITH COURTESY COPY REQUIREMENTS IN THIS ORDER.<br>Signed by Judge Alfred V. Covello on 12/13/2019.(Bozek, M.) (Entered: 12/16/2019) |
| 12/16/2019 | 5 | NOTICE TO COUNSEL/SELF-REPRESENTED PARTIES : Counsel or self-represented parties initiating or removing this action are responsible for serving all parties with attached documents and copies of 2 MOTION for Pemission to Litigate Against Jane Doe using a Pseudonym in Place of her Actual Name filed by Saifullah Khan, 1 Complaint filed by Saifullah Khan, 4 Electronic Filing Order, and 3 Order on Pretrial Deadlines.<br>Signed by Clerk on 12/16/2019.(Bozek, M.) (Entered: 12/16/2019) |

| 12/16/2019 | 6 | ELECTRONIC SUMMONS ISSUED in accordance with Fed. R. Civ. P. 4 and LR 4 as to *Marvin Chun, Lynn Cooley, Sarah Demers, Jane Doe, Paul Genecin, Carole Goldberg, Joe Gordon, Jonathon Halloway, Ann Kuhlman, David Post, Peter Salovey, Mark Solomon, Stephanie Spangler, Unknown Persons, Yale University* with answer to complaint due within *21* days. Attorney *Norman A. Pattis* *The Pattis Law Firm, LLC* *383 Orange St., First Floor* *New Haven, CT 06511*. (Bozek, M.) (Entered: 12/16/2019) |
|---|---|---|
| 12/16/2019 | 7 | MOTION for Permission to Litigate Claims Against Jane Doe using a Pseudonym in Place of her Actual Name - EXHIBIT by Saifullah Khan re 2 MOTION for Pemission to Litigate Against Jane Doe using a Pseudonym in Place of her Actual Name . (Attachments: # 1 Exhibit, # 2 Exhibit, # 3 Exhibit)(Pattis, Norman) Modified on 12/18/2019 to change to motion event/relief (Bozek, M.). (Entered: 12/16/2019) |
| 12/18/2019 | 8 | WAIVER OF SERVICE Returned Executed as to Paul Genecin waiver sent on 12/18/2019, answer due 2/16/2020; David Post waiver sent on 12/18/2019, answer due 2/16/2020; Yale University waiver sent on 12/18/2019, answer due 2/16/2020; Sarah Demers waiver sent on 12/18/2019, answer due 2/16/2020; Joe Gordon waiver sent on 12/18/2019, answer due 2/16/2020; Peter Salovey waiver sent on 12/18/2019, answer due 2/16/2020; Ann Kuhlman waiver sent on 12/18/2019, answer due 2/16/2020; Stephanie Spangler waiver sent on 12/18/2019, answer due 2/16/2020; Carole Goldberg waiver sent on 12/18/2019, answer due 2/16/2020; Mark Solomon waiver sent on 12/18/2019, answer due 2/16/2020; Jonathon Halloway waiver sent on 12/18/2019, answer due 2/16/2020; Lynn Cooley waiver sent on 12/18/2019, answer due 2/16/2020; Marvin Chun waiver sent on 12/18/2019, answer due 2/16/2020 filed by Saifullah Khan. (Pattis, Norman) (Entered: 12/18/2019) |
| 01/02/2020 | 9 | Memorandum in Support re 2 MOTION for Pemission to Litigate Against Jane Doe using a Pseudonym in Place of her Actual Name , 7 MOTION to Proceed in Fictitious Name filed by Marvin Chun, Lynn Cooley, Sarah Demers, Paul Genecin, Carole Goldberg, Joe Gordon, Jonathon Halloway, Ann Kuhlman, David Post, Peter Salovey, Mark Solomon, Stephanie Spangler, Yale University. (Noonan, Patrick) (Entered: 01/02/2020) |
| 01/03/2020 | 10 | NOTICE of Appearance by Patrick M. Noonan on behalf of Marvin Chun, Lynn Cooley, Sarah Demers, Paul Genecin, Carole Goldberg, Joe Gordon, Jonathon Halloway, Ann Kuhlman, David Post, Peter Salovey, Mark Solomon, Stephanie Spangler, Yale University (Noonan, Patrick) (Entered: 01/03/2020) |
| 01/08/2020 | 11 | ORDER OF TRANSFER. Case reassigned to Judge Kari A. Dooley for all further proceedings. Signed by Judge Alfred V. Covello on 1/8/2020.(Bozek, M.) (Entered: 01/09/2020) |
| 01/10/2020 | 12 | ORDER granting 7 Motion for Permission to Litigate Claims Against Jane Doe Using a Pseudonym in Place of Her Actual Name without prejudice. Based upon consideration of the inherently sensitive and personal nature of the issues raised in this litigation, the parties' acknowledgment of the Defendant Yale University's applicable policies concerning confidentiality, the risk of harm and the absence of prejudice to the litigants, the lack of an alternative procedure for maintaining Jane Doe's confidentiality, and other relevant factors, *see Sealed Plaintiff v. Sealed Defendant*, 537 F.3d 185, 189-90 (2d Cir. 2008), the Court grants the motion to proceed by way of a pseudonym. The motion is granted without prejudice insofar as Jane Doe has not yet appeared in this action. Signed by Judge Kari A. Dooley on 1/10/2020. (Cahill, Leslie) (Entered: 01/10/2020) |
| 01/24/2020 | 13 | WAIVER OF SERVICE Returned Executed as to Jane Doe waiver sent on 1/9/2020, answer due 3/9/2020 filed by Saifullah Khan. (Pattis, Norman) (Entered: 01/24/2020) |

| 01/24/2020 | 14 | NOTICE of Appearance by James M. Sconzo on behalf of Jane Doe (Sconzo, James) (Entered: 01/24/2020) |
|---|---|---|
| 01/24/2020 | 15 | NOTICE of Appearance by Brendan Gooley on behalf of Jane Doe (Gooley, Brendan) (Entered: 01/24/2020) |
| 02/03/2020 | 16 | REPORT of Rule 26(f) Planning Meeting. (Noonan, Patrick) (Entered: 02/03/2020) |
| 02/05/2020 | 17 | Order on Pretrial Deadlines. The Court has reviewed the Parties' 16 Rule 26(f) Report. It is Approved, Adopted, and So Ordered, except that the Parties' Joint Trial Memorandum shall be filed in accordance with the deadlines and procedures set forth below. |
| | | Pursuant to Local Rule 16(b), the Court orders as follows: The Plaintiff shall move to amend the pleadings or move to join additional parties by **February 24, 2020.** The Defendants shall move to join additional parties by **February 24, 2020** and shall respond to the complaint by **March 24, 2020.** Discovery shall be completed by **February 26, 2021.** Dispositive motions, if any (see Local Rule 56(c)), shall be filed by **March 30, 2021.** The Joint Trial Memorandum shall comport with this Court's standing order, which will be separately docketed. The date for filing the Joint Trial Memorandum required by this Court's standing order shall be set by the Court after the close of discovery. |
| | | A telephonic status conference is scheduled for **March 5, 2021 at 10:00 A.M.** |
| | | Signed by Judge Kari A. Dooley on 2/5/2020. (Cahill, Leslie) (Entered: 02/05/2020) |
| 02/05/2020 | | Set Deadlines/Hearings: Motion to Amend Pleadings due by 2/24/2020. Discovery due by 2/26/2021. Dispositive Motions due by 3/30/2021. Telephonic Status Conference set for 3/5/2021 at 10:00 AM before Judge Kari A. Dooley. Answer Deadlines Updated for All Defendants. Responsive pleading due 3/24/2020. (Cahill, Leslie) (Entered: 02/05/2020) |
| 02/05/2020 | 18 | NOTICE OF E-FILED CALENDAR: THIS IS THE ONLY NOTICE COUNSEL/THE PARTIES WILL RECEIVE. Telephonic Status Conference set for 3/5/2021 at 10:00 AM before Judge Kari A. Dooley. Conference Line: (888) 278-0296; Access Code: 80-77-899. (Cahill, Leslie) (Entered: 02/05/2020) |
| 02/05/2020 | 19 | STANDING ORDER ON JOINT TRIAL MEMORANDUM attached. Signed by Judge Kari A. Dooley on 2/5/2020. (Cahill, Leslie) (Entered: 02/05/2020) |
| 03/04/2020 | 20 | NOTICE of Appearance by Kevin Murray Smith on behalf of Saifullah Khan (Smith, Kevin) (Entered: 03/04/2020) |
| 03/18/2020 | 21 | Consent MOTION for Extension of Time until April 7, 2020 to Respond to Plaintiff's Complaint by Jane Doe. (Gooley, Brendan) (Entered: 03/18/2020) |
| 03/18/2020 | 22 | ORDER granting 21 Motion for Extension of Time. Signed by Judge Kari A. Dooley on 3/18/2020. (Cahill, Leslie) (Entered: 03/18/2020) |
| 03/18/2020 | | Reset Answer Deadlines for all Defendants: Responsive Pleading due 4/7/2020 (Cahill, Leslie) (Entered: 03/18/2020) |
| 04/03/2020 | 23 | Second MOTION for Extension of Time until April 28, 2020 to Respond to Plaintiff's Complaint by Jane Doe. (Gooley, Brendan) (Entered: 04/03/2020) |

| 04/06/2020 | 24 | ORDER granting 23 Motion for Extension of Time. Signed by Judge Kari A. Dooley on 4/6/2020. (Cahill, Leslie) (Entered: 04/06/2020) |
| 04/06/2020 | | Reset Answer Deadlines for all Defendants: Responsive Pleading due 4/28/2020 (Cahill, Leslie) (Entered: 04/06/2020) |
| 04/24/2020 | 25 | ANSWER to 1 Complaint by Marvin Chun, Lynn Cooley, Sarah Demers, Paul Genecin, Carole Goldberg, Joe Gordon, Jonathon Halloway, Ann Kuhlman, David Post, Peter Salovey, Mark Solomon, Stephanie Spangler, Yale University.(Noonan, Patrick) (Entered: 04/24/2020) |
| 04/28/2020 | 26 | MOTION to Dismiss by Jane Doe.Responses due by 5/19/2020 (Sconzo, James) (Entered: 04/28/2020) |
| 04/28/2020 | 27 | Memorandum in Support re 26 MOTION to Dismiss filed by Jane Doe. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D, # 5 Exhibit E, # 6 Exhibit F, # 7 Exhibit G, # 8 Affidavit Declaration of Brendan Gooley)(Sconzo, James) (Entered: 04/28/2020) |
| 05/12/2020 | 28 | First MOTION for Extension of Time to File Response/Reply *Unopposed* as to 26 MOTION to Dismiss until June 2, 2020 by Saifullah Khan. (Pattis, Norman) (Entered: 05/12/2020) |
| 05/12/2020 | 29 | ORDER granting 28 Motion for Extension of Time to File Response/Reply. Plaintiff's response is due on or before 6/2/2020. Signed by Judge Kari A. Dooley on 5/12/2020. (Cahill, Leslie) (Entered: 05/12/2020) |
| 05/12/2020 | 30 | Reset Deadline as to 26 MOTION to Dismiss . Response due by 6/2/2020. (Gould, K.) (Entered: 05/13/2020) |
| 06/02/2020 | 31 | Memorandum in Opposition *To Jane Doe's* re 26 MOTION to Dismiss filed by Saifullah Khan. (Pattis, Norman) (Entered: 06/02/2020) |
| 06/11/2020 | 32 | MOTION for Extension of Time until June 23, 2020 to file a Reply Memorandum of Law in Further Support of Motion to Dismiss by Jane Doe. (Gooley, Brendan) (Entered: 06/11/2020) |
| 06/12/2020 | 33 | ORDER granting 32 Motion for Extension of Time. Defendant's reply brief is due on or before June 23, 2020. Signed by Judge Kari A. Dooley on 6/12/2020. (Cahill, Leslie) (Entered: 06/12/2020) |
| 06/22/2020 | 34 | MOTION for Extension of Time until June 30, 2020 to file a Reply Memorandum of Law in Further Support of Motion to Dismiss by Jane Doe. (Gooley, Brendan) (Entered: 06/22/2020) |
| 06/22/2020 | 35 | ORDER granting 34 Motion for Extension of Time. Defendant's reply brief is due on or before June 30, 2020. Signed by Judge Kari A. Dooley on 6/22/2020. (Cahill, Leslie) (Entered: 06/22/2020) |
| 06/30/2020 | 36 | REPLY to Response to 26 MOTION to Dismiss filed by Jane Doe. (Sconzo, James) (Entered: 06/30/2020) |
| 10/07/2020 | 37 | MOTION for Extension of Time until 11/06/20 Discovery by Marvin Chun, Lynn Cooley, Sarah Demers, Jane Doe, Paul Genecin, Carole Goldberg, Joe Gordon, Jonathon Halloway, Ann Kuhlman, David Post, Peter Salovey, Mark Solomon, Stephanie Spangler, Unknown Persons, Yale University. (Noonan, Patrick) (Entered: 10/07/2020) |
| 10/08/2020 | 38 | ORDER granting on consent 37 Motion for Extension of Time. Signed by Judge Kari A. Dooley on 10/8/2020. (Cahill, Leslie) (Entered: 10/08/2020) |

| 12/23/2020 | 39 | Joint MOTION for Extension of Time -- Modification of the Scheduling Order by Jane Doe. (Sconzo, James) (Entered: 12/23/2020) |
|---|---|---|
| 01/07/2021 | 40 | ORDER granting 26 Motion to Dismiss, for the reasons stated in the attached Memorandum of Decision. Signed by Judge Kari A. Dooley on 1/7/2021. (Cahill, Leslie) (Entered: 01/07/2021) |
| 01/07/2021 | 41 | ORDER. The parties shall appear for a telephonic scheduling conference to address their joint 39 motion to modify the Scheduling Order on 1/21/2021 at 10:00 A.M. Signed by Judge Kari A. Dooley on 1/7/2021. (Cahill, Leslie) (Entered: 01/07/2021) |
| 01/07/2021 | 42 | NOTICE OF E-FILED CALENDAR: THIS IS THE ONLY NOTICE COUNSEL/THE PARTIES WILL RECEIVE. Telephonic Scheduling Conference set for 1/21/2021 at 10:00 AM before Judge Kari A. Dooley. Conference Line: (888) 278-0296; Access Code: 80-77-899. (Cahill, Leslie) (Entered: 01/07/2021) |
| 01/14/2021 | 43 | NOTICE OF APPEAL as to 40 Order on Motion to Dismiss by Saifullah Khan. Filing fee $ 505, receipt number ACTDC-6328789. (Pattis, Norman) (Entered: 01/14/2021) |
| 01/15/2021 | 44 | CLERK'S CERTIFICATE RE: INDEX AND RECORD ON APPEAL re: 43 Notice of Appeal. The attached docket sheet is hereby certified as the entire Index/Record on Appeal in this matter and electronically sent to the Court of Appeals, with the exception of any manually filed documents as noted below. Robin D. Tabora, Clerk. Documents manually filed not included in this transmission: none (Fanelle, N.) (Entered: 01/15/2021) |
| 01/21/2021 | 45 | Minute Entry for proceedings held before Judge Kari A. Dooley: Telephonic Scheduling Conference held on 1/21/2021. Total Time: 17 minutes(Court Reporter Tracy Gow.) (Gould, K.) (Entered: 01/22/2021) |
| 01/26/2021 | 46 | MOTION for Entry of Judgment under Rule 54(b) *in accordance with the Court's order in Dkt. 40* by Saifullah Khan. (Pattis, Norman) (Entered: 01/26/2021) |
| 02/05/2021 | 47 | ORDER granting 46 Motion for Entry of Judgment under Rule 54(b) and staying proceedings pending resolution of the Plaintiff's appeal. See attached Order. The Clerk of the Court is directed to enter a Judgment, pursuant to Rule 54(b), in favor of the Defendant Jane Doe. Signed by Judge Kari A. Dooley on 2/5/2021. (Cahill, Leslie) (Entered: 02/05/2021) |
| 02/05/2021 | 48 | ORDER finding as moot 39 Motion for Extension of Time. Signed by Judge Kari A. Dooley on 2/5/2021. (Cahill, Leslie) (Entered: 02/05/2021) |
| 02/09/2021 | 49 | PARTIAL JUDGMENT entered in favor of Jane Doe against Saifullah Khan.<br><br>For Appeal Forms please go to the following website: http://www.ctd.uscourts.gov/forms/all-forms/appeals_forms Signed by Clerk on 2/09/2021.(Gould, K.) (Entered: 02/09/2021) |
| 02/10/2021 | 50 | CLERK'S CERTIFICATE RE: INDEX AND RECORD ON APPEAL re: 43 Notice of Appeal. The attached docket sheet is hereby certified as the entire Index/Record on Appeal in this matter and electronically sent to the Court of Appeals, with the exception of any manually filed documents as noted below. Robin D. Tabora, Clerk. Documents manually filed not included in this transmission: none (Fanelle, N.) (Entered: 02/10/2021) |
| 02/16/2021 | 51 | ORDER. In light of the stay of the proceedings pending resolution of the Plaintiff's appeal, the telephonic status conference scheduled for March 5, 2021 at 10:00 A.M. is canceled. Signed by Judge Kari A. Dooley on 2/16/2021. (Cahill, Leslie) (Entered: 02/16/2021) |

| 09/01/2021 | 52 | Joint STATUS REPORT by Yale University. (Noonan, Patrick) (Entered: 09/01/2021) |
|---|---|---|
| 12/01/2021 | 53 | Joint STATUS REPORT by Marvin Chun, Lynn Cooley, Sarah Demers, Paul Genecin, Carole Goldberg, Joe Gordon, Jonathon Halloway, Ann Kuhlman, David Post, Peter Salovey, Mark Solomon, Stephanie Spangler, Unknown Persons. (Noonan, Patrick) (Entered: 12/01/2021) |
| 03/01/2022 | 54 | Joint STATUS REPORT by Marvin Chun, Lynn Cooley, Sarah Demers, Paul Genecin, Carole Goldberg, Joe Gordon, Jonathon Halloway, Ann Kuhlman, David Post, Peter Salovey, Mark Solomon, Stephanie Spangler, Unknown Persons, Yale University. (Noonan, Patrick) (Entered: 03/01/2022) |
| 03/04/2022 | 55 | OPINION of USCA as to 43 Notice of Appeal filed by Saifullah Khan USCA Case Number 21-95. (Fanelle, N.) (Entered: 03/07/2022) |
| 03/11/2022 | 56 | Notice of Letter to Counsel, signed by Peter D. Keane, Assistant Clerk-Appellate of the State of Connecticut Supreme Appellate Court. (Freberg, B) (Entered: 03/11/2022) |
| 06/01/2022 | 57 | Joint STATUS REPORT by Marvin Chun, Lynn Cooley, Sarah Demers, Paul Genecin, Carole Goldberg, Joe Gordon, Jonathon Halloway, Ann Kuhlman, David Post, Peter Salovey, Mark Solomon, Stephanie Spangler, Unknown Persons, Yale University. (Noonan, Patrick) (Entered: 06/01/2022) |
| 08/30/2022 | 58 | Joint STATUS REPORT by Saifullah Khan. (Pattis, Norman) (Entered: 08/30/2022) |
| 12/14/2022 | 59 | Joint STATUS REPORT by Saifullah Khan. (Pattis, Norman) (Entered: 12/14/2022) |
| 02/22/2023 | 60 | Joint STATUS REPORT by Saifullah Khan. (Smith, Kevin) (Entered: 02/22/2023) |
| 05/16/2023 | 61 | Joint STATUS REPORT by Saifullah Khan. (Pattis, Norman) (Entered: 05/16/2023) |
| 08/04/2023 | 62 | STATUS REPORT by Saifullah Khan. (Pattis, Norman) (Entered: 08/04/2023) |
| 10/25/2023 | 63 | ORDER of USCA as to 43 Notice of Appeal filed by Saifullah Khan, USCA Case Number 21-95. (Fanelle, N.) (Entered: 10/31/2023) |
| 11/02/2023 | 64 | Joint STATUS REPORT by Jane Doe. (Gooley, Brendan) (Entered: 11/02/2023) |
| 11/15/2023 | 65 | MANDATE of USCA dated 11/15/2023, USDC Partial Judgment Affirmed in Part and Vacated in Part. Case is Remanded for further proceedings re: 43 Notice of Appeal filed by Saifullah Khan. (Attachments: # 1 Supporting Document)(Fanelle, N.) (Entered: 11/15/2023) |
| 11/16/2023 | 66 | ORDER. Per the parties' Status Report dated November 2, 2023 (ECF No. 64 ), the parties shall file an amended Rule 26(f) Report by December 1, 2023. Signed by Judge Kari A. Dooley on 11/16/2023. (Alquesta, Steven) (Entered: 11/16/2023) |
| 11/16/2023 | | Set Deadlines: Joint Status Report due by 12/1/2023. (Alquesta, Steven) (Entered: 11/16/2023) |
| 11/29/2023 | 67 | Joint REPORT of Rule 26(f) Planning Meeting. (Sconzo, James) (Entered: 11/29/2023) |
| 12/04/2023 | 68 | Order on Pretrial Deadlines. The Court has reviewed 67 , the parties' Rule 26(f) Report, and the parties held a Rule 16(b) Conference on November 14, 2023. The Rule 26(f) Report is Approved, Adopted, and So Ordered, except as set forth below.<br><br>Pursuant to Local Rule 16(b), the Court orders as follows: The Plaintiff shall move to amend the pleadings or move to join additional parties by **December 31, 2023**. The Defendants shall move to join additional parties by **January 31, 2024**. All discovery shall be concluded by **April 15, 2025**. Dispositive motions, if any (see Local Rule 56(c)), shall |

be filed by **June 15, 2025**. The Court will set a date for filing a joint trial memorandum after the close of discovery. The joint trial memorandum shall comport with this Court's standing order, which will be separately docketed.

Defendant Jane Doe's time constraints notwithstanding, the discovery deadline in this case is not likely to be further extended, absent unforeseen and extraordinary circumstances.

A telephonic status conference is scheduled for April 22, 2025 at 2:00 pm. A separate calendar shall be docketed.
Signed by Judge Kari A. Dooley on 12/4/2023. (Alquesta, Steven) (Entered: 12/04/2023)

| 12/04/2023 | | Set Deadlines/Hearings:<br>Motion to Amend Pleadings due by 12/31/2023;<br>Answer Deadline Updated for All Defendants. Responsive pleading due 1/31/2024;<br>Discovery due by 4/15/2025;<br>Dispositive Motions due by 6/15/2025;<br>Status Conference set for 4/22/2025 02:00 PM before Judge Kari A. Dooley. Telephonic Conference Line: 888-278-0296; Access Code: 80-77-899. (Alquesta, Steven) (Entered: 12/04/2023) |
|---|---|---|
| 12/11/2023 | 69 | Amended REPORT of Rule 26(f) Planning Meeting. (Pattis, Norman) (Entered: 12/11/2023) |
| 12/11/2023 | 70 | Joint MOTION for Revision of the Rule 26(f) Report of Parties' Planning Meeting Order by Jane Doe. (Gooley, Brendan) (Entered: 12/11/2023) |
| 12/13/2023 | 71 | AMENDED SCHEDULING ORDER re 70 , Joint MOTION for Revision of the Rule 26(f) Report. Initial Disclosures shall be exchanged on **February 1, 2024**. To the extent that Plaintiff's written discovery requests seek material duplicative of the initial disclosures, Defendants may indicate as much in its responses and need not reproduce any such materials. Plaintiff shall be allowed until **February 8, 2024** to file motions to join additional parties and/or motions to amend the complaint. Defendants shall be allowed until **March 8, 2024** to file motions to join additional parties or to file a response to the operative complaint. Plaintiff's request for permission to notice 20 depositions is DENIED without prejudice. If, following written discovery, the Plaintiff is able to identify more than 10 individuals whose deposition he believes are appropriately noticed, he may renew his request. Defendants may renew any objection as well. All other deadlines previously set remain. Signed by Judge Kari A. Dooley on 12/13/2023. (Alquesta, Steven) Modified on 12/13/2023 (Gould, K.). (Entered: 12/13/2023) |
| 12/13/2023 | | Set Deadlines/Hearings:<br>Amended Pleadings due by 2/8/2024;<br>Answer Deadline Updated for All Defendants. Responsive pleading due 3/8/2024;<br>Discovery due by 4/15/2025;<br>Dispositive Motions due by 6/15/2025;<br>Status Conference set for 4/22/2025 02:00 PM before Judge Kari A. Dooley. Telephonic Conference Line: 888-278-0296; Access Code: 80-77-899. (Alquesta, Steven) (Entered: 12/13/2023) |
| 12/20/2023 | 72 | NOTICE of Appearance by Giovanna T. Weller on behalf of Yale University (Weller, Giovanna) (Entered: 12/20/2023) |
| 12/27/2023 | 73 | MOTION to Seal Emergency Motion for Judgment of Dismissal by Jane Doe. (Gooley, Brendan) (Entered: 12/27/2023) |

| 12/27/2023 | 74 | SEALED MOTION Emergency Motion for Judgment of Dismissal by Jane Doe. (Gooley, Brendan) (Entered: 12/27/2023) |
|---|---|---|
| 12/27/2023 | 75 | Sealed Document: Memorandum of Law In Support of Emergency Motion for Judgment of Dismissal by Jane Doe re 74 SEALED MOTION Emergency Motion for Judgment of Dismissal . (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D, # 5 Exhibit E, # 6 Exhibit F, # 7 Exhibit G, # 8 Exhibit H, # 9 Exhibit I, # 10 Exhibit J) (Gooley, Brendan) (Entered: 12/27/2023) |
| 12/28/2023 | 76 | ORDER re 74 Emergency Motion for Judgment of Dismissal. The Court will not take up the 74 motion to dismiss on an emergency basis. Plaintiff's opposition to the motion is due on or before January 17, 2024.<br>Signed by Judge Kari A. Dooley on 12/28/2023. (Alquesta, Steven) (Entered: 12/28/2023) |
| 01/16/2024 | 77 | Sealed Document: Mr. Khan's Objection to Emergency Motion for Judgment of Dismissal by Saifullah Khan . (Pattis, Norman) (Entered: 01/16/2024) |
| 01/30/2024 | 78 | MOTION to Seal Reply in Further Support of Motion for Judgment of Dismissal by Jane Doe. (Gooley, Brendan) (Entered: 01/30/2024) |
| 01/30/2024 | 79 | Sealed Document: Reply in Further Support of Motion for Judgment of Dismissal by Jane Doe . (Attachments: # 1 Exhibit K (Sealed), # 2 Exhibit L (Sealed), # 3 Exhibit M (Sealed))(Gooley, Brendan) (Entered: 01/30/2024) |
| 03/04/2024 | 80 | MOTION to Seal Memorandum of Law in Support of Motion for Protective Order by Jane Doe. (Gooley, Brendan) (Entered: 03/04/2024) |
| 03/04/2024 | 81 | MOTION for Protective Order *(Redacted)* by Jane Doe.Responses due by 3/25/2024 (Attachments: # 1 Memorandum in Support Redacted, # 2 Exhibit A, # 3 Exhibit B) (Gooley, Brendan) (Entered: 03/04/2024) |
| 03/04/2024 | 82 | SEALED MOTION *for a* Protective Order by Jane Doe. (Attachments: # 1 Memorandum in Support, # 2 Exhibit A, # 3 Exhibit B)(Gooley, Brendan) (Entered: 03/04/2024) |
| 03/05/2024 | 83 | Consent MOTION for Extension of Time until 30 days after Decision on Jane Doe's Motion for Judgment of Dismissal or 60 days from current deadline of 3.8.2024 by Jane Doe. (Gooley, Brendan) (Entered: 03/05/2024) |
| 03/06/2024 | 84 | SCHEDULING ORDER. Oral argument on 74 Defendant Doe's Motion for Judgment of Dismissal shall be heard on March 18, 2024, at 10:00 AM. Plaintiff shall personally appear at oral argument. The Court will also address Defendant Doe's 83 Motion for Extension of Time. A calendar entry with further details will be separately docketed. Signed by Judge Kari A. Dooley on 3/6/2024. (Alquesta, S) (Entered: 03/06/2024) |
| 03/06/2024 | 85 | NOTICE OF E-FILED CALENDAR: THIS IS THE ONLY NOTICE COUNSEL/THE PARTIES WILL RECEIVE. ALL PERSONS ENTERING THE COURTHOUSE MUST PRESENT PHOTO IDENTIFICATION. Oral Argument on 74 Defendant Doe's Motion for Judgment of Dismissal set for March 18, 2024, at 10:00 AM in Courtroom Two, 915 Lafayette Blvd., Bridgeport, CT before Judge Kari A. Dooley. (Alquesta, S) (Entered: 03/06/2024) |
| 03/08/2024 | 86 | First MOTION to Amend/Correct 25 Answer to Complaint, *to Add Affirmative Defenses* by Yale University.Responses due by 3/29/2024 (Attachments: # 1 Memorandum in Support, # 2 Exhibit A, # 3 Exhibit B)(Noonan, Patrick) (Entered: 03/08/2024) |
| 03/15/2024 | 87 | MOTION to Seal Proposed Sur-Reply and Exhibits by Jane Doe. (Gooley, Brendan) (Entered: 03/15/2024) |

| 03/15/2024 | 88 | SEALED MOTION Motion for Sur-Reply and Exhibits by Jane Doe. (Attachments: # 1 Exhibit A, # 2 Exhibit N, # 3 Exhibit O, # 4 Exhibit P, # 5 Exhibit Q)(Gooley, Brendan) (Entered: 03/15/2024) |
|---|---|---|
| 03/15/2024 | 89 | MOTION to Vacate *Order Treating Jane Doe Pesudonyously* by Saifullah Khan. (Pattis, Norman) (Entered: 03/15/2024) |
| 03/15/2024 | 90 | OBJECTION *to Jane Doe's Motion for a Protective Order* filed by Saifullah Khan. (Pattis, Norman) (Entered: 03/15/2024) |
| 03/18/2024 | 91 | Minute Entry. Proceedings held before Judge Kari A. Dooley: denying 74 Sealed Motion; Motion Hearing held on 3/18/2024 re 74 SEALED MOTION Emergency Motion for Judgment of Dismissal filed by Jane Doe. As ordered on the record, the Plaintiff shall not identify Jane Doe in any social media communication or elsewhere and he shall remove his posts that reference her identification. 38 minutes(Court Reporter Tracy Gow.) (Gould, K.) Modified docket text on 3/19/2024 (Pesta, J.). (Entered: 03/18/2024) |
| 03/18/2024 | 92 | ORDER REFERRING CASE to Magistrate Judge Maria E. Garcia for ruling on motions 82 SEALED MOTION *for a* Protective Order, 89 MOTION to Vacate *Order Treating Jane Doe Pesudonyously*, 81 MOTION for Protective Order *(Redacted)*.<br>Signed by Judge Kari A. Dooley on 3/18/2024. Motion referred to Magistrate Judge Maria E. Garcia. (Gould, K.) (Entered: 03/18/2024) |
| 03/18/2024 | 93 | ORDER GRANTING 73 Motion to Seal; granting 78 Motion to Seal; granting 80 Motion to Seal; granting 73 MOTION to Seal Emergency Motion for Judgment of Dismissal, 78 MOTION to Seal Reply in Further Support of Motion for Judgment of Dismissal, 80 MOTION to Seal Memorandum of Law in Support of Motion for Protective Order, 87 MOTION to Seal Proposed Sur-Reply and Exhibits ; granting 87 Motion to Seal. The Court finds a clear and compelling reason for sealing as the filings contain privileged and confidential information. The Court further finds that the proposed sealing is narrowly tailored to address this privacy concern.<br>GRANTING 83 Consent MOTION for Extension of Time until 30 days after Decision on Jane Doe's Motion for Judgment of Dismissal or 60 days from current deadline of 3.8.2024, Defendant's shall respond to Plaintiff's complaint on or before **May 7, 2024.** Signed by Judge Kari A. Dooley on 3/18/2024. (Gould, K.) (Entered: 03/18/2024) |
| 03/26/2024 | 94 | TRANSCRIPT of Proceedings: Type of Hearing: Motion Hearing. Held on March 18, 2024 before Judge Kari A. Dooley. Court Reporter: Tracy Gow. **IMPORTANT NOTICE - REDACTION OF TRANSCRIPTS:** To remove personal identifier information from the transcript, a party must electronically file a Notice of Intent to Request Redaction with the Clerk's Office within seven (7) calendar days of this date. If no such Notice is filed, the court will assume redaction of personal identifiers is not necessary and the transcript will be made available through PACER without redaction 90 days from today's date. The transcript may be viewed at the court public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. The policy governing the redaction of personal information is located on the court website at www.ctd.uscourts.gov. Redaction Request due 4/16/2024. Redacted Transcript Deadline set for 4/26/2024. Release of Transcript Restriction set for 6/24/2024. (Gow, T.) (Entered: 03/26/2024) |
| 03/29/2024 | 95 | MOTION to Seal Reply in Further Support of Motion for Protective Order by Jane Doe. (Gooley, Brendan) (Entered: 03/29/2024) |
| 03/29/2024 | 96 | SEALED MOTION Reply in Further Support of Motion for a Protective Order by Jane Doe. (Attachments: # 1 Exhibit A)(Gooley, Brendan) (Entered: 03/29/2024) |

| 04/01/2024 | 97 | MOTION for Extension of Time until October 15, 2024 Complete discovery & depositions by Saifullah Khan. (Pattis, Norman) (Entered: 04/01/2024) |
|---|---|---|
| 04/01/2024 | 98 | NOTICE of Appearance by Alexander T. Taubes on behalf of Saifullah Khan (Taubes, Alexander) (Entered: 04/01/2024) |
| 04/01/2024 | 99 | ORDER Denying without prejudice 97 Motion for Extension of Time for failure to comply with Local Rule 7(b). Signed by Judge Kari A. Dooley on 4/1/2024. (Alquesta, S) (Entered: 04/01/2024) |
| 04/05/2024 | 100 | MOTION for Extension of Time until 10/15/2024*(Motion to Modify Scheduling Order)* Complete discovery & depositions by Saifullah Khan. (Pattis, Norman) (Entered: 04/05/2024) |
| 04/05/2024 | 101 | MOTION to Seal Motion to Continue Anonymity by Jane Doe. (Gooley, Brendan) (Entered: 04/05/2024) |
| 04/05/2024 | 102 | Memorandum in Opposition re 89 MOTION to Vacate *Order Treating Jane Doe Pesudonyously* filed by Marvin Chun, Lynn Cooley, Sarah Demers, Paul Genecin, Carole Goldberg, Joe Gordon, Jonathon Halloway, Ann Kuhlman, Peter Salovey, Mark Solomon, Stephanie Spangler, Yale University. (Weller, Giovanna) (Entered: 04/05/2024) |
| 04/05/2024 | 103 | SEALED MOTION TO CONTINUE ANONYMITY by Jane Doe. (Attachments: # 1 Memorandum in Support, # 2 Exhibit A, # 3 Exhibit B, # 4 Exhibit C, # 5 Exhibit D, # 6 Exhibit E, # 7 Exhibit F, # 8 Exhibit G, # 9 Exhibit H)(Gooley, Brendan) (Entered: 04/05/2024) |
| 04/05/2024 | 104 | OBJECTION re 89 MOTION to Vacate *Order Treating Jane Doe Pesudonyously* filed by Jane Doe. (Gooley, Brendan) (Entered: 04/05/2024) |
| 04/05/2024 | 105 | MOTION for Extension of Time until 10/15/2025*REVISED (Motion to Modify Scheduling Order)* Complete discovery & depositions by Saifullah Khan. (Pattis, Norman) (Entered: 04/05/2024) |
| 04/11/2024 | 106 | ORDER granting 86 Motion to Amend/Correct. Absent objection, Defendant Yale Universitys motion to amend its answer to add affirmative defenses is granted. Defendant Yale University shall docket the amended answer attached as Exhibit B therein, ECF No. 86-3, as a new docket entry. Signed by Judge Kari A. Dooley on 4/11/2024. (Alquesta, S) (Entered: 04/11/2024) |
| 04/12/2024 | 107 | *AMENDED* ANSWER to 1 Complaint with Affirmative Defenses by Yale University. (Weller, Giovanna) (Entered: 04/12/2024) |
| 04/12/2024 | 108 | ORDER REFERRING CASE to Magistrate Judge Maria E. Garcia for rulings on motions including 88 SEALED MOTION Motion for Sur-Reply and Exhibits, 82 SEALED MOTION *for a* Protective Order, 89 MOTION to Vacate *Order Treating Jane Doe Pesudonyously*, 96 SEALED MOTION Reply in Further Support of Motion for a Protective Order, 81 MOTION for Protective Order *(Redacted)*, 95 MOTION to Seal Reply in Further Support of Motion for Protective Order.<br>Signed by Judge Kari A. Dooley on 4/12/2024. Motions referred to Magistrate Judge Maria E. Garcia.(Gould, K.) (Entered: 04/12/2024) |
| 05/07/2024 | 109 | ANSWER to 1 Complaint with Affirmative Defenses by Jane Doe.(Gooley, Brendan) (Entered: 05/07/2024) |
| 05/13/2024 | 110 | ORDER REFERRING CASE to Magistrate Judge Maria E. Garcia for case management and pretrial non dispositive matters including 88 SEALED MOTION Motion for Sur-Reply and Exhibits, 103 SEALED MOTION TO CONTINUE ANONYMITY, 82 SEALED MOTION *for a* Protective Order, 89 MOTION to Vacate *Order Treating Jane* |

*Doe Pesudonyously*, [100] MOTION for Extension of Time until 10/15/2024*(Motion to Modify Scheduling Order)* Complete discovery & depositions, [105] MOTION for Extension of Time until 10/15/2025*REVISED (Motion to Modify Scheduling Order)* Complete discovery & depositions, [96] SEALED MOTION Reply in Further Support of Motion for a Protective Order, [81] MOTION for Protective Order *(Redacted)*, [95] MOTION to Seal Reply in Further Support of Motion for Protective Order, [101] MOTION to Seal Motion to Continue Anonymity.
Signed by Judge Kari A. Dooley on 5/13/2024. Motions and case management referred to Magistrate Judge Maria E. Garcia.(Gould, K.) (Entered: 05/13/2024)

| 05/14/2024 | 111 | ORDER re: 110 Referral Order and for Chamber's Copies.<br>The parties will provide two (2) tabbed binders with copies of all of the referred motions and responses, printed from CMecf, within seven (7) days.<br>Signed by Judge Maria E. Garcia on 5/14/24. (Esposito, A.) (Entered: 05/14/2024) |
| --- | --- | --- |
| 06/11/2024 | 112 | NOTICE OF E-FILED CALENDAR: THIS IS THE ONLY NOTICE COUNSEL/THE PARTIES WILL RECEIVE. ALL PERSONS ENTERING THE COURTHOUSE MUST PRESENT PHOTO IDENTIFICATION. In-person Status Conference re: all pending motions set for **6/20/2024 at 11:00 AM** in Courtroom Four, 141 Church Street, New Haven, CT before Judge Maria E. Garcia. (Lee, E) (Entered: 06/11/2024) |
| 06/14/2024 | 113 | MOTION to Seal Motion for Sur-Reply in Further Support of Motion for a Protective Order by Jane Doe. Motions referred to Maria E. Garcia(Gooley, Brendan) (Entered: 06/14/2024) |
| 06/14/2024 | 114 | SEALED MOTION for Sur-Reply in Further Support of Motion for a Protective Order by Jane Doe. (Attachments: # 1 Exhibit A, # 2 Exhibit 1, # 3 Exhibit 2, # 4 Exhibit 3)Motions referred to Maria E. Garcia(Gooley, Brendan) (Entered: 06/14/2024) |
| 06/18/2024 | 115 | ORDER finding as moot 88 Sealed Motion.<br>Jane Doe filed an Emergency Motion for Judgment of Dismissal under seal on December 27, 2023. *See* ECF No. 74 . On March 6, 2024once the motion was fully briefedJudge Dooley scheduled oral argument for March 18, 2024. *See* ECF No. 84. Three days before the hearing, Jane Doe filed a Motion to File a Sur-Reply, attaching exhibits under seal. While Judge Dooley did not rule on the motion itself, she and counsel discussed at length Plaintiff's social media posts, including those that were submitted as exhibits to the Sur-Reply. *See* ECF No. 94 at 5:425, 8:249:19, 14:419:5, 23:1325:20. Judge Dooley ultimately denied the motion on the grounds that Khan did not violate a court order, because no party had previously sought and obtained a protective order preventing public disclosure. *See id*. Because the topics raised in the Sur-Reply were discussed during the hearing and the Court denied the motion on independent grounds, the Court finds this motion to be MOOT.<br>Signed by Judge Maria E. Garcia on 6/18/2024. (Cabral, D) (Entered: 06/18/2024) |
| 06/18/2024 | 116 | ORDER terminating 96 Sealed Motion.<br>Jane Doe's counsel moved to seal her Reply in Further Support of Motion for a Protective Order at ECF No. 95 but then filed the Reply as a Sealed Motion rather than filing the Reply under seal (the latter of which is permitted by Local Rule 5(e)4). Accordingly, the Court terminates the motion and construes it as a Reply.<br>Signed by Judge Maria E. Garcia on 6/18/2024. (Cabral, D) (Entered: 06/18/2024) |
| 06/18/2024 | 117 | ORDER granting 95 Motion to Seal Reply in Further Support of Motion for Protective Order by Jane Doe; granting 101 Motion to Seal Motion to Continue Anonymity by Jane Doe; and granting 113 Motion to Seal Motion for Sur-Reply in Further Support of Motion for a Prostective Order; for the same reasons stated in Judge Dooley's previous ruling on motions to seal, at ECF No. 93 : "The Court finds a clear and compelling reason for sealing as the filings contain privileged and confidential information. The Court further |

| | | |
|---|---|---|
| | | finds that the proposed sealing is narrowly tailored to address this privacy concern." It is so ordered.<br>Signed by Judge Maria E. Garcia on 6/18/2024. (Cabral, D) (Entered: 06/18/2024) |
| 06/18/2024 | 118 | ORDER granting 114 Sealed Motion for Sur-Reply in Further Support of Motion for a Protective Order by Jane Doe for good cause shown. *See* D. Conn. L. Civ. R. 7(d) ("No sur-replies may be filed without permission of the Court, which may, in its discretion, grant permission upon a showing of good cause.") Signed by Judge Maria E. Garcia on 6/18/2024. (Cabral, D) (Entered: 06/18/2024) |
| 06/19/2024 | 119 | RULING and ORDER denying 89 Plaintiff's Motion to Vacate [the Court's] Order Treating Jane Doe Pseudonymously and granting 103 Jane Doe's Motion to Continue Anonymity.<br>The parties will be prepared to address the remaining pending motions at oral argument on June 20, 2024.<br>Signed by Judge Maria E. Garcia on 6/19/2024. (Esposito, A.) (Entered: 06/19/2024) |
| 06/20/2024 | 120 | Minute Entry. Proceedings held before Judge Maria E. Garcia: taking under advisement 81 Motion for Protective Order; taking under advisement 82 Sealed Motion; taking under advisement 100 Motion for Extension of Time and taking under advisement 105 Motion for Extension of Time. In-person status conference and oral argument held on 6/20/2024 re Motions 81 , 82 , 100 , and 105 . 49 minutes (Court Reporter CourtSmart.) (Langello, N) (Entered: 06/20/2024) |
| 06/21/2024 | 121 | ORDER taking under advisement 81 Motion for Protective Order; taking under advisement 82 Sealed Motion for Protective Order; denying without prejudice 100 Motion for Extension of Time to October 15, 2024 ; denying without prejudice 105 Motion for Extension of Time to October 15, 2025 to complete discovery and depositions (Revised).<br><br>ORDER.<br>As stated on the record during oral argument on June 20, 2024, Plaintiff's Motions to Modify the Scheduling Order are denied without prejudice to refiling after the parties' meet and confer conferences. ECF Nos. 100, 105. Plaintiff is advised that any future request to modify the current scheduling order should include interim deadlines and comply with Local Rule 7. *See* D. Conn. L. Civ. R. 7(b)(1) ("All motions for extensions of time must be decided by a Judge and will not be granted except for good cause. The good cause standard requires a particularized showing that the time limitation in question cannot reasonably be met despite the diligence of the party seeking the extension.").<br><br>Defendant Jane Doe's Motions for Protective Order are taken under advisement. ECF Nos. 81, 82. The parties will meet and confer on the contours of a protective order and file a Joint Status Report with proposed language by June 27, 2024.<br><br>Signed by Judge Maria E. Garcia on 9/21/2024. (Esposito, A.) (Entered: 06/21/2024) |
| 06/24/2024 | 122 | MOTION to Seal Second Emergency Motion to Dismiss by Jane Doe. Motions referred to Maria E. Garcia(Gooley, Brendan) (Entered: 06/24/2024) |
| 06/24/2024 | 123 | SEALED MOTION Second Emergency Motion for Judgment of Dismissal by Jane Doe. (Attachments: # 1 Memorandum in Support, # 2 Exhibit A)Motions referred to Maria E. Garcia(Gooley, Brendan) (Entered: 06/24/2024) |
| 06/25/2024 | 124 | ORDER re 123 Second Emergency Motion for Judgment of Dismissal filed by Jane Doe (Sealed).<br>Plaintiff's response is due by the close of business July 1, 2024.<br>Oral argument is scheduled for July 3, 2024 at 1:30 PM. Plaintiff shall be present at the |

| | | |
|---|---|---|
| | | hearing.<br>Signed by Judge Maria E. Garcia on 6/25/24. (Esposito, A.) (Entered: 06/25/2024) |
| 06/25/2024 | 125 | NOTICE OF E-FILED CALENDAR: THIS IS THE ONLY NOTICE COUNSEL/THE PARTIES WILL RECEIVE. ALL PERSONS ENTERING THE COURTHOUSE MUST PRESENT PHOTO IDENTIFICATION.<br>ORDER re: 123 Second Emergency Motion for Judgement of Dismissal by Jane Doe (Sealed). A hearing is scheduled for 7/3/2024 at 01:30 PM in Courtroom Four, 141 Church Street, New Haven, CT before Judge Maria E. Garcia. Plaintiff shall be present at the hearing. (Esposito, A.) (Entered: 06/25/2024) |
| 06/26/2024 | 126 | NOTICE of Appearance by Maria Laurato on behalf of Yale University (Laurato, Maria) (Entered: 06/26/2024) |
| 06/27/2024 | 127 | NOTICE of Appearance by Mario K. Cerame on behalf of Saifullah Khan *filing as additional counsel, particularly as concerns free speech interests* (Cerame, Mario) (Entered: 06/27/2024) |
| 06/27/2024 | 128 | Consent MOTION for Extension of Time until July 8, 2024 to Submit Joint Status Report by Jane Doe. Motions referred to Maria E. Garcia(Gooley, Brendan) (Entered: 06/27/2024) |
| 06/28/2024 | 129 | ORDER granting 128 Consent Motion for Extension of Time until July 8, 2024 to Submit Joint Status Report. Signed by Judge Maria E. Garcia on 6/28/24. (Esposito, A.) (Entered: 06/28/2024) |
| 06/28/2024 | 130 | Emergency MOTION to Dismiss *Plaintiff's Complaint* by Marvin Chun, Lynn Cooley, Sarah Demers, Paul Genecin, Carole Goldberg, Joe Gordon, Jonathon Halloway, Ann Kuhlman, David Post, Peter Salovey, Mark Solomon, Stephanie Spangler, Yale University.Responses due by 7/19/2024 (Attachments: # 1 Memorandum in Support) (Noonan, Patrick) (Entered: 06/28/2024) |
| 06/28/2024 | 131 | MOTION for Extension of Time until ten days*to file an* Objection to Motion to Dismiss or Other Sanction 119 Order on Motion to Vacate,, Order on Sealed Motion, by Saifullah Khan. (Attachments: # 1 Exhibit correspondence with court, # 2 Exhibit correspondence with counsel)Motions referred to Maria E. Garcia(Cerame, Mario) (Entered: 06/28/2024) |
| 06/28/2024 | 132 | MOTION for *Order to the clerk to grant* access to any sealed documents in this case that are necessary to represent the Plaintiff Order by Saifullah Khan. (Attachments: # 1 correspondence with court)Motions referred to Maria E. Garcia(Cerame, Mario) (Entered: 06/28/2024) |
| 06/28/2024 | 133 | MOTION to Seal Objection to Plaintiff's Motion for Extension of Time by Jane Doe. Motions referred to Maria E. Garcia(Gooley, Brendan) (Entered: 06/28/2024) |
| 06/28/2024 | 134 | NOTICE of Appearance by Giovanna T. Weller on behalf of Marvin Chun, Lynn Cooley, Sarah Demers, Paul Genecin, Carole Goldberg, Joe Gordon, Jonathon Halloway, Ann Kuhlman, David Post, Peter Salovey, Mark Solomon, Stephanie Spangler (Weller, Giovanna) (Entered: 06/28/2024) |
| 06/28/2024 | 135 | NOTICE of Appearance by Maria Laurato on behalf of Marvin Chun, Lynn Cooley, Sarah Demers, Paul Genecin, Carole Goldberg, Joe Gordon, Jonathon Halloway, Ann Kuhlman, David Post, Peter Salovey, Mark Solomon, Stephanie Spangler (Laurato, Maria) (Entered: 06/28/2024) |
| 06/28/2024 | 136 | ORDER granting in part and denying in part 131 Motion for Extension of Time to respond to Defendant Jane Doe's Second Emergency Motion for Entry of Judgment of Dismissal. ECF No. 123 (filed June 24, 2024). Plaintiff's request for an additional ten days to file a response is denied. Good cause has not been shown given the issues set forth in |

the emergency motion and the Court's ability to hold an emergency hearing. Plaintiff is represented by four capable attorneys. The appearance yesterday by the fourth attorney does not establish good cause for a ten day extension. Accordingly, absent consent and good cause, this request for an additional ten days to respond to Doe's Second Emergency Motion for Entry of Judgment of Dismissal is denied.

The request for more time is granted in part. Plaintiff's response is due by 11:59 PM on Monday, July 1, 2024.

Signed by Judge Maria E. Garcia on 6/28/2024. (Cabral, D) (Entered: 06/28/2024)

| 06/28/2024 | 137 | MOTION for Reconsideration re 136 Order on Motion for Extension of Time,,,, *and to preserve the record as to relevant facts for later review* by Saifullah Khan. Motions referred to Maria E. Garcia(Cerame, Mario) (Entered: 06/28/2024) |
|---|---|---|
| 06/28/2024 | 138 | OBJECTION re 133 MOTION to Seal Objection to Plaintiff's Motion for Extension of Time filed by Saifullah Khan. (Cerame, Mario) (Entered: 06/28/2024) |
| 06/28/2024 | 139 | MOTION to Seal Objection to Plaintiff's Motion for Reconsideration by Jane Doe. Motions referred to Maria E. Garcia(Gooley, Brendan) (Entered: 06/28/2024) |
| 06/28/2024 | 140 | Sealed Document: Objection to Plaintiff's Motion for Reconsideration by Jane Doe . (Attachments: # 1 Exhibit A)(Gooley, Brendan) (Entered: 06/28/2024) |
| 06/29/2024 | 141 | ORDER finding as moot 133 Defendant Jane Doe's Motion to Seal Objection to Plaintiff's Motion for Extension of Time in light of the Court's ruling [ECF No. 136] granting in part and denying in part Plaintiffs Motion for Extension of Time *before* Doe filed an objection.. Signed by Judge Maria E. Garcia on 6/29/24. (Esposito, A.) (Entered: 06/29/2024) |
| 06/29/2024 | 142 | VACATED: ORDER granting 123 Defendant Jane Doe's Motion to Seal Second Emergency Motion to Dismiss by Jane Doe (ECF No. 123 (SEALED)); granting 139 Defendant Jane Doe's Motion to Seal Objection to Plaintiff's Motion for Reconsideration (ECF No. 140 (SEALED)); for the same reasons stated in the Court's previous rulings on motions to seal, at ECF Nos. 93, 117: "The Court finds a clear and compelling reason for sealing as the filings contain privileged and confidential information. The Court further finds that the proposed sealing is narrowly tailored to address this privacy concern." It is so ordered. Signed by Judge Maria E. Garcia on 6/29/24. (Esposito, A.) Modified on 6/29/2024 to indicated order was vacated (Ruocco, M.). (Entered: 06/29/2024) |
| 06/29/2024 | 143 | ORDER denying 137 Plaintiff's Motion for Reconsideration.

"The standard for granting [a motion for reconsideration] is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked--matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995). Generally, "[t]he major grounds justifying reconsideration are an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd.*, 956 F.2d 1245, 1255 (2d Cir. 1992).

Plaintiff presents no new evidence, arguments or caselaw on reconsideration. Rather, Attorney Cerame points out that although Plaintiff has four attorneys who have filed notices of appearance on his behalf, apparently only he, who filed a notice of appearance after the deadline for responding to Doe's Second Emergency Motion for Judgment of Dismissal had been set by the Court, is tasked with responding to that Motion. It has long been settled that the "fact that an attorney may have engaged co-counsel to assist him in the conduct of a case does not relieve that counsel of record of his duty to supervise all aspects of the litigation." *J.M. Cleminshaw Co. v. City of Norwich*, 93 F.R.D. 338, 348 n.5 |

(D. Conn. 1981) (Cabranes, J.) (citing *Maryland Metals, Inc. v. Harbaugh*, 33 Md. App. 570, 575-576, 365 A.2d 600, 603 (Ct. Spec. App.1976) ("In the practice of law, a lawyer is charged with the responsibility of knowing what is entered upon the dockets, from time to time, in the case in which he is counsel. It is his duty to follow the dockets so as to keep himself abreast of the happenings in his case.... Put in another more graphic way, the buck stops with the attorney's appearance as counsel of record."). An appearing attorney has a "responsibility to 'investigate and prepare every phase' of his client's case". *J.M. Cleminshaw Co.*, 93 F.R.D. 338 at 348 n.5, n.8 (citations omitted); *see also Ortiz v. Stambach*, No. 1:16-CV-00321 (EAW), 2022 WL 1746771, at *6 (W.D.N.Y. May 31, 2022) (rejecting counsel's "suggested argument that co-counsel was responsible for any expert disclosure failures" and reminding counsel that he was admitted to the bar and it was incumbent on him to ensure that his client's discovery obligations were satisfied).

Furthermore, the "courts have the inherent authority to manage their dockets and courtrooms with a view toward the efficient and expedient resolution of cases." *Dietz v. Bouldin*, 579 U.S. 40, 47 (2016). After consideration of Doe's objection, the Court finds that Attorney Cerame's argument that he had no access to the sealed motions disingenuous. Doe's counsel offered to provide Attorney Cerame with the sealed documents on June 27, 2024 at 4:02 PM and again on June 28, 2024 at 12:24 PM. *See* ECF No. 140-1 at 2, 4. Moreover, other counsel of record for Plaintiff had access to the sealed documents. Doe argues that "there is no basis for extending the briefing or hearing... because Plaintiff has seemingly not taken down the posts that identify Jane and created this exigency." ECF No. 140 at 1. The Court agrees.

Because Plaintiff failed to identify any ground sufficient to justify reconsideration, the Motion for Reconsideration is **DENIED**. Signed by Judge Maria E. Garcia on 6/29/24. (Esposito, A.) (Entered: 06/29/2024)

| | | |
|---|---|---|
| 06/29/2024 | 144 | ORDER In light of the filing of Yale's Emergency Motion for Judgment of dismissal of the Plaintiff's Complaint (ECF No. 130) filed on June 28, 2024, to which Plaintiff is entitled to respond to, and the Court's preference to hold an evidentiary hearing on both Emergency Motions on the same day, the Court modifies the response deadlines and schedule as follows: Plaintiff's response to Doe's Second Emergency Motion for Dismissal (ECF No. 123) and Yale's Emergency Motion to Dismiss (ECF No. 130) is now July 5, 2024, Defendants may file a reply by July 9, 2024, and the evidentiary hearing on both Motions is rescheduled to July 11, 2024 at 10:00 am. A new calendar will issue, Plaintiff shall appear for the evidentiary hearing. <br> Signed by Judge Maria E. Garcia on 6/29/24.(Esposito, A.) (Entered: 06/29/2024) |
| 06/29/2024 | 145 | NOTICE OF E-FILED CALENDAR: THIS IS THE ONLY NOTICE COUNSEL/THE PARTIES WILL RECEIVE. ALL PERSONS ENTERING THE COURTHOUSE MUST PRESENT PHOTO IDENTIFICATION. <br> *RESET FROM 7/3/24*. <br> Evidentiary Hearing set for 7/16/2024 at 10:00 AM in Courtroom Four, 141 Church Street, New Haven, CT before Judge Maria E. Garcia. (Esposito, A.) (Entered: 06/29/2024) |
| 06/29/2024 | 146 | NOTICE OF E-FILED CALENDAR: THIS IS THE ONLY NOTICE COUNSEL/THE PARTIES WILL RECEIVE. ALL PERSONS ENTERING THE COURTHOUSE MUST PRESENT PHOTO IDENTIFICATION. <br> *RESET FROM 7/16/24* <br> Evidentiary Hearing set for **7/11/2024 at 10:00 AM** in Courtroom Four, 141 Church Street, New Haven, CT before Judge Maria E. Garcia. (Esposito, A.) (Entered: 06/29/2024) |

| 06/29/2024 | 147 | ORDER re: 146 July 11, 2024 Hearing.<br>The parties will provide two chamber's copies of their motions and responsive pleadings, with tabs of the exhibits, by the close of business July 9, 2024.<br>Signed by Judge Maria E. Garcia on 6/29/24.(Esposito, A.) (Entered: 06/29/2024) |
|---|---|---|
| 06/29/2024 | 148 | ORDER Vacating 142 Order on Sealed Motion, Order on Motion to Seal,<br>Signed by Judge Maria E. Garcia on 6/29/24.(Ruocco, M.) (Entered: 06/29/2024) |
| 06/29/2024 | 149 | ORDER granting 122 Defendant Jane Doe's Motion to Seal Second Emergency Motion to Dismiss by Jane Doe (ECF No. 123 (SEALED)); granting 139 Defendant Jane Doe's Motion to Seal Objection to Plaintiff's Motion for Reconsideration (ECF No. 140 (SEALED)); for the same reasons stated in the Court's previous rulings on motions to seal, at ECF Nos. 93, 117: "The Court finds a clear and compelling reason for sealing as the filings contain privileged and confidential information. The Court further finds that the proposed sealing is narrowly tailored to address this privacy concern." It is so ordered.<br>Signed by Judge Maria E. Garcia on 6/29/24. (Ruocco, M.) (Entered: 06/29/2024) |
| 07/01/2024 | 150 | TRANSCRIPT of Proceedings: Type of Hearing: Motion Hearing. Held on 06/20/24 before Judge Maria E. Garcia. Court Reporter: eScribers, LLC. **IMPORTANT NOTICE - REDACTION OF TRANSCRIPTS:** To remove personal identifier information from the transcript, a party must electronically file a Notice of Intent to Request Redaction with the Clerk's Office within seven (7) calendar days of this date. If no such Notice is filed, the court will assume redaction of personal identifiers is not necessary and the transcript will be made available through PACER without redaction 90 days from today's date. The transcript may be viewed at the court public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. The policy governing the redaction of personal information is located on the court website at www.ctd.uscourts.gov. Redaction Request due 7/22/2024. Redacted Transcript Deadline set for 8/1/2024. Release of Transcript Restriction set for 9/29/2024. (Gottlieb, J) (Entered: 07/01/2024) |
| 07/03/2024 | 151 | NOTICE OF E-FILED CALENDAR: THIS IS THE ONLY NOTICE COUNSEL/THE PARTIES WILL RECEIVE.<br>Telephonic Status Conference set for 7/10/2024 at 10:00 AM before Judge Maria E. Garcia.<br>The parties will call the conference line at: (888) 557-8511; Access Code: 3852222# (Esposito, A.) (Entered: 07/03/2024) |
| 07/03/2024 | 152 | OBJECTION re 119 Order on Motion to Vacate,, Order on Sealed Motion, *objection pursuant to Local Rule 72.2* filed by Saifullah Khan. (Cerame, Mario) (Entered: 07/03/2024) |
| 07/04/2024 | 153 | OBJECTION as Per Entry 152 with Sealed Exhibits by Saifullah Khan. (Attachments: # 1 Exhibit, # 2 Exhibit)Motions referred to Maria E. Garcia(Cerame, Mario) Modified on 8/6/2024 to correct docket text. (Fanelle, N.). (Entered: 07/04/2024) |
| 07/04/2024 | 154 | OBJECTION re 153 SEALED MOTION 72.2 Objection as Per Entry 152 with Sealed Exhibits, 152 Objection *Supplemental to Objection* filed by Saifullah Khan. (Cerame, Mario) (Entered: 07/04/2024) |
| 07/04/2024 | 155 | OBJECTION *to factual finding that counsel was "disingenuous," plausibly violating duty of candor to the tribunal* filed by Saifullah Khan. (Attachments: # 1 Exhibit Counsel's Inbox Showing Emails (and lack thereof) from Counsel Gooley)(Cerame, Mario) (Entered: 07/04/2024) |
| 07/05/2024 | 156 | MOTION for Extension of Time until five days Objections to Motions to Dismiss 144 Order,,, 130 Emergency MOTION to Dismiss *Plaintiff's Complaint*, 146 Calendar Entry, |

| | | |
|---|---|---|
| | | 123 SEALED MOTION Second Emergency Motion for Judgment of Dismissal, 145 Calendar Entry, by Saifullah Khan. Motions referred to Maria E. Garcia(Cerame, Mario) (Entered: 07/05/2024) |
| 07/06/2024 | 157 | OBJECTION to Emergency Motions to Dismiss and Memorandum in Opposition, concerning ECF Nos. 123, 131 by Saifullah Khan. (Attachments: # 1 Memorandum in Opposition to Motions to Dismiss)Motions referred to Maria E. Garcia(Cerame, Mario) Modified on 8/6/2024 to correct docket text. (Fanelle, N.) (Entered: 07/06/2024) |
| 07/08/2024 | 158 | RESPONSE re 155 Objection, *to Court's Finding that Plaintiff Acted Disingenuously* filed by Jane Doe. (Attachments: # 1 Exhibit A, # 2 Exhibit B)(Gooley, Brendan) (Entered: 07/08/2024) |
| 07/08/2024 | 159 | Consent MOTION for Extension of Time until 7/12/2024 file language regarding protective order 121 Order on Motion for Protective Order,,,,,, Order on Sealed Motion,,,,,,, Order on Motion for Extension of Time,,,,,,,,,,,, 129 Order on Motion for Extension of Time by Saifullah Khan. Motions referred to Maria E. Garcia(Taubes, Alexander) (Entered: 07/08/2024) |
| 07/08/2024 | 160 | OBJECTION *TO PLAINTIFF'S MOTION FOR EXTENSION OF TIME AS TO YALE* filed by Jane Doe. (Gooley, Brendan) (Entered: 07/08/2024) |
| 07/08/2024 | 161 | MOTION in Limine *as described in ECF 157.1 at page 2* by Saifullah Khan.Responses due by 7/29/2024 Motions referred to Maria E. Garcia(Cerame, Mario) (Entered: 07/08/2024) |
| 07/08/2024 | 162 | ORDER. Defendant Doe shall respond to Plaintiff's 153 Objection to Magistrate Judge Garcia's order at ECF No. 119 and request for *de novo* review on or before July 24, 2024. Signed by Judge Kari A. Dooley on 7/8/2024. (Alquesta, S) (Entered: 07/08/2024) |
| 07/08/2024 | 163 | ORDER granting 159 Motion for Extension of Time until July 12, 2024 to file language regarding proposed protective order. Signed by Judge Maria E. Garcia on 7/8/2024. (Garcia, Maria) (Entered: 07/08/2024) |
| 07/08/2024 | 164 | ORDER denying 156 Motion for Extension of Time 156 for the reasons set forth in 136 Order on Motion for Extension of Time and 143 Order on Motion for Reconsideration. In addition to repeatedly failing to meet the good cause standard, the instant motion fails to comply with D. Conn. L. Rule 7(b)3. which requires that "[a]ll motions for extension of time shall be filed at least three (3) business days before thedeadline sought to be extended [...]". Signed by Judge Maria E. Garcia on 7/8/2024. (Garcia, Maria) (Entered: 07/08/2024) |
| 07/09/2024 | 165 | MOTION to Seal Reply, Response and Objection by Jane Doe. Motions referred to Maria E. Garcia(Gooley, Brendan) (Entered: 07/09/2024) |
| 07/09/2024 | 166 | Sealed Document: Reply in Further Support of Second Emergency Motion for Judgment of Dismissal by Jane Doe re 157 SEALED MOTION Objection to Emergency Motions to Dismiss and Memorandum in Opposition, concerning ECF Nos. 123, 131 . (Attachments: # 1 Exhibit A)(Gooley, Brendan) (Entered: 07/09/2024) |
| 07/09/2024 | 167 | OBJECTION *in part to motion to seal, specifically as concerns 161, motion in limine* filed by Saifullah Khan. (Cerame, Mario) (Entered: 07/09/2024) |
| 07/09/2024 | 168 | Sealed Document: Response to Plaintiff's Rule 72.2 Motion by Jane Doe re 153 SEALED MOTION 72.2 Objection as Per Entry 152 with Sealed Exhibits . (Attachments: # 1 Exhibit A, # 2 Exhibit B)(Gooley, Brendan) (Entered: 07/09/2024) |
| 07/09/2024 | 169 | Sealed Document: Objection to Plaintiff's Motion in Limine by Jane Doe re 161 MOTION in Limine *as described in ECF 157.1 at page 2* . (Gooley, Brendan) (Entered: |

| | | 07/09/2024) |
|---|---|---|
| 07/09/2024 | 170 | ORDER granting 132 MOTION for Order to the clerk to grant access to any sealed documents in this case that are necessary to represent the Plaintiff Order by Saifullah Khan.<br>The clerk of the court will provide Attorney Mario Cerame with access to sealed documents. Signed by Judge Maria E. Garcia on 7/9/2024. (Esposito, A.) (Entered: 07/09/2024) |
| 07/09/2024 | 171 | REPLY to Response to 130 Emergency MOTION to Dismiss *Plaintiff's Complaint* filed by Marvin Chun, Lynn Cooley, Sarah Demers, Paul Genecin, Carole Goldberg, Joe Gordon, Jonathon Halloway, Ann Kuhlman, David Post, Peter Salovey, Mark Solomon, Stephanie Spangler, Yale University. (Weller, Giovanna) (Entered: 07/09/2024) |
| 07/09/2024 | 172 | OBJECTION re 161 MOTION in Limine *as described in ECF 157.1 at page 2* filed by Marvin Chun, Lynn Cooley, Sarah Demers, Paul Genecin, Carole Goldberg, Joe Gordon, Jonathon Halloway, Ann Kuhlman, David Post, Peter Salovey, Mark Solomon, Stephanie Spangler, Yale University. (Laurato, Maria) (Entered: 07/09/2024) |
| 07/10/2024 | 173 | ORDER 151 re: June 10, 2024 Telephonic Status Conference.<br>As discussed, the hearing scheduled for July 11, 2024, on Defendant Doe's Second Emergency Motion to Dismiss, (ECF No. 123) and Defendant Yale's Emergency Motion to Dismiss Plaintiff's Complaint (ECF No. 130) is CANCELLED.<br>Judge Dooley will issue a calendar rescheduling the hearing in due course.<br>Signed by Judge Maria E. Garcia on 7/10/24. (Esposito, A.) (Entered: 07/10/2024) |
| 07/10/2024 | 174 | Minute Entry for proceedings held before Judge Maria E. Garcia: Telephonic Status Conference held on 7/10/2024. Total Time: 7 minutes (Court Reporter Courtsmart.) (Santos, S) (Entered: 07/10/2024) |
| 07/11/2024 | 175 | First MOTION for Kevin Murray Smith to Withdraw as Attorney by Saifullah Khan. Motions referred to Maria E. Garcia(Smith, Kevin) (Entered: 07/11/2024) |
| 07/11/2024 | 176 | MOTION for Norman A. Pattis to Withdraw as Attorney *Motion for Permission to Withdraw Appearance* by Saifullah Khan. Motions referred to Maria E. Garcia(Pattis, Norman) (Entered: 07/11/2024) |
| 07/12/2024 | 177 | ORDER granting 175 Motion to Withdraw as Attorney. Attorney Kevin Murray Smith terminated. Signed by Judge Kari A. Dooley on 7/12/2024. (Alquesta, S) (Entered: 07/12/2024) |
| 07/12/2024 | 178 | ORDER granting 176 Motion to Withdraw as Attorney. Attorney Norman A. Pattis terminated. Signed by Judge Kari A. Dooley on 7/12/2024. (Alquesta, S) (Entered: 07/12/2024) |
| 07/12/2024 | 179 | SCHEDULING ORDER. In light of Judge Garcia's order at ECF No. 173, Oral Argument on the defendants' emergency motions for judgment of dismissal at ECF Nos. 123 and 130 shall be heard on July 25, 2024, at 10:00 AM. Plaintiff shall appear personally at oral argument. A calendar entry with further details shall be separately docketed.<br>Signed by Judge Kari A. Dooley on 7/12/2024. (Alquesta, S) (Entered: 07/12/2024) |
| 07/12/2024 | 180 | NOTICE OF E-FILED CALENDAR. THIS IS THE ONLY NOTICE COUNSEL/THE PARTIES WILL RECEIVE. ALL PERSONS ENTERING THE COURTHOUSE MUST PRESENT PHOTO IDENTIFICATION.Oral Argument on the defendants' emergency motions for judgment of dismissal at ECF Nos. 123 and 130 is set for July 25, 2024, at 10:00 AM in Courtroom Two, 915 Lafayette Blvd., Bridgeport, CT before Judge Kari A. Dooley. (Alquesta, S) (Entered: 07/12/2024) |

| 07/15/2024 | 181 | Joint STATUS REPORT *Regarding Proposed Protective Order* by Jane Doe. (Attachments: # 1 Exhibit A, # 2 Exhibit B)(Gooley, Brendan) (Entered: 07/15/2024) |
|---|---|---|
| 07/17/2024 | 182 | ORDER granting 165 Defendant Jane Doe's MOTION to Seal Reply, Response and Objection. <br> The Motion to Seal is granted as to her: (1) Reply in Further Support of her Second Emergency Motion for Judgment of Dismissal; (ECF No. 123 (SEALED)); (2) Response to Plaintiffs Rule 72.2 Objection; and (3) Objection to Plaintiffs Motion in Limine; for the same reasons stated in the Court's previous rulings on motions to seal, at ECF Nos. 93, 117, 149: "The Court finds a clear and compelling reason for sealing as the filings contain privileged and confidential information. The Court further finds that the proposed sealing is narrowly tailored to address this privacy concern." It is so ordered. Signed by Judge Maria E. Garcia on 7/17/24. (Esposito, A.) (Entered: 07/17/2024) |
| 07/24/2024 | 183 | RESPONSE re 153 SEALED MOTION 72.2 Objection as Per Entry 152 with Sealed Exhibits filed by Marvin Chun, Lynn Cooley, Sarah Demers, Paul Genecin, Carole Goldberg, Joe Gordon, Jonathon Halloway, Ann Kuhlman, David Post, Peter Salovey, Mark Solomon, Stephanie Spangler, Yale University. (Weller, Giovanna) (Entered: 07/24/2024) |
| 07/24/2024 | 184 | NOTICE by Saifullah Khan re 179 Scheduling Order, 152 Objection *Notice of Supplemental Authority* (Attachments: # 1 Supplement Order in Doe v. Butler U., 1:22-cv-1828, ECF No. 102 (S.D. Ind. July 23, 2024))(Cerame, Mario) (Entered: 07/24/2024) |
| 07/25/2024 | 185 | ORDER. Plaintiff may reply to Defendants' 168 and 183 responses to Plaintiff's 153 Objection to Judge Garcia's 119 ruling on or before August 7, 2024. <br> Signed by Judge Kari A. Dooley on 7/25/2024. (Alquesta, S) (Entered: 07/25/2024) |
| 07/25/2024 | 187 | Minute Entry. Proceedings held before Judge Kari A. Dooley: taking under advisement 123 Sealed Motion; taking under advisement 130 Motion to Dismiss; So Ordered 161 Motion in Limine; Motion Hearing held on 7/25/2024 re 123 SEALED MOTION Second Emergency Motion for Judgment of Dismissal filed by Jane Doe, 130 Emergency MOTION to Dismiss *Plaintiff's Complaint* filed by Sarah Demers, Peter Salovey, Mark Solomon, Carole Goldberg, Lynn Cooley, Jonathon Halloway, Ann Kuhlman, Yale University, David Post, Stephanie Spangler, Paul Genecin, Marvin Chun, Joe Gordon, 161 MOTION in Limine *as described in ECF 157.1 at page 2* filed by Saifullah Khan. Total Time: 1 hours and 34 minutes(Court Reporter Tracy Gow.) (Gould, K) (Entered: 08/02/2024) |
| 07/25/2024 | 188 | Marked Exhibit List from July 25, 2024 Motion Hearing (Gould, K) (Entered: 08/02/2024) |
| 07/30/2024 | 186 | EXHIBIT by Jane Doe. (Attachments: # 1 Exhibit Access Guidelines, # 2 Exhibit Email from Lillian Perry, # 3 Exhibit Corrected Transcript (Additional Redaction by Jane Doe) (Gooley, Brendan) (Entered: 07/30/2024) |
| 08/06/2024 | 189 | NOTICE OF E-FILED CALENDAR: THIS IS THE ONLY NOTICE COUNSEL/THE PARTIES WILL RECEIVE. <br> Telephonic Discovery Status Conference re: Defendants' Motion for Protective Order, [ECF Nos. 81, 82], and the parties' Proposed Protective Order, [ECF No. 181], set for 8/13/2024 at 10:30 AM before Judge Maria E. Garcia. <br> The parties will call: 203-684-6202; and enter the Conference ID: 439 176 102# when prompted. <br> (Esposito, A.) (Entered: 08/06/2024) |
| 08/07/2024 | 190 | RESPONSE re 185 Order, 154 Objection, 168 Sealed Document, 186 Exhibit, 183 Response, 152 Objection *reply to responses by Defendants* filed by Saifullah Khan. |

| | | |
|---|---|---|
| | | (Cerame, Mario) (Entered: 08/07/2024) |
| 08/13/2024 | 191 | ORDER re: 80 81 Defendant Jane Doe's Motion for Protective Order. Based on the discussion during today's telephonic discovery status conference, the parties will confer and submit a Revised Proposed Protective Order by **August 19, 2024**. Signed by Judge Maria E. Garcia on 8/13/2024. (Esposito, A.) (Entered: 08/13/2024) |
| 08/13/2024 | 192 | Minute Entry for proceedings held before Judge Maria E. Garcia: Telephonic Discovery Status Conference held on 8/13/2024. Total Time: 11 minutes (Court Reporter Courtsmart.) (Santos, S) (Entered: 08/13/2024) |
| 08/16/2024 | 193 | Consent MOTION for Extension of Time until August 26, 2024 to Submit Revised Language re Motion for a Protective Order by Jane Doe. Motions referred to Maria E. Garcia(Gooley, Brendan) (Entered: 08/16/2024) |
| 08/19/2024 | 194 | ORDER granting 193 Consent MOTION for Extension of Time until August 26, 2024 to Submit Revised Language re: Motion for a Protective Order 81 82 . Signed by Judge Maria E. Garcia on 8/19/24. (Esposito, A.) (Entered: 08/19/2024) |
| 08/26/2024 | 195 | Joint STATUS REPORT by Jane Doe. (Attachments: # 1 Text of Proposed Order)(Gooley, Brendan) (Entered: 08/26/2024) |
| 08/28/2024 | 196 | ORDER re: 195 Joint Status Report Regarding Proposed Protective Order. The Court reviewed the parties' Proposed Protective Order. The Court would like to thank the parties for working collaboratively to reach an agreement. On or before September 5, 2024, the parties will accept the track changes and file the Protective Order with Exhibit 1, executed by Plaintiff, for entry by the Court. Signed by Judge Maria E. Garcia on 8/28/24. (Esposito, A.) (Entered: 08/28/2024) |
| 09/05/2024 | 197 | RESPONSE re 196 Order, by Saifullah Khan *EXECUTED PROTECTIVE ORDER*. (Taubes, Alexander) (Entered: 09/05/2024) |
| 09/06/2024 | 198 | ORDER APPROVING and ADOPTING the Parties' Protective Order to Restrict Plaintiff's Access to Non-Public Sensitive Materials. Signed by Judge Maria E. Garcia on 9/6/2024. (Esposito, A.) (Entered: 09/06/2024) |
| 09/06/2024 | 199 | ORDER finding as moot 81 Motion for Protective Order; finding as moot 82 Sealed Motion for Protective Order in light of the parties' agreed to Protective Order to Restrict Plaintiff's Access to Non-Public Sensitive Information. ECF No. 198. Signed by Judge Maria E. Garcia on 9/6/2024. (Esposito, A.) (Entered: 09/06/2024) |
| 09/16/2024 | 200 | TRANSCRIPT of Proceedings: Type of Hearing: Motion Hearing. Held on July 25, 2024 before Judge Kari A. Dooley. Court Reporter: Tracy Gow. **IMPORTANT NOTICE - REDACTION OF TRANSCRIPTS:** To remove personal identifier information from the transcript, a party must electronically file a Notice of Intent to Request Redaction with the Clerk's Office within seven (7) calendar days of this date. If no such Notice is filed, the court will assume redaction of personal identifiers is not necessary and the transcript will be made available through PACER without redaction 90 days from today's date. The transcript may be viewed at the court public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. The policy governing the redaction of personal information is located on the court website at www.ctd.uscourts.gov. Redaction Request due 10/7/2024. Redacted Transcript Deadline set for 10/17/2024. Release of Transcript Restriction set for 12/15/2024. (Gow, T.) (Entered: 09/16/2024) |
| 10/08/2024 | 201 | Emergency MOTION to Stay re 119 Order on Motion to Vacate,, Order on Sealed Motion, *limited stay of order to allow response to Department of Homeland Security* by |

|  |  | Saifullah Khan.Responses due by 10/29/2024 (Attachments: # 1 Exhibit DHS Letter)Motions referred to Maria E. Garcia(Cerame, Mario) (Entered: 10/08/2024) |
|---|---|---|
| 10/08/2024 | 202 | ORDER re: 201 Plaintiff's Emergency MOTION for Stay of Order Restricting Speech. Defendants' response is due on or before **October 14, 2024.**<br><br>Signed by Judge Maria E. Garcia on 10/8/24. (Esposito, A.) (Entered: 10/08/2024) |
| 10/14/2024 | 203 | OBJECTION re 201 Emergency MOTION to Stay re 119 Order on Motion to Vacate,, Order on Sealed Motion, *limited stay of order to allow response to Department of Homeland Security* filed by Jane Doe. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D, # 5 Exhibit E, # 6 Exhibit F)(Gooley, Brendan) (Entered: 10/14/2024) |
| 10/16/2024 | 204 | ORDER 201 denying without prejudice Plaintiff's Emergency Motion for Limited Stay of Order Restricting Speech.<br>"Plaintiff requests permission from this Court to deliver any necessary documents, without redaction, to the Department of Homeland Security, U.S. Citizenship and Immigration Services ("DHS"), as per the October 3, 2024 Letter from DHS." ECF No. 201 at 1. The DHS letter requests three documents: (1) a certificate of disposition in Plaintiff's criminal case; (2) the official transcript from the court in the criminal case; and (3) a copy of a protective order filed against Plaintiff in Dearborn, Indiana. *Id.* Plaintiff represents that "both documents contain Doe's name" but did not state which of the three documents he was referring to. *Id.* Defendant Doe responds that she cannot meaningfully respond because Plaintiff refused to provide copies of the documents he intends to submit to DHS, and that Plaintiff has not shown that it "is necessary for Plaintiff to disclose Jane's name in order to comply with the request issued by the U.S. Citizenship and Immigration Services." ECF No. 203 at 1, 4. On this record, Plaintiff's motion raises more questions than answers.<br>Accordingly, Plaintiff's Emergency Motion for Limited Stay of Order Restricting Speech is denied without prejudice on the current record. The Court cannot speculate as to the contents of the documents at issue. Any renewal of the motion should attach the documents it seeks to submit to DHS under seal, provide the standard the court should apply, including caselaw supporting the request for the limited stay, address why it is necessary to disclose Jane Doe's full name and/or first name, and address the other arguments raised by Jane Doe in her responsive pleading.<br>SO ORDERED. Signed by Judge Maria E. Garcia on 10/16/2024. (Esposito, A.) (Entered: 10/16/2024) |
| 10/17/2024 | 205 | MOTION to Vacate 204 Order on Motion to Stay,,,,,,,, 119 Order on Motion to Vacate,, Order on Sealed Motion, *Motion to Vacate Order Restricting Speech, or, in the alternative, for Limited Stay or Lift of Order Restricting Speech* by Saifullah Khan. Motions referred to Maria E. Garcia(Cerame, Mario) (Entered: 10/17/2024) |
| 10/17/2024 | 206 | Emergency MOTION to Vacate 204 Order on Motion to Stay,,,,,,,, 119 Order on Motion to Vacate,, Order on Sealed Motion, *Motion to Vacate Order Restricting Speech, or, in the alternative, for Limited Stay or Lift of Order Restricting Speech (entry 205 erroneously not flagged as emergency motion)* by Saifullah Khan. Motions referred to Maria E. Garcia(Cerame, Mario) (Entered: 10/17/2024) |
| 10/17/2024 | 207 | Sealed Document: Sealed Exhibits Pursuant to ECF No. 204, Attached to ECF No. 206 by Saifullah Khan re 204 Order on Motion to Stay,,,,,,,, 206 Emergency MOTION to Vacate 204 Order on Motion to Stay,,,,,,,, 119 Order on Motion to Vacate,, Order on Sealed Motion, *Motion to Vacate Order Restricting Speech, or, in the alternative, for Limited Stay or Lift of Order Restricting Speech ( Exhibit Letter from DHS. (Attachments: # 1 Exhibit Certificate of Disposition, # 2 Exhibit Document Concerning Protective Order, # 3* |

| | | |
|---|---|---|
| | | *Exhibit 2.26.2018 Transcript, #* <u>4</u> *Exhibit 2.28.2018 Transcript, #* <u>5</u> *Exhibit 3.1.2018 Transcript, #* <u>6</u> *Exhibit 3.2.2018 Transcript, #* <u>7</u> *Exhibit 3.5.2018 Transcript, #* <u>8</u> *Exhibit 3.6.2018 Transcript, #* <u>9</u> *Exhibit 3.7.2018 Transcript)(Cerame, Mario) (Entered: 10/17/2024)* |
| 10/18/2024 | <u>208</u> | MOTION to Withdraw <u>205</u> MOTION to Vacate 204 Order on Motion to Stay,,,,,,,, <u>119</u> Order on Motion to Vacate,, Order on Sealed Motion, *Motion to Vacate Order Restricting Speech, or, in the alternative, for Limited Stay or Lift of Order Restricting Speech // corrected emergency motion filed at ECF No. 206* by Saifullah Khan. Motions referred to Maria E. Garcia(Cerame, Mario) (Entered: 10/18/2024) |
| 10/18/2024 | 209 | ORDER. Defendants will file a response to Plaintiff's Emergency Motion to Vacate Order, or, in the Alternative, for Limited Stay or Lift of Order by Sunday, October 20, 2024. ECF No. 206.

Defendants will articulate the harm to permit Plaintiff to produce unredacted copies of the Trial Transcripts that have already been produced to DHS in 2021. ECF No. 206 at 5. Their response will include proposed redactions to the Trial Transcripts. ECF Nos. 207-3 through 207-9. Defendants will also state their position on ECF Nos. 207-1 ("Destroyed Case File Letter") and 207-2 ("Mycourts.IN.gov") and whether they continue to maintain an objection.

Oral argument is scheduled for Monday, October 21, 2024 at 3:00 PM. Plaintiffs immigration counsel will attend the hearing. The Court will distribute the Zoom information to the parties via email.
Signed by Judge Maria E. Garcia on 10/18/24. (Esposito, A.) (Entered: 10/18/2024) |
| 10/18/2024 | 210 | NOTICE OF E-FILED CALENDAR: THIS IS THE ONLY NOTICE COUNSEL/THE PARTIES WILL RECEIVE.
Hearing on Plaintiff's Emergency Motion to Vacate Order, or, in the Alternative, for Limited Stay or Lift of Order <u>206</u> is set for 10/21/2024 at 03:00 PM before Judge Maria E. Garcia.
The Court will distribute the Zoom information to the parties via email. (Esposito, A.) (Entered: 10/18/2024) |
| 10/18/2024 | 211 | ORDER withdrawing <u>205</u> Emergency Motion to Vacate Order, or, in the Alternative, for Limited Stay or Lift of Order.
ORDER granting <u>208</u> Motion to Withdraw in light of a duplicate filing. ECF No. 206.
Signed by Judge Maria E. Garcia on 10/18/2024. (Esposito, A.) (Entered: 10/18/2024) |
| 10/20/2024 | <u>212</u> | RESPONSE re <u>205</u> MOTION to Vacate 204 Order on Motion to Stay,,,,,,, <u>119</u> Order on Motion to Vacate,, Order on Sealed Motion, *Motion to Vacate Order Restricting Speech, or, in the alternative, for Limited Stay or Lift of Order Restricting Speech* filed by Jane Doe. (Attachments: # <u>1</u> Exhibit A)(Gooley, Brendan) (Entered: 10/20/2024) |
| 10/20/2024 | <u>213</u> | RESPONSE re <u>206</u> Emergency MOTION to Vacate 204 Order on Motion to Stay,,,,,,,, <u>119</u> Order on Motion to Vacate,, Order on Sealed Motion, *Motion to Vacate Order Restricting Speech, or, in the alternative, for Limited Stay or Lift of Order Restricting Speech ( filed by Marvin Chun, Lynn Cooley, Sarah Demers, Paul Genecin, Carole Goldberg, Joe Gordon, Jonathon Halloway, Ann Kuhlman, David Post, Peter Salovey, Mark Solomon, Stephanie Spangler, Yale University. (Laurato, Maria) (Entered: 10/20/2024)* |
| 10/21/2024 | <u>214</u> | MOTION for *Inquiry Concerning Public Access to October 21, 2024 Proceedings* by Saifullah Khan. Motions referred to Maria E. Garcia(Cerame, Mario) (Entered: 10/21/2024) |

| 10/21/2024 | 215 | NOTICE regarding hearing via Zoom: The Hearing on Plaintiff's Emergency Motion to Vacate Order, or, in the Alternative, for Limited Stay or Lift of Order 206 scheduled for 10/21/2024 at 3:00 p.m. will be conducted via Zoom. |
|---|---|---|

Call-in and Public Access Number: 1 646 828 7666

Meeting ID: 161 220 9850

Meeting Password: 713585

*The Court will distribute the video link to the parties via email.*

Please note: **Members of the public are permitted to join this hearing by audio only using the public access number above. Video participation is permitted by the parties and counsel only.** This is in accordance with the remote access policies of the Judicial Conference of the United States, which governs the practices of the federal courts. All persons granted remote access to proceedings are reminded of the general prohibition against photographing, recording, screenshots, streaming, and rebroadcasting in any form, of court proceedings. Violation of these prohibitions may result in sanctions, including restricted entry to future hearings, denial of entry to future hearings, or any other sanctions deemed necessary by the court.

NOTICE OF E-FILED CALENDAR re: Plaintiff's Emergency Motion to Vacate Order, or, in the Alternative, for Limited Stay or Lift of Order 206 . Motion Hearing set for **10/21/2024 at 3:00 PM** before Judge Maria E. Garcia. (Santos, S) (Entered: 10/21/2024)

| 10/21/2024 | 216 | ORDER re: 206 Plaintiff's Emergency Motion to Vacate Order, Or In the Alternative, For Limited Stay or Lift of Order. This motion is before the Court to address an October 3, 2024, USCIS/DHS letter (ECF No. 201-1) requesting three categories of documents from Plaintiff. A hearing was held on October 21, 2024, and the parties had an opportunity to be heard. For the reasons that follow, the motion is denied as moot in part, granted in part, and denied in part as follows: |
|---|---|---|

Finding as moot as to the State of Connecticut Superior Court "Destroyed Case File Letter", at ECF No. 207-1, and the "MyCourts.IN.gov" Indiana Protective Order, at ECF No. 207-2, in light of the fact that these documents make no reference to Jane Doe.

The motion is granted as follows: Plaintiff may, in response to the October 3, 2024 letter from USCIS/DHS (ECF No. 201-1), provide a copy of the Official Transcript in *State of Connecticut v. Khan,* No. NNH-CR15-0162194 (Conn. Super. Ct.), which the Court defines as the transcript that redacted Jane Doe's name pursuant to Conn. Gen. Stat. §54-86e, that has been publicly available at least as of July 25, 2024. *See* ECF No. 186, 200. As stated on the record, to the extent that Plaintiff disagrees with the application of Conn. Gen. Stat. § 54-86e to the transcripts in the criminal case, his recourse is with the Connecticut Superior Court. This Court will not disturb what the Superior Court deems to be the Official Transcript. *See* ECF. No. 200, July 25, 2024 Hrg Tr. at 18:11-14.

The motion is denied as follows: Plaintiff may not provide, in response to the October 3, 2024 letter from USCIS/DHS (ECF No. 201-1), the unredacted trial transcripts, at ECF Nos. 207-3, 207-4, 207-5, 207-6, 207-7, 207-8 and 207-9, as the Court does not deem them responsive to the USCIS/DHS letter request.

The Court's Orders regarding the use of Jane Doe's name (ECF Nos. 91, 119) remain in full force and effect, except that Plaintiff is authorized to submit the Official Transcript

| | | |
|---|---|---|
| | | from Plaintiff's criminal trial to USCIS/DHS, as defined here, provided that he may not disseminate the transcript to anyone else. SO ORDERED.<br><br>Signed by Judge Maria E. Garcia on 10/21/2024. (Esposito, A.) (Entered: 10/21/2024) |
| 10/21/2024 | 217 | ORDER finding as moot 214 MOTION for Inquiry Concerning Public Access to October 21, 2024 Proceedings by Saifullah Khan. The Zoom log-in information was provided on the docket. Signed by Judge Maria E. Garcia on 10/21/24. (Esposito, A.) (Entered: 10/21/2024) |
| 10/21/2024 | 219 | Minute Entry for proceedings held before Judge Maria E. Garcia: Motion Hearing held via zoom on 10/21/2024 re: Plaintiff's Emergency Motion to Vacate Order, or, in the Alternative, for Limited Stay or Lift of Order 206 . Total Time: 37 minutes (Court Reporter Courtsmart.) (Santos, S) Modified text on 10/24/2024 (Santos, S). (Entered: 10/22/2024) |
| 10/22/2024 | 218 | Emergency MOTION for Writ of Mandamus *as filed in 2d Cir. CoA* by Saifullah Khan. (Attachments: # 1 Appendix, # 2 T-1080 Doe, # 3 T-1080 Yale)(Cerame, Mario) (Entered: 10/22/2024) |
| 10/24/2024 | 220 | TRANSCRIPT of Proceedings: Type of Hearing: Emergency Motion to Vacate. Held on 10/21/24 before Judge Maria E. Garcia. Court Reporter: Suzanne Benoit. **IMPORTANT NOTICE - REDACTION OF TRANSCRIPTS:** To remove personal identifier information from the transcript, a party must electronically file a Notice of Intent to Request Redaction with the Clerk's Office within seven (7) calendar days of this date. If no such Notice is filed, the court will assume redaction of personal identifiers is not necessary and the transcript will be made available through PACER without redaction 90 days from today's date. The transcript may be viewed at the court public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. The policy governing the redaction of personal information is located on the court website at www.ctd.uscourts.gov. Redaction Request due 11/14/2024. Redacted Transcript Deadline set for 11/24/2024. Release of Transcript Restriction set for 1/22/2025. (Benoit, S.) (Entered: 10/24/2024) |
| 10/24/2024 | 221 | ORDER of USCA as to 43 Notice of Appeal filed by Saifullah Khan, USCA Case Number 24-2794. (Fanelle, N.) (Entered: 10/28/2024) |
| 11/07/2024 | 222 | EXHIBIT *November 4, 2024 DHS Letter Extending Deadline to November 25, 2024* by Saifullah Khan re 218 Emergency MOTION for Writ of Mandamus *as filed in 2d Cir. CoA*. (Cerame, Mario) (Entered: 11/07/2024) |
| 11/07/2024 | 223 | Sealed Document: Criminal Trial Transcript Version Issued 11.7.24 by Saifullah Khan re 218 Emergency MOTION for Writ of Mandamus *as filed in 2d Cir. CoA*, 207 Sealed Document,,, *verdict version 11.7.24*. (Attachments: # 1 Exhibit T2.26.18 version 11.7.24, # 2 Exhibit T2.27.18 version 11.7.24, # 3 Exhibit T2.28.18 version 11.7.24, # 4 Exhibit T3.1.18 version 11.7.24, # 5 Exhibit T3.2.18 version 11.7.24, # 6 Exhibit T3.5.18 version 11.7.24, # 7 Exhibit T3.6.18 version 11.7.24)(Cerame, Mario) (Entered: 11/07/2024) |
| 11/12/2024 | 224 | MOTION to Compel by Saifullah Khan.Responses due by 12/3/2024 Motions referred to Maria E. Garcia(Taubes, Alexander) (Entered: 11/12/2024) |
| 11/13/2024 | 225 | Order denying without prejudice 224 Motion to Compel. Plaintiff filed a motion to compel. Before filing such a motion, a local rule in the District of Connecticut requires that the movant confer with the Defendants' counsel in an effort to resolve the discovery issues between them without court intervention. *See* D. Conn. L. Civ. R. 37(a). If the conference does not resolve the issues, the movant must then include with his motion to compel an affidavit stating that, despite a good faith effort, he was unable to resolve the |

discovery issues with opposing counsel. *See id.* If a movant does not follow this local rule, a court should deny the motion to compel. *See Brown v. Clayton*, No. 3:11-cv-714 (JCH), 2013 WL 1409884, at *2 (D. Conn. Apr. 8, 2013).

In this case, Plaintiff's motion confirmed that he conferred with opposing counsel to discuss the discovery issues in his motion to compel. Even if the parties did meet and discuss those issues, Plaintiff's motion does not include an affidavit certifying that, despite a good faith effort, the discovery issues could not be resolved. For those reasons, the Court denies the motion to compel.

The denial is, however, without prejudice. Any such re-filed motion must include a declaration, signed under penalty of perjury, certifying that Plaintiff has conferred with Defendants' counsel in good faith and was nevertheless unable to reach an agreement. If a re-filed motion to compel becomes necessary, it must be filed by **November 27, 2024.** Motions to compel that are filed after that date may be summarily denied. Defendants will have seven (7) days from Plaintiff's filing to file their opposition. Defendants should be prepared to address why a rolling production is not possible or practical and provide a firm date when production will be complete. No reply briefs will be permitted. It is so ordered.
Signed by Judge Maria E. Garcia on 11/13/2024. (Esposito, A.) (Entered: 11/13/2024)

| 11/18/2024 | 226 | Emergency OBJECTION re 154 Objection, 153 SEALED MOTION 72.2 Objection as Per Entry 152 with Sealed Exhibits, 152 Objection *Emergency Supplement to 72.2 Objection and request to redocket ECF Nos. 152-54 as Emergency* filed by Saifullah Khan. (Attachments: # 1 Exhibit)(Cerame, Mario) (Entered: 11/18/2024) |
|---|---|---|
| 11/19/2024 | 227 | Joint MOTION for Clarification 225 Order on Motion to Compel,,,,,,,, by Lynn Cooley, Paul Genecin, Stephanie Spangler, Sarah Demers, Carole Goldberg, Yale University, Peter Salovey, Jonathon Halloway, Marvin Chun, Joe Gordon, David Post, Mark Solomon, Ann Kuhlman. Motions referred to Maria E. Garcia(Laurato, Maria) (Entered: 11/19/2024) |
| 11/19/2024 | 228 | ORDER. In Plaintiff's 226 Emergency Supplement to his Rule 72.2 Objection, Plaintiff represents that on November 7, 2024, he received the official, publicly available transcript in *State of Connecticut v. Khan*, No. NNH-CR15-0162194 (Conn. Super. Ct.), certified by the court reporter, and that therein, except for on a single page, Defendant Doe's Name is not redacted. *See* Emer. Supp., ECF No. 226 at 12-15. Submission of this transcript to USCIS would therefore not seem to run afoul of Judge Garcia's Order which permitted such disclosure. ECF No. 216. While Judge Garcia understood the official transcript to be fully redacted, Judge Garcia also recognized that the determination on these issues was for the Superior Court. She further stated that "[t]his Court will not disturb what the Superior Court deems to be the Official Transcript." Thereafter, the Connecticut Superior Court provided an unredacted transcript as the Official Transcript. Defendants shall respond to Plaintiff's 226 Emergency Supplement by November 20, 2024, at 5:00 PM if they are of a different view, and if so, why.<br>Signed by Judge Kari A. Dooley on 11/19/2024. (Alquesta, S) (Entered: 11/19/2024) |
| 11/20/2024 | 229 | ORDER re: 227 Joint MOTION for Clarification.<br>Plaintiff is directed to meet and confer with Defendants in an effort to resolve the outstanding issues set forth in his Motion to Compel. ECF No. 224. If a re-filed motion to compel becomes necessary, it must be filed by November 27, 2024. This deadline relates to a *refiled* motion to compel and the issues raised in the motion dated November 12, 2024. ECF No. 224.<br>Signed by Judge Maria E. Garcia on 11/20/24. (Esposito, A.) (Entered: 11/20/2024) |
| 11/20/2024 | 230 | RESPONSE re 228 Order,,,, filed by Jane Doe. (Attachments: # 1 Exhibit A, # 2 Exhibit B)(Gooley, Brendan) (Entered: 11/20/2024) |

| 11/20/2024 | 231 | ORDER granting 227 Joint Motion for Clarification in accordance with the order entered at ECF No. 229. Signed by Judge Maria E. Garcia on 11/20/24. (Esposito, A.) (Entered: 11/20/2024) |
|---|---|---|
| 11/21/2024 | 232 | ORDER RE: 226 Emergency Supplement to Rule 72.2 Objection. The Court has reviewed the Emergency Supplement to Plaintiff's Objection to Magistrate Judge Garcia's 119 Ruling and Order and Defendant Doe's 230 Response to the Court's Order directing, by November 20, 2024, a response on the narrow issue of whether Plaintiff may provide the November 7, 2024, trial transcript to USCIS/HHS. On this record, the Court concludes that, consistent with Judge Garcia's October 21, 2024, Order, Plaintiff may provide a copy of the November 7, 2024, Official Transcript in *State of Connecticut v. Khan*, No. NNH-CR-15-0162194 (Conn. Super. Ct.) to USCIS/DHS per the October 3, 2024, letter requesting same.<br><br>To the extent the Emergency Supplement raises an objection to Magistrate Judge Garcia's further restriction on Plaintiff's ability to provide the transcript to others, Defendant Doe sought additional time to respond to the Emergency Supplement. As this aspect of Judge Garcia's October 21, 2024, Order does not impact Plaintiff's ability to respond to USCIS/HHS in connection with his asylum application, Doe's request is reasonable. Doe may file a supplemental brief, not to exceed 10 pages, on this issue on or before December 5, 2024. Once received, the Plaintiff's Objection to both the June 19, 2024, Order as well as the October 21, 2024, Order will be addressed together.<br><br>Signed by Judge Kari A. Dooley on 11/21/2024. (Alquesta, S) (Entered: 11/21/2024) |
| 11/27/2024 | 233 | Second MOTION to Compel by Saifullah Khan.Responses due by 12/18/2024 (Attachments: # 1 Affidavit - Declaration of Attorney Taubes)Motions referred to Maria E. Garcia(Taubes, Alexander) (Entered: 11/27/2024) |
| 12/02/2024 | 234 | ORDER. A virtual Discovery Status Conference regarding Plaintiff's 233 Second Motion to Compel is scheduled for December 4, 2024, at 11:00 AM before Judge Maria E. Garcia. The Court will distribute Zoom information to the parties via email.<br>Signed by Judge Maria E. Garcia on 12/2/2024. (Karamanakis, K) (Entered: 12/02/2024) |
| 12/02/2024 | 235 | NOTICE regarding hearing via Zoom: The Discovery Status Conference scheduled for 12/4/2024 at 11:00 a.m. will be conducted via Zoom.<br><br>Call-in and Public Access Number: 1 646 828 7666<br><br>Meeting ID: 160 103 9218<br><br>Meeting Password: 541963<br><br>*The Court will distribute the video link to the parties via email.*<br><br>Please note: **Members of the public are permitted to join this hearing by audio only using the public access number above. Video participation is permitted by the parties and counsel only.** This is in accordance with the remote access policies of the Judicial Conference of the United States, which governs the practices of the federal courts. All persons granted remote access to proceedings are reminded of the general prohibition against photographing, recording, screenshots, streaming, and rebroadcasting in any form, of court proceedings. Violation of these prohibitions may result in sanctions, including restricted entry to future hearings, denial of entry to future hearings, or any other sanctions deemed necessary by the court. |

| | | |
|---|---|---|
| | | NOTICE OF E-FILED CALENDAR: THIS IS THE ONLY NOTICE COUNSEL/THE PARTIES WILL RECEIVE.<br>Discovery Status Conference set for **12/4/2024 at 11:00 AM** in Remote Setting before Judge Maria E. Garcia. (Santos, S) (Entered: 12/02/2024) |
| 12/03/2024 | 236 | MOTION to Seal Exhibits E, I, J, K, Q to the Memorandum in Opposition to Plaintiff's Motion to Compel by Lynn Cooley, Paul Genecin, Stephanie Spangler, Sarah Demers, Carole Goldberg, Yale University, Peter Salovey, Jonathon Halloway, Marvin Chun, Joe Gordon, David Post, Mark Solomon, Ann Kuhlman. Motions referred to Maria E. Garcia(Laurato, Maria) (Entered: 12/03/2024) |
| 12/03/2024 | 237 | Sealed Document: Exhibits E, I, J, K, Q to the Memorandum in Opposition to Plaintiff's Motion to Compel by Lynn Cooley, Paul Genecin, Stephanie Spangler, Sarah Demers, Carole Goldberg, Yale University, Peter Salovey, Jonathon Halloway, Marvin Chun, Joe Gordon, David Post, Mark Solomon, Ann Kuhlman re 236 MOTION to Seal Exhibits E, I, J, K, Q to the Memorandum in Opposition to Plaintiff's Motion to Compel . (Attachments: # 1 Exhibit I, # 2 Exhibit J, # 3 Exhibit K, # 4 Exhibit Q)(Laurato, Maria) (Entered: 12/03/2024) |
| 12/03/2024 | 238 | Memorandum in Opposition re 233 Second MOTION to Compel filed by Lynn Cooley, Paul Genecin, Stephanie Spangler, Sarah Demers, Carole Goldberg, Yale University, Peter Salovey, Jonathon Halloway, Marvin Chun, Joe Gordon, David Post, Mark Solomon, Ann Kuhlman. (Attachments: # 1 Affidavit of Maria L. Laurato, # 2 Exhibit A, # 3 Exhibit B, # 4 Exhibit C, # 5 Exhibit D, # 6 Exhibit E (Filed Under Seal), # 7 Exhibit F, # 8 Exhibit G, # 9 Exhibit H, # 10 Exhibit I (Filed Under Seal), # 11 Exhibit J (Filed Under Seal), # 12 Exhibit K (Filed Under Seal), # 13 Exhibit L, # 14 Exhibit M, # 15 Exhibit N, # 16 Exhibit O, # 17 Exhibit P, # 18 Exhibit Q (Filed Under Seal), # 19 Exhibit R)(Laurato, Maria) (Entered: 12/03/2024) |
| 12/03/2024 | 239 | REPLY to Response to 233 Second MOTION to Compel filed by Saifullah Khan. (Taubes, Alexander) (Entered: 12/03/2024) |
| 12/04/2024 | 240 | Minute Entry for proceedings held before Judge Maria E. Garcia: Discovery Status Conference held via Zoom on 12/4/2024. Total Time: 30 minutes (Court Reporter Courtsmart.) (Santos, S) (Entered: 12/04/2024) |
| 12/04/2024 | 241 | ORDER granting 236 Defendant Yale's Motion to Seal Exhibits E, I, J, K, Q to the Memorandum in Opposition to Plaintiffs Second Motion to Compel.<br>Signed by Judge Maria E. Garcia on 12/4/2024. (Esposito, A.) (Entered: 12/04/2024) |
| 12/04/2024 | 242 | ORDER re: 233 Plaintiff's Second Motion to Compel.<br>A discovery status conference was held on December 4, 2024, to address the outstanding discovery issues identified by the parties. After an opportunity to be heard, the Court entered the following deadlines and directed the parties to provide further information.<br>On or before **Friday, December 6, 2024,** Yale will provide a proposed schedule for rolling production and complete production of agreed upon discovery supported by affidavits from the people who are collecting and identifying information and documents responsive to Plaintiff's requests at both Yale and the third party e-discovery vendor.<br>On or before **Wednesday, December 11, 2024,** the parties will meet and confer by Zoom or in person regarding search terms for Khan's personal and Yale e-mail accounts and Doe's e-mail account(s) and propose a schedule for production.<br>The parties will also discuss Defendant's outstanding objections to Plaintiff's discovery that were not addressed in the Second Motion to Compel and any discovery from Plaintiff that Defendant contends remains outstanding. ECF No. 233. If the objections/issues are not resolved through a meet and confer, the parties will file a Joint Status Report and identify the issues and set forth their respective positions. The Joint Status Report is due |

|  |  |  |
|---|---|---|
|  |  | on or before **Tuesday, December 17, 2024.** A ruling on Plaintiff's Second Motion to Compel is reserved pending submission of further information and a follow-up meet and confer. However, as stated during the conference, the Court declines to consider an extension or stay of the discovery deadline of April 15, 2025. Rather, the Court will continue to closely monitor the progress of discovery production, will enter interim deadlines, and hold regular status conferences with the discovery deadline in place. Signed by Judge Maria E. Garcia on 12/4/24. (Esposito, A.) (Entered: 12/04/2024) |
| 12/05/2024 | 243 | RESPONSE re 226 Objection, filed by Jane Doe. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C)(Gooley, Brendan) (Entered: 12/05/2024) |
| 12/05/2024 |  | Set Deadlines: Joint Status Report due by 12/17/2024. (Santos, S) (Entered: 12/05/2024) |
| 12/05/2024 | 244 | Consent MOTION for Extension of Time until 12/12/24*to* hold meet and confer 242 Order,,,,,,, by Saifullah Khan. Motions referred to Maria E. Garcia(Taubes, Alexander) (Entered: 12/05/2024) |
| 12/06/2024 | 245 | ORDER granting 244 Consent Motion for Extension of Time within which to hold meet and confer on Thursday, December 12, 2024. The Joint Status Report is due on or before **Tuesday, December 17, 2024. ECF No. 242.** Signed by Judge Maria E. Garcia on 12/6/24. (Esposito, A.) (Entered: 12/06/2024) |
| 12/06/2024 | 246 | Consent MOTION for Extension of Time until Monday, December 9, 2024 to Provide the Court with its Proposed Schedule for Production with Supporting Affidavits 242 Order,,,,,,, by Yale University. Motions referred to Maria E. Garcia(Laurato, Maria) (Entered: 12/06/2024) |
| 12/06/2024 | 247 | ORDER granting 246 Consent MOTION for Extension of Time until Monday, December 9, 2024, for Yale to Provide the Court with its Proposed Schedule for Production with Supporting Affidavits. ECF. No. 242. Signed by Judge Maria E. Garcia on 12/6/24. (Esposito, A.) (Entered: 12/06/2024) |
| 12/09/2024 | 248 | MANDATE of USCA dated 12/9/2024 denying 218 Emergency Motion for Writ of Mandamus. (Fanelle, N.) (Entered: 12/09/2024) |
| 12/09/2024 | 249 | Consent MOTION for Extension of Time until Tuesday, December 10, 2024 to Provide the Court with its Proposed Schedule for Production with Supporting Affidavits 242 Order,,,,,,, by Yale University. Motions referred to Maria E. Garcia(Laurato, Maria) (Entered: 12/09/2024) |
| 12/10/2024 | 250 | ORDER granting 249 on Consent Yale's Second MOTION for Extension of Time until Tuesday, December 10, 2024 to Provide the Court with its Proposed Schedule for Production with Supporting Affidavits. *See* ECF No. 242. Signed by Judge Maria E. Garcia on 12/10/24. (Esposito, A.) (Entered: 12/10/2024) |
| 12/10/2024 | 251 | RESPONSE re 242 Order,,,,,,, by Lynn Cooley, Paul Genecin, Stephanie Spangler, Sarah Demers, Carole Goldberg, Yale University, Peter Salovey, Jonathon Halloway, Marvin Chun, Joe Gordon, David Post, Mark Solomon, Ann Kuhlman. (Attachments: # 1 Exhibit A Declaration of T. Castiello, # 2 Exhibit B Declaration of J. Chaput)(Laurato, Maria) (Entered: 12/10/2024) |
| 12/17/2024 | 252 | Joint STATUS REPORT by Lynn Cooley, Paul Genecin, Stephanie Spangler, Sarah Demers, Carole Goldberg, Yale University, Peter Salovey, Jonathon Halloway, Marvin Chun, Joe Gordon, David Post, Mark Solomon, Ann Kuhlman. (Laurato, Maria) (Entered: 12/17/2024) |
| 12/18/2024 | 253 | ORDER granting in part and finding as moot in part, 233 Plaintiff's Second Motion to Compel. |

The Court thanks the parties for their efforts to resolve the outstanding discovery issues. On December 10, 2024, Yale provided a Proposed Production Schedule with Declarations from Thomas Castiello, Information Security Engineer at Yale University and Joseph Chaput, Senior Forensic Examiner at TransPerfect Legal, Forensic Consulting and Technology. ECF No. 252. On December 17, 2024, the parties filed a Joint Status Report reporting they were able to resolve a number of outstanding issues and requested additional time to reach a compromise on remaining issues. ECF No. 252. After careful consideration, the Court enters the following schedule:

-**Schedule for Yale's Document Production:** Production will continue on a rolling basis. Production will be substantially completed by **January 10, 2025**, and completed by **January 20, 2025.** A privilege log will be produced on or before **January 24, 2025.**

-**Jane Doe's Inboxes, Objections to Plaintiff's Discovery Requests, Plaintiff's Outstanding Discovery Compliance Owed Yale and Jane Doe:** The parties report that "[m]any of these issues were resolved." ECF No. 252 at 1.-**Plaintiff's Inboxes and Social Media Accounts:** The parties will continue to work together to propose additional search terms and reach a compromise.

-**Yale's Objections to Plaintiff's Requests for Production served in 2020 and 2024:** Yale believes that the ESI proposal reasonably addressed the objections. Plaintiff states it is premature to identify outstanding discovery without reviewing the documents produced as aresult of the ESI Proposal. Plaintiff will review Yale's documents on a rolling basis and be prepared to identify outstanding issues in the Joint Status Report.

-Yale's Objections to Plaintiffs Interrogatories: The parties disagree whether objections were resolved. The parties propose that Yale will review and respond to Plaintiff's challenges to Yale's objections to certain interrogatories and will hold a meet and confer no later than **January 10, 2025.**

-The parties will file a Joint Status Report by the close of business on **January 13, 2025**, identifying what discovery issues remain outstanding.

Motions to Compel by all parties will be filed by **January 31, 2025.**

A Discovery Status Conference will be held on **January 14, 2025 at 4:00 PM** on Zoom. Signed by Judge Maria E. Garcia on 12/18/24. (Esposito, A.) (Entered: 12/18/2024)

| 12/19/2024 | 254 | NOTICE regarding hearing via Zoom: The Discovery Status Conference scheduled for 1/14/2025 at 4:00 p.m. will be conducted via Zoom.<br><br>Call-in and Public Access Number: 1 646 828 7666<br><br>Meeting ID: 160 595 2000<br><br>Meeting Password: 774855<br><br>*The Court will distribute the video link to the parties via email.*<br><br>Please note: **Members of the public are permitted to join this hearing by audio only using the public access number above. Video participation is permitted by the parties and counsel only.** This is in accordance with the remote access policies of the Judicial Conference of the United States, which governs the practices of the federal courts. All persons granted remote access to proceedings are reminded of the general prohibition against photographing, recording, screenshots, streaming, and rebroadcasting in any form, of court proceedings. Violation of these prohibitions may result in sanctions, including restricted entry to future hearings, denial of entry to future hearings, or any other sanctions deemed necessary by the court.<br><br>NOTICE OF E-FILED CALENDAR: THIS IS THE ONLY NOTICE COUNSEL/THE PARTIES WILL RECEIVE. |

| | | |
|---|---|---|
| | | Discovery Status Conference set for **1/14/2025 at 4:00 PM** before Judge Maria E. Garcia. (Santos, S) (Entered: 12/19/2024) |
| 12/19/2024 | | Set Deadlines: Joint Status Report due by 1/13/2025. (Santos, S) (Entered: 12/19/2024) |
| 01/13/2025 | 255 | Joint STATUS REPORT by Lynn Cooley, Paul Genecin, Stephanie Spangler, Sarah Demers, Carole Goldberg, Yale University, Peter Salovey, Jonathon Halloway, Marvin Chun, Joe Gordon, David Post, Mark Solomon, Ann Kuhlman. (Laurato, Maria) (Entered: 01/13/2025) |
| 01/14/2025 | 256 | Minute Entry for proceedings held before Judge Maria E. Garcia: Discovery status conference held on 1/14/2025 via Zoom. Total Time: 1 hour and 12 minutes (Court Reporter Courtsmart.) (Santos, S) (Entered: 01/15/2025) |
| 01/15/2025 | 257 | ORDER re: January 15, 2025 Discovery Status Conference. The parties report that since the last Discovery Status Conference, they met and conferred and worked through several issues, (ECF No. 255), including: -Challenges to Yale's objections to Plaintiff's Discovery Requests; -The sufficiency of certain of Plaintiff's interrogatory responses; -Search of Plaintiff's and Jane Doe's respective in-boxes; and -Plaintiff's outstanding discovery compliance owed to both Yale and Jane Doe. -On January 10, 2025, Defendant Yale served substantial production of the ESI search conducted on the in-boxes of the agreed-upon custodians. Yale expects to complete production on January 20, 2025. -Doe will serve substantial production of documents regarding agreed upon search terms on or before January 24, 2025 **PRIVILEGE LOG** Any party withholding responsive documents on the basis of Attorney-Client Privilege or Work-Product Protection will provide a Privilege Log by January 24, 2025. As discussed at the hearing, if a redaction is not covered by the privilege log, the parties will meet and confer to discuss the basis for the redaction. A Joint Status Report will be filed ten (10) days after the meet and confer, identifying outstanding issues and will set forth the basis for the redaction and the parties' positions. **MOTIONS TO COMPEL** Motions to Compel by all parties will be filed by January 31, 2025. As discussed during yesterday's conference, the motions may be filed on a rolling basis. Outstanding issues that are unresolved through meet and confer and production will be filed by January 31, 2025. Issues that remain amenable to resolution through the meet and confer process, or that because of the rolling basis of production may not become ripe until later in the month may be filed at a later date subject to filing a timely Motion for Extension of Time in advance of the deadline providing a good faith basis for the extension with a proposed filing deadline. **SEARCH RE: IN-BOXES** The parties report there may be general agreement on the proposed search terms for the search of Plaintiff's and Jane Doe's in-boxes, but that issues remain that are still being discussed. The parties will meet and confer on Friday, January 17, 2025, to discuss the search terms; timeframe for the search of documents; the process for the search; and a deadline for completion. **DEPOSITION SCHEDULE** At the meet and confer on January 17, 2025, the parties will also discuss a schedule for deposing witnesses. They anticipate that the depositions will begin in March 2025. Defendants anticipate deposing five to six (5-6) witnesses. Plaintiff anticipates deposing twenty (20) witnesses. As noted during the conference, Judge Dooley previously denied Plaintiff's Request for permission to notice twenty depositions, with leave to file to renew the request after the close of written discovery. *See* ECF No. 71 ("Plaintiff's request for |

permission to notice 20 depositions is DENIED without prejudice. If, following written discovery, the Plaintiff is able to identify more than 10 individuals whose deposition he believes are appropriately noticed, he may renew his request. Defendants may renew any objection as well."). Counsel are directed to line-up the witnesses they propose to depose and set aside dates in March during the meet and confer.

**SUPPLEMENTAL RESPONSES TO INTERROGATORIES**

The parties will supplement responses to interrogatories identified in the Joint Status Report dated January 13, 2025, (ECF No. 255), by February 12, 2025.

**JOINT STATUS REPORT**

The parties will file a Joint Status Report by close of business on January 21, 2025.

**FOLLOW-UP DISCOVERY STATUS CONFERENCE**

A follow-up Discovery Status Conference will be held on January 23, 2025, at 11:00 a.m. The parties will be prepared to discuss progress on search terms and limiting time frames for search of e-mail accounts and social media accounts, and a list of proposed depositions of witnesses and experts and a deposition schedule/plan.

Signed by Judge Maria E. Garcia on 1/15/25. (Esposito, A.) (Entered: 01/15/2025)

| 01/16/2025 | 258 | MOTION for Extension of Time until 1/21-22/25 Comply with ECF 253 and 257 by Lynn Cooley, Paul Genecin, Stephanie Spangler, Sarah Demers, Carole Goldberg, Yale University, Peter Salovey, Jonathon Halloway, Marvin Chun, Joe Gordon, David Post, Mark Solomon, Ann Kuhlman. Motions referred to Maria E. Garcia(Laurato, Maria) (Entered: 01/16/2025) |
|---|---|---|
| 01/16/2025 | 259 | NOTICE regarding hearing via Zoom: The follow-up discovery status conference scheduled for 1/23/2025 at 11:00 a.m. will be conducted via Zoom.<br><br>Call-in and Public Access Number: 1 646 828 7666<br><br>Meeting ID: 161 613 1298<br><br>Meeting Password: 130993<br><br>*The Court will distribute the video link to the parties via email.*<br><br>Please note: **Members of the public are permitted to join this hearing by audio only using the public access number above. Video participation is permitted by the parties and counsel only.** This is in accordance with the remote access policies of the Judicial Conference of the United States, which governs the practices of the federal courts. All persons granted remote access to proceedings are reminded of the general prohibition against photographing, recording, screenshots, streaming, and rebroadcasting in any form, of court proceedings. Violation of these prohibitions may result in sanctions, including restricted entry to future hearings, denial of entry to future hearings, or any other sanctions deemed necessary by the court.<br><br>NOTICE OF E-FILED CALENDAR: THIS IS THE ONLY NOTICE COUNSEL/THE PARTIES WILL RECEIVE.<br>Follow-up discovery status conference set for **1/23/2025 at 11:00 AM** before Judge Maria E. Garcia. (Santos, S) (Entered: 01/16/2025) |
| 01/16/2025 | | Set Deadlines: Joint Status Report due by 1/21/2025. (Santos, S) (Entered: 01/16/2025) |
| 01/17/2025 | 260 | ORDER granting on consent 258 MOTION for Extension of Time until 1/22/25 at 2:00 p.m. to comply with the Court's deadlines set forth in ECF Nos. 253 and 257. Signed by Judge Maria E. Garcia on 1/17/25. (Esposito, A.) (Entered: 01/17/2025) |

| 01/22/2025 | 261 | Joint STATUS REPORT by Lynn Cooley, Paul Genecin, Stephanie Spangler, Sarah Demers, Carole Goldberg, Yale University, Peter Salovey, Jonathon Halloway, Marvin Chun, Joe Gordon, David Post, Mark Solomon, Ann Kuhlman. (Laurato, Maria) (Entered: 01/22/2025) |
|---|---|---|
| 01/23/2025 | 262 | **ORDER re: January 23, 2025 Status Conference.**<br>A Discovery Status Conference was held on January 23, 2025, after consideration of the parties January 22, 2025, (ECF No. 261), Joint Status Report and after conferring with the parties, the agreements and deadlines are memorialized as follows:<br>**Yale's Document Production**: Yale reports that it completed document production, including its ESI document production and an additional rolling production on January 21, 2025.<br>Plaintiff reports he has not completed review of the document production produced on January 21, 2025.<br>**Plaintiff's Inboxes, Text Messages, and Social Media Accounts**: The parties report agreement as to the search terms and time frames to be applied.<br>The parties report that Yale is working with its ESI vendor to provide access to Plaintiff's counsel to perform an independent review of Plaintiff's inbox.<br>They report that once the data is uploaded to the vendor's database and the search terms applied it will take approximately 4-5 days before Plaintiff's counsel will be able to begin his review.<br>Plaintiff indicated he is in the process of engaging a vendor to assist with the search of Plaintiff's inboxes and social media. Plaintiff shall produce responsive documents on a rolling basis, with completion by February 21, 2025. Plaintiff's privilege log is due February 21, 2025.<br>The parties agree to meet and confer to discuss narrowing the subset of search terms should Defendants request a search of Plaintiff's social media accounts beyond the December 31, 2019 time frame. Plaintiff will file a motion if any dispute arises that the parties are unable to work through at a meet and confer conference.<br>**Doe's Inboxes:** The parties generally report agreement as to the search terms and time frame to be applied.<br>However, Doe objects to expanding the search past January 22, 2019. Plaintiff stated that he may be seeking a small subset of responsive documents for the period past January 22, 2019, will meet and confer with Defendants regarding a targeted request based on his discovery requests and file a motion by January 31, 2025, if the parties are unable to reach an agreement.<br>The parties report an open issue as to whether Doe searches her emails: (1) prior to October 2015; and/or (2) for search terms related to the Sally Roe, *et al* allegations. If Doe agrees to expand her search to a broader time frame, she reserves her right to supplement her production after the parties' agreed upon production date of January 24, 2025. Plaintiff will file a motion if any dispute arises that the parties are unable to work through at a meet and confer conference.<br>Doe reports that she will complete production on January 28, 2025.<br>**Hearing Transcript**: Plaintiff ordered and received unredacted transcripts from the hearing and started the process of redaction.<br>**Deposition Schedule**: The parties agree to block six dates in March to conduct approximately 16 depositions. The agreed to dates are: March 13, 17, 18, 19, 21 and 24, 2025. Plaintiff will provide a list of his top ten witnesses including Rule 30(b)(6) topics. Defendants will provide a list of their respective top six deponents. The parties will meet and confer regarding whether depositions will be held in person or by Zoom. Plaintiff agreed to provide a list of 30(b)(6) topics by February 7, 2025.<br>**Disclosure of Plaintiff's Expert Witnesses:** The deadline for Plaintiff to disclose expert witnesses was October 2024. If given leave, Plaintiff anticipates disclosing two experts; one on liability and another on damages. Plaintiff's motion for leave to reopen the |

deadline for disclosure of expert witnesses is due on or before January 29, 2025. Defendants' current deadline to disclose their expert witnesses is February 15, 2025. Defendants' request to hold the deadline in abeyance is GRANTED, until a ruling issues on Plaintiff's motion.

**Yale's and Doe's Privilege Log**: Defendants' Joint Motion for Extension of Time to produce their privilege logs by January 28, 2025, is GRANTED on consent.

**Motions to Compel**: The parties will meet and confer regarding filing of Motions to Compel and a timeline for filing. Any motion to extend the current deadline of January 31, 2025, will identify the issue by topic, state the reason for the extension, and assign a date for filing the motion and responses. The parties will state whether the extension will impact the current deposition schedule and/or other discovery deadlines. The motion will be filed by January 29, 2025.

The parties will file a Joint Status Report by close of business on **February 4, 2025.**

A Discovery Status Conference is scheduled for **February 7, 2025 at 10:30 a.m.**

Signed by Judge Maria E. Garcia on 1/23/25. (Esposito, A.) (Entered: 01/23/2025)

| 01/23/2025 | 263 | Minute Entry for proceedings held before Judge Maria E. Garcia: Follow-up discovery status conference held on 1/23/2025 via Zoom. Total Time: 41 minutes (Court Reporter Courtsmart.) (Santos, S) (Entered: 01/24/2025) |
| --- | --- | --- |
| 01/24/2025 | 264 | NOTICE regarding hearing via Zoom: The discovery status conference scheduled for 2/7/2025 at 10:30 a.m. will be conducted via Zoom.

Call-in and Public Access Number: 1 646 828 7666

Meeting ID: 161 031 2082

Meeting Password: 520499

*The Court will distribute the video link to the parties via email.*

Please note: **Members of the public are permitted to join this hearing by audio only using the public access number above. Video participation is permitted by the parties and counsel only.** This is in accordance with the remote access policies of the Judicial Conference of the United States, which governs the practices of the federal courts. All persons granted remote access to proceedings are reminded of the general prohibition against photographing, recording, screenshots, streaming, and rebroadcasting in any form, of court proceedings. Violation of these prohibitions may result in sanctions, including restricted entry to future hearings, denial of entry to future hearings, or any other sanctions deemed necessary by the court.

NOTICE OF E-FILED CALENDAR: THIS IS THE ONLY NOTICE COUNSEL/THE PARTIES WILL RECEIVE.
Discovery status conference set for **2/7/2025 at 10:30 AM** before Judge Maria E. Garcia. (Santos, S) (Entered: 01/24/2025) |
| 01/29/2025 | 265 | ORDER denying Defendants' 123 and 130 Emergency Motions to Dismiss. See attached Memorandum of Decision.
Signed by Judge Kari A. Dooley on 1/29/2025. (Alquesta, S) (Entered: 01/29/2025) |
| 01/29/2025 | 266 | Joint MOTION for Extension of Time until 2/28/2025*to file motions to compel and 3/6/2025* to file responses 262 Order,,,,,,,,,,,,,,,,,, by Saifullah Khan. Motions referred to Maria E. Garcia(Taubes, Alexander) (Entered: 01/29/2025) |

| 01/30/2025 | 267 | ORDER granting 266 Joint MOTION for Extension of Time until 2/28/2025 to file motions to compel and 3/6/2025 to file responses. The Court does not anticipate granting further extensions of this deadline. Signed by Judge Maria E. Garcia on 1/30/25. (Esposito, A.) Modified on 1/30/2025 (Lewis, D). (Entered: 01/30/2025) |
|---|---|---|
| 01/31/2025 | 268 | ORDER re 262 Order. In light of the fact that Plaintiff has not filed a motion for leave to disclose experts by the deadline (January 29, 2025), the Defendants' deadline to disclose experts is reinstated as follows: Defendants shall designate all trial experts and provide opposing counselwith reports from retained experts pursuant to Fed. R. Civ. P. 26(a)(2) by February 22, 2025. Depositions of such experts will be completed by April 22, 2025. Signed by Judge Maria E. Garcia on 1/31/2025.(Garcia, Maria) (Entered: 01/31/2025) |
| 02/03/2025 | 269 | ORDER TO SHOW CAUSE re: Sealed Filings cited in the Court's 265 Memorandum of Decision. See attached order. Show Cause Response due by **February 25, 2025**. Signed by Judge Kari A. Dooley on 2/3/2025. (Alquesta, S) (Entered: 02/03/2025) |
| 02/04/2025 | 270 | Joint STATUS REPORT by Jane Doe. (Gooley, Brendan) (Entered: 02/04/2025) |
| 02/07/2025 | 271 | ORDER. The Court held a discovery status conference today. As discussed, a follow-up conference is scheduled for **February 24, 2025.** The parties shall meet and confer prior to the follow-up conference, but no later than **February 21, 2025.** It is so ordered. Signed by Judge Maria E. Garcia on 2/7/2025. (Karamanakis, K) (Entered: 02/07/2025) |
| 02/07/2025 | 272 | Minute Entry for proceedings held before Judge Maria E. Garcia: Follow-up discovery status conference held on 2/7/2025. Total Time: 14 minutes (Court Reporter Courtsmart.) (Santos, S) (Entered: 02/07/2025) |
| 02/07/2025 | 273 | NOTICE regarding hearing via Zoom: The follow-up discovery status conference scheduled for 2/24/2025 at 4:00 p.m. will be conducted via Zoom.

Call-in and Public Access Number: 1 646 828 7666

Meeting ID: 160 237 9600

Meeting Password: 257641

*The Court will distribute the video link to the parties via email.*

Please note: **Members of the public are permitted to join this hearing by audio only using the public access number above. Video participation is permitted by the parties and counsel only.** This is in accordance with the remote access policies of the Judicial Conference of the United States, which governs the practices of the federal courts. All persons granted remote access to proceedings are reminded of the general prohibition against photographing, recording, screenshots, streaming, and rebroadcasting in any form, of court proceedings. Violation of these prohibitions may result in sanctions, including restricted entry to future hearings, denial of entry to future hearings, or any other sanctions deemed necessary by the court.

NOTICE OF E-FILED CALENDAR: THIS IS THE ONLY NOTICE COUNSEL/THE PARTIES WILL RECEIVE. Follow-up discovery status conference set for **2/24/2025 at 4:00 PM** before Judge Maria E. Garcia. (Santos, S) (Entered: 02/07/2025) |
| 02/18/2025 | 274 | Joint MOTION for Extension of Time until 2.28.2025, 2.28.2025, 3.7.2025, 3.13.2025, 3.3.2025 *for* Plaintiff's Production/Privilege Log, Meet and Confer, Remaining Motions to Compel, Responses to Remaining Motions to Compel, Defendants' Expert Disclosure |

| | | |
|---|---|---|
| | | Deadline, Respectively by Jane Doe. Motions referred to Maria E. Garcia(Gooley, Brendan) (Entered: 02/18/2025) |
| 02/19/2025 | 275 | ORDER granting 274 on consent Joint Motion for Extension of Time.<br>The schedule is modified as follows:<br>Plaintiff's Production/Privilege Log: by February 28, 2025<br>Meet And Confer: will be held on February 28, 2025<br>Remaining Motions To Compel: by March 7, 2025<br>Responses To Remaining Motions To Compel: by March 13, 2025<br>Defendants' Expert Disclosure Deadline: March 3, 2025<br><br>A follow-up Discovery Status Conference will be held on March 7, 2025 at 10:00 AM on Zoom.<br>Signed by Judge Maria E. Garcia on 2/19/25. (Esposito, A.) (Entered: 02/19/2025) |
| 02/19/2025 | 276 | NOTICE regarding hearing via Zoom: The Follow-up discovery status conference scheduled for 3/7/2025 at 10:00 a.m. will be conducted via Zoom.<br><br>Call-in and Public Access Number: 1 646 828 7666<br><br>Meeting ID: 160 237 9600<br><br>Meeting Password: 257641<br><br>*The Court will distribute the video link to the parties via email.*<br><br>Please note: **Members of the public are permitted to join this hearing by audio only using the public access number above. Video participation is permitted by the parties and counsel only.** This is in accordance with the remote access policies of the Judicial Conference of the United States, which governs the practices of the federal courts. All persons granted remote access to proceedings are reminded of the general prohibition against photographing, recording, screenshots, streaming, and rebroadcasting in any form, of court proceedings. Violation of these prohibitions may result in sanctions, including restricted entry to future hearings, denial of entry to future hearings, or any other sanctions deemed necessary by the court.<br><br>NOTICE OF E-FILED CALENDAR: THIS IS THE ONLY NOTICE COUNSEL/THE PARTIES WILL RECEIVE. *RESET FROM 2/24/2025, 4:00 p.m.* Follow-up discovery status conference set for **3/7/2025 at 10:00 AM** before Judge Maria E. Garcia. (Santos, S) (Entered: 02/19/2025) |
| 02/25/2025 | 277 | RESPONSE TO 269 Order to Show Cause by Jane Doe filed by Jane Doe. (Gooley, Brendan) (Entered: 02/25/2025) |
| 02/25/2025 | 278 | MOTION to Seal Exhibits to Jane Doe's Response to the Court's Show Cause Order by Jane Doe. Motions referred to Maria E. Garcia(Gooley, Brendan) (Entered: 02/25/2025) |
| 02/25/2025 | 279 | Sealed Document: Exhibits A-F to Jane Doe's Response to Order to Show Cause by Jane Doe . (Attachments: # 1 Exhibit A (Sealed), # 2 Exhibit B (Sealed), # 3 Exhibit C (Sealed), # 4 Exhibit D (Sealed), # 5 Exhibit E (Sealed), # 6 Exhibit F (Sealed))(Gooley, Brendan) (Entered: 02/25/2025) |
| 02/25/2025 | 280 | RESPONSE TO 269 Order to Show Cause by Marvin Chun, Lynn Cooley, Sarah Demers, Paul Genecin, Carole Goldberg, Joe Gordon, Jonathon Halloway, Ann Kuhlman, David Post, Peter Salovey, Mark Solomon, Stephanie Spangler, Yale University filed by Marvin Chun, Lynn Cooley, Sarah Demers, Paul Genecin, Carole Goldberg, Joe Gordon, |

| | | |
|---|---|---|
| | | Jonathon Halloway, Ann Kuhlman, David Post, Peter Salovey, Mark Solomon, Stephanie Spangler, Yale University. (Laurato, Maria) (Entered: 02/25/2025) |
| 02/25/2025 | 281 | MOTION for *Order* Requiring Certain Discussion of Documents Subject to Potential Unsealing to be Filed Under Seal Order by Jane Doe. Motions referred to Maria E. Garcia(Gooley, Brendan) (Entered: 02/25/2025) |
| 02/27/2025 | 282 | Consent MOTION for Extension of Time until March 7, 2025 to Disclose Potential Expert by Jane Doe. Motions referred to Maria E. Garcia(Gooley, Brendan) (Entered: 02/27/2025) |
| 02/28/2025 | 283 | ORDER granting 282 on consent Doe's Motion for Extension of Time to disclose one of her potential experts to March 3, 2025. Signed by Judge Maria E. Garcia on 2/28/25. (Esposito, A.) (Entered: 02/28/2025) |
| 03/04/2025 | 284 | Joint STATUS REPORT by Saifullah Khan. (Taubes, Alexander) (Entered: 03/04/2025) |
| 03/07/2025 | 285 | ORDER re: 276 March 7, 2025 Discovery Status Conference.<br>During today's conference the following schedule was set:<br>-Plaintiff will produce his Privilege Log by the close of business today.<br>-Defendant Doe will disclose her additional expert by the close of business today.<br>-The parties will meet and confer at least two times and file a proposed scheduling order prior to the next conference.<br>A follow-up Discovery Status Conference will be held on **March 19, 2025 at 4:00 PM.** A separate calendar will enter.<br>Signed by Judge Maria E. Garcia on 3/7/25. (Esposito, A.) (Entered: 03/07/2025) |
| 03/07/2025 | 286 | Minute Entry for proceedings held before Judge Maria E. Garcia: Follow-up discovery status conference held on 3/7/2025 via Zoom. Total Time: 60 minutes (Court Reporter Courtsmart.) (Santos, S) (Entered: 03/07/2025) |
| 03/07/2025 | 287 | NOTICE regarding hearing via Zoom: The follow-up discovery status conference scheduled for 3/19/2025 at 4:00 p.m. will be conducted via Zoom.<br><br>Call-in and Public Access Number: 1 646 828 7666<br><br>Meeting ID: 161 323 8360<br><br>Meeting Password: 399004<br><br>*The Court will distribute the video link to the parties via email.*<br><br>Please note: **Members of the public are permitted to join this hearing by audio only using the public access number above. Video participation is permitted by the parties and counsel only.** This is in accordance with the remote access policies of the Judicial Conference of the United States, which governs the practices of the federal courts. All persons granted remote access to proceedings are reminded of the general prohibition against photographing, recording, screenshots, streaming, and rebroadcasting in any form, of court proceedings. Violation of these prohibitions may result in sanctions, including restricted entry to future hearings, denial of entry to future hearings, or any other sanctions deemed necessary by the court.<br><br>NOTICE OF E-FILED CALENDAR: THIS IS THE ONLY NOTICE COUNSEL/THE PARTIES WILL RECEIVE.<br>Follow-up discovery status conference set for **3/19/2025 at 4:00 PM** before Judge Maria E. Garcia. (Santos, S) (Entered: 03/07/2025) |

| 03/18/2025 | 288 | Joint STATUS REPORT *AND MOTION FOR CONTINUANCE* by Jane Doe. (Gooley, Brendan) (Entered: 03/18/2025) |
|---|---|---|
| 03/19/2025 | 289 | ORDER granting 288 Joint Motion for Continuance.<br>The following deadlines are continued:<br>The parties will hold a second meet and confer on or before March 25, 2025.<br>A proposed Scheduling Order will be filed on or before March 21, 2025.<br>A follow-up Discovery Status Conference will be held on **March 28, 2025 at 10:00 AM**.<br><br>Signed by Judge Maria E. Garcia on 3/19/25. (Esposito, A.) (Entered: 03/19/2025) |
| 03/19/2025 | 290 | NOTICE regarding hearing via Zoom: The follow-up discovery status conference scheduled for 3/28/2025 at 10:00 a.m. will be conducted via Zoom.<br><br>Call-in and Public Access Number: 1 646 828 7666<br><br>Meeting ID: 161 323 8360<br><br>Meeting Password: 399004<br><br>*The Court will distribute the video link to the parties via email.*<br><br>Please note: **Members of the public are permitted to join this hearing by audio only using the public access number above. Video participation is permitted by the parties and counsel only.** This is in accordance with the remote access policies of the Judicial Conference of the United States, which governs the practices of the federal courts. All persons granted remote access to proceedings are reminded of the general prohibition against photographing, recording, screenshots, streaming, and rebroadcasting in any form, of court proceedings. Violation of these prohibitions may result in sanctions, including restricted entry to future hearings, denial of entry to future hearings, or any other sanctions deemed necessary by the court.<br><br>NOTICE OF E-FILED CALENDAR: THIS IS THE ONLY NOTICE COUNSEL/THE PARTIES WILL RECEIVE. *RESET FROM 3/19/2025, at 4:00 p.m.* Follow-up discovery status conference set for **3/28/2025 at 10:00 AM** before Judge Maria E. Garcia. (Santos, S) (Entered: 03/19/2025) |
| 03/19/2025 | 291 | ORDER: The follow-up discovery status conference scheduled for March 28, 2025 has been rescheduled to March 27, 2025, at 10:00 a.m.<br>Signed by Judge Maria E. Garcia on 3/19/2025. (Santos, S) (Entered: 03/19/2025) |
| 03/19/2025 | 292 | NOTICE regarding hearing via Zoom: The follow-up discovery conference scheduled for 3/27/2025 at 10:00 a.m. will be conducted via Zoom.<br><br>Call-in and Public Access Number: 1 646 828 7666<br><br>Meeting ID: 161 323 8360<br><br>Meeting Password: 399004<br><br>*The Court will distribute the video link to the parties via email.*<br><br>Please note: **Members of the public are permitted to join this hearing by audio only using the public access number above. Video participation is permitted by the parties and counsel only.** This is in accordance with the remote access policies of the Judicial Conference of the United States, which governs the practices of the federal |

courts. All persons granted remote access to proceedings are reminded of the general prohibition against photographing, recording, screenshots, streaming, and rebroadcasting in any form, of court proceedings. Violation of these prohibitions may result in sanctions, including restricted entry to future hearings, denial of entry to future hearings, or any other sanctions deemed necessary by the court.

NOTICE OF E-FILED CALENDAR: THIS IS THE ONLY NOTICE COUNSEL/THE PARTIES WILL RECEIVE. *RESET FROM 3/28/2025, at 10:00 a.m.* Follow-up discovery status conference set for **3/27/2025 at 10:00 AM** before Judge Maria E. Garcia. (Santos, S) (Entered: 03/19/2025)

| | | |
|---|---|---|
| 03/19/2025 | 293 | TRANSCRIPT of Proceedings: Type of Hearing: Discovery Status Conference. Held on March 7, 2025 before Judge Maria E. Garcia. Court Reporter: Martha Marshall (Transcriber). **IMPORTANT NOTICE - REDACTION OF TRANSCRIPTS:** To remove personal identifier information from the transcript, a party must electronically file a Notice of Intent to Request Redaction with the Clerk's Office within seven (7) calendar days of this date. If no such Notice is filed, the court will assume redaction of personal identifiers is not necessary and the transcript will be made available through PACER without redaction 90 days from today's date. The transcript may be viewed at the court public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. The policy governing the redaction of personal information is located on the court website at www.ctd.uscourts.gov. Redaction Request due 4/9/2025. Redacted Transcript Deadline set for 4/21/2025. Release of Transcript Restriction set for 6/17/2025. (Marshall, Martha) (Entered: 03/19/2025) |
| 03/19/2025 | 294 | MOTION to Compel by Saifullah Khan.Responses due by 4/9/2025 (Attachments: # 1 Exhibit Plaintiff's 2020 Discovery Requests and Yale Objections, # 2 Exhibit Plaintiff's 2024 Discovery Requests and Yale Objections, # 3 Affidavit of Compliance with Local Rule 37, # 4 Text of Proposed Order)Motions referred to Maria E. Garcia(Taubes, Alexander) (Entered: 03/19/2025) |
| 03/21/2025 | 295 | PROPOSED ORDER *Joint Proposed Scheduling Order* by Jane Doe. (Gooley, Brendan) (Entered: 03/21/2025) |
| 03/27/2025 | 296 | Minute Entry for proceedings held before Judge Maria E. Garcia: Follow-up discovery status conference held on 3/27/2025. Total Time: 51 minutes (Court Reporter Courtsmart.) (Santos, S) (Entered: 03/27/2025) |
| 03/27/2025 | 297 | AMENDED SCHEDULING ORDER. During a Discovery Status Conference held March 27, 2025, the Court heard the parties on their Joint Proposed Scheduling Order, ECF No. 295. The parties agree that fact and expert discovery will not be conducted in phases. The Court adopts and modifies the schedule as follows:<br><br>-Defendants' Response to Plaintiff's Motion to Compel by April 28, 2025. Plaintiff's Reply by May 5, 2025. The briefs will include legal authority for the discovery they seek to compel.<br>-Update Initial Disclosures on or before April 30, 2025.<br>-Remaining Motions to Compel, including issues raised regarding the Privilege Logs and redactions, will be filed by April 30, 2025.<br>-Responses to Remaining Motions to Compel by May 21, 2025.<br>-Disclosure of Plaintiff's Rebuttal Experts by May 19, 2025.<br>-Fact Depositions, other than Jane Doe, by August 15, 2025.<br>-Supplementation of Expert Reports by July 31, 2025.<br>-Depositions of Rebuttal Experts by August 30, 2025.<br>-*Daubert*/Expert Motions by September 30, 2025. |

| | | |
|---|---|---|
| | | -Close of Discovery (Doe's Deposition) by October 15, 2025.<br>-Filing of Dispositive Motions by November 14, 2025.<br>-Opposition to Dispositive Motions by December 19, 2025.<br>-Replies to Dispositive Motions by January 9, 2026.<br><br>Signed by Judge Maria E. Garcia on 3/27/25. (Esposito, A.) (Entered: 03/27/2025) |
| 03/27/2025 | 298 | MEMORANDUM of March 27, 2025, Discovery Status Conference.<br>-Plaintiff will provide to Defendants a list of the people he seeks to depose by April 11, 2025, for discussion during the scheduled meet and confer conferences.<br>-By April 11, 2025, Defendants will provide dates for Plaintiff's deposition which the parties have agreed to be limited to ten hours spread over two nonconsecutive days.<br>-Plaintiff and Defendant Doe will hold a separate meet and confer regarding outstanding discovery that may be the subject of a Motion to Compel in an effort to narrow the discovery at issue.<br>-The parties agreed to hold follow-up meet and confer conferences in person on April 18 and 21, 2025. The parties will discuss Plaintiff's July 2024, 84 Requests for Production during the conferences.<br>- The parties will file a Joint Status Report on or before **April 23, 2025,** and provide a chart of the deposition schedule. The chart will contain the details discussed during today's conference, including identifying the date for the depositions, whether the deposition will be taken in person or virtually, the expected length of the deposition, and any other information that will assist the parties in scheduling.<br>-A follow-up Discovery Status Conference will be held on **April 24, 2025 at 10:00 AM** via Zoom.<br><br>Signed by Judge Maria E. Garcia on 3/27/2025. (Esposito, A.) Modified text on 3/27/2025 (Santos, S). (Entered: 03/27/2025) |
| 03/27/2025 | 299 | NOTICE regarding hearing via Zoom: The follow-up discovery status conference scheduled for 4/24/2025 at 10:00 a.m. will be conducted via Zoom.<br><br>Call-in and Public Access Number: 1 646 828 7666<br><br>Meeting ID: 160 125 5046<br><br>Meeting Password: 191120<br><br>*The Court will distribute the video link to the parties via email.*<br><br>Please note: **Members of the public are permitted to join this hearing by audio only using the public access number above. Video participation is permitted by the parties and counsel only.** This is in accordance with the remote access policies of the Judicial Conference of the United States, which governs the practices of the federal courts. All persons granted remote access to proceedings are reminded of the general prohibition against photographing, recording, screenshots, streaming, and rebroadcasting in any form, of court proceedings. Violation of these prohibitions may result in sanctions, including restricted entry to future hearings, denial of entry to future hearings, or any other sanctions deemed necessary by the court.<br><br>NOTICE OF E-FILED CALENDAR: THIS IS THE ONLY NOTICE COUNSEL/THE PARTIES WILL RECEIVE.<br>Follow-up discovery status conference set for **4/24/2025 at 10:00 AM** before Judge Maria E. Garcia. (Santos, S) (Entered: 03/27/2025) |

| 03/27/2025 | 300 | Set Deadlines: Dispositive motion due by 11/14/2025, responses due 12/19/2025, replies due 1/9/2026, response to 294 MOTION to Compel due by 4/28/2025, reply by 5/5/2025. (Santos, S) (Entered: 03/31/2025) |
| --- | --- | --- |
| 03/27/2025 | | Set Deadlines: Joint status report due by 4/23/2025. (Santos, S) (Entered: 03/31/2025) |
| 03/31/2025 | 301 | ENTERED IN ERROR: NOTICE OF E-FILED CALENDAR: THIS IS THE ONLY NOTICE COUNSEL/THE PARTIES WILL RECEIVE. A follow-up settlement call is scheduled for **March 31, 2025, at 4:00 p.m.**, before Judge Maria E. Garcia. All parties shall attend. To join the call, please dial **203-684-6202** and enter the **conference ID 174 517 042#** when prompted. (Santos, S) Modified on 3/31/2025 (Santos, S). (Entered: 03/31/2025) |
| 03/31/2025 | 302 | Docket Entry Correction re 301 Calendar Entry: Docketed on wrong case. (Santos, S) (Entered: 03/31/2025) |
| 04/18/2025 | 303 | ORDER. The Telephonic Status Conference scheduled for April 22, 2025, *see* ECF No. 68, is cancelled. It shall be rescheduled by the Court to a date after the close of discovery. Signed by Judge Kari A. Dooley on 4/18/2025. (Alquesta, S) (Entered: 04/18/2025) |
| 04/23/2025 | 304 | Joint STATUS REPORT *AND MOTION FOR EXTENSION* by Jane Doe. (Gooley, Brendan) (Entered: 04/23/2025) |
| 04/24/2025 | 305 | ORDER granting 304 Joint STATUS REPORT AND MOTION FOR EXTENSION by Jane Doe. The Court held a Discovery Status Conference today. The Parties reported progress scheduling depositions and reported that they continue to meet and confer to address issues raised in Plaintiff's Motion to Compel and Plaintiff's Privilege Log. The Joint Motion to Extend the deadlines are granted as follows: 1. Responses to Plaintiff's Motion to Compel are due **May 7, 2025**; 2. Remaining Motions to Compel are due **May 7, 2025**; and 3. Responses to remaining Motions to Compel are due **May 28, 2025**.<br><br>A follow-up Discovery Status Conference will be held via Zoom on **May 9, 2025 at 1:00 PM.** The parties will file a Joint Status Report, by the close of business **May 8, 2025** identifying issues to be addressed during the conference. Signed by Judge Maria E. Garcia on 4/24/25. (Esposito, A.) (Entered: 04/24/2025) |
| 04/24/2025 | 306 | Minute Entry for proceedings held before Judge Maria E. Garcia: Motion hearing 304 Joint STATUS REPORT *AND MOTION FOR EXTENSION* by Jane Doe. Motion Hearing held on 4/24/2025 via Zoom. Follow-up Discovery status conference held on 4/24/2025 via Zoom. Total Time: 13 minutes (Court Reporter Courtsmart.) (Santos, S) (Entered: 04/24/2025) |
| 04/24/2025 | 307 | NOTICE regarding hearing via Zoom: The follow-up discovery status conference scheduled for 5/9/2025 at 1:00 p.m. will be conducted via Zoom.<br><br>Call-in and Public Access Number: 1 646 828 7666<br><br>Meeting ID: 160 703 8044<br><br>Meeting Password: 390308<br><br>*The Court will distribute the video link to the parties via email.*<br><br>Please note: **Members of the public are permitted to join this hearing by audio only using the public access number above. Video participation is permitted by the** |

| | | |
|---|---|---|
| | | **parties and counsel only.** This is in accordance with the remote access policies of the Judicial Conference of the United States, which governs the practices of the federal courts. All persons granted remote access to proceedings are reminded of the general prohibition against photographing, recording, screenshots, streaming, and rebroadcasting in any form, of court proceedings. Violation of these prohibitions may result in sanctions, including restricted entry to future hearings, denial of entry to future hearings, or any other sanctions deemed necessary by the court.<br><br>NOTICE OF E-FILED CALENDAR: THIS IS THE ONLY NOTICE COUNSEL/THE PARTIES WILL RECEIVE.<br>Follow-up discovery status conference set for **5/9/2025 at 1:00 PM** before Judge Maria E. Garcia. (Santos, S) (Entered: 04/28/2025) |
| 04/24/2025 | | Set Deadlines: Joint status report due by 5/8/2025. (Santos, S) (Entered: 04/28/2025) |
| 05/06/2025 | 308 | Joint MOTION for Extension of Time until 5/12 and 5/13 To File Motions to Compel and File Joint Status Report, and to reschedule Discovery Status Conference by Yale University. Motions referred to Maria E. Garcia(Weller, Giovanna) (Entered: 05/06/2025) |
| 05/07/2025 | 309 | ORDER granting 308 Joint Motion for Extension of Time as follows:<br>- Motions to Compel are due **Monday, March 12, 2025;** and<br>-The parties will file a Joint Status Report by **Friday, May 16, 2025;**<br>A follow-up Discovery Status Conference is *rescheduled* to **Monday, May 19, 2025 at 2:00 PM.**<br>Signed by Judge Maria E. Garcia on 5/7/25. (Esposito, A.) (Entered: 05/07/2025) |
| 05/07/2025 | 310 | NOTICE regarding hearing via Zoom: The follow-up discovery status conference scheduled for 5/19/2025 at 2:00 p.m. will be conducted via Zoom.<br><br>Call-in and Public Access Number: 1 646 828 7666<br><br>Meeting ID: 160 703 8044<br><br>Meeting Password: 390308<br><br>*The Court will distribute the video link to the parties via email.*<br><br>Please note: **Members of the public are permitted to join this hearing by audio only using the public access number above. Video participation is permitted by the parties and counsel only.** This is in accordance with the remote access policies of the Judicial Conference of the United States, which governs the practices of the federal courts. All persons granted remote access to proceedings are reminded of the general prohibition against photographing, recording, screenshots, streaming, and rebroadcasting in any form, of court proceedings. Violation of these prohibitions may result in sanctions, including restricted entry to future hearings, denial of entry to future hearings, or any other sanctions deemed necessary by the court.<br><br>NOTICE OF E-FILED CALENDAR: THIS IS THE ONLY NOTICE COUNSEL/THE PARTIES WILL RECEIVE. *RESET FROM 5/9/2025, at 1:00 p.m.* Follow-up discovery status conference set for **5/19/2025 at 2:00 PM** before Judge Maria E. Garcia. (Santos, S) (Entered: 05/07/2025) |
| 05/07/2025 | | Set Deadlines: Joint status report due by 5/16/2025. (Santos, S) (Entered: 05/07/2025) |
| 05/07/2025 | 311 | Memorandum in Opposition re 294 MOTION to Compel filed by Yale University. (Attachments: # 1 Affidavit M. Laurato, # 2 Exhibit A, # 3 Exhibit B, # 4 Exhibit C, # 5 Exhibit D, # 6 Exhibit E, # 7 Exhibit F, # 8 Exhibit G, # 9 Exhibit H, # 10 Exhibit I, # 11 |

| | | |
|---|---|---|
| | | Exhibit J, # 12 Exhibit K, # 13 Exhibit L, # 14 Exhibit M, # 15 Exhibit N, # 16 Exhibit O, # 17 Exhibit P, # 18 Exhibit Q, # 19 Exhibit R, # 20 Exhibit S)(Laurato, Maria) (Entered: 05/07/2025) |
| 05/07/2025 | 312 | MOTION to Seal EXHIBITS F, H, I, J AND P TO OPPOSITION TO MOTION TO COMPEL by Yale University. Motions referred to Maria E. Garcia(Laurato, Maria) (Entered: 05/07/2025) |
| 05/07/2025 | 313 | Memorandum in Opposition re 294 MOTION to Compel filed by Jane Doe. (Gooley, Brendan) (Entered: 05/07/2025) |
| 05/07/2025 | 314 | Sealed Document: Sealed Exs. F, H, I, J, P to Yale University's Opposition to Plaintiff's Motion to Compel by Yale University re 312 MOTION to Seal EXHIBITS F, H, I, J AND P TO OPPOSITION TO MOTION TO COMPEL . (Laurato, Maria) (Entered: 05/07/2025) |
| 05/09/2025 | 315 | Joint MOTION for Extension of Time until May 12, 2025 to May 21, 2025, May 12, 2025 to May 14, 2025, and May 19, 2025 to June 9, 2025 for Filing Motions to Compel and to Disclose Rebuttal Experts by Jane Doe. Motions referred to Maria E. Garcia(Gooley, Brendan) (Entered: 05/09/2025) |
| 05/12/2025 | 316 | ORDER granting 315 Joint Motion for Extension of Time for Filing Remaining Motions to Compel and for Disclosure of Rebuttal Experts as follows: -Plaintiff will file his Motion to Compel regarding remaining issues as to (a) Jane Doe; and (b) Entries related to Jane's claim regarding psychotherapist patient privilege on Yale's privilege log by **May 21, 2025;** -The parties will file their Motions to Compel regarding Plaintiff's privilege log and Yale's privilege log (other than entries on that log related to Janes psychotherapist patient privilege) by **May 14, 2025; and** -Plaintiff will disclose his rebuttal experts by **June 9, 2025.** Plaintiff's replies to Defendants objections, (ECF Nos. 311 and 313), to Plaintiff's Motion to Compel as to Yale, (ECF No. 294), are due on **May 14, 2025, by agreement.** *See* D. Conn. L. Civ. R. 7(d) ("Reply memoranda are permitted but not required.... A reply memorandum may not exceed 10 pages. A reply memorandum must be strictly confined to a discussion of matters raised by, and must contain references to the pages of, the memorandum to which it replies. No sur-replies may be filed without permission of the Court, which may, in its discretion, grant permission upon a showing of good cause."). Signed by Judge Maria E. Garcia on 5/12/25. (Esposito, A.) (Entered: 05/12/2025) |
| 05/12/2025 | 317 | ORDER re 269 Order to Show Cause and denying as moot 278 Motion to Seal. See attached order. For the reasons described therein, the Court issues the following orders: 1. ECF Nos. 75-10, 103-7, and 123-2 shall remain under seal. 2. The unredacted versions of ECF Nos. 75, 103-1, 114-4, 123-1, 157-1, and 166 shall remain under seal. 3. Defendant Doe is directed to docket the redacted versions of ECF Nos. 75, 103-1, 114-4, 123-1, 157-1, and 166, currently docketed under seal at ECF Nos. 279-1 through 279-6, as individual submissions, linked back to the original sealed documents for ease of public reference. 4. The Clerk of Court is directed to unseal ECF Nos. 74, 75-1, 75-2, 75-3, 75-4, 75-5, 75-6, 75-7, 75-8, 75-9, 77, 96, 96-1, 103, 103-2, 103-3, 103-4, 103-5, 103-6, 103-8, 103-9, 114, 114-1, 114-2, 114-3, 123, 157, and 166-1. |

| | | |
|---|---|---|
| | | 5. In light of the above orders, Defendant Doe's Motion at ECF No. 278 is DENIED as moot. As such, the Clerk of Court is directed to unseal ECF Nos. 279-1 through 279-6.<br><br>So ordered.<br><br>Signed by Judge Kari A. Dooley on 5/12/2025. (Alquesta, S) (Entered: 05/12/2025) |
| 05/12/2025 | 318 | ORDER granting in part and denying in part 281 Motion for Order. Defendant Doe requests an order requiring "that any briefing related to unsealing documents that (1) could allow anyone to identify Jane or (2) substantively discusses the information in ECF 114-4 that Jane seeks to maintain under seal be filed under seal." Plaintiff has not objected to this motion, and the time for him to do so has passed. With respect to Defendant Doe's first request, the Court has already issued an order prohibiting Plaintiff from publicly disclosing Defendant Doe's identity, "directly or indirectly (including through his counsel)." *See* Ruling and Order, ECF No. 119 , at 15. That order remains in effect, and by its language encompasses filings on the docket. Any further order to that effect would be redundant. Therefore, Defendant Doe's request that the Court issue a separate order requiring that any briefing which could be used to identify her be filed under seal is DENIED as moot.<br><br>With respect to Defendant Doe's second request, the Court has reviewed the contents of ECF No. 114-4, including the portion that Defendant Doe characterized in her response to the Court's Order to Show Cause as "inaccurate, vile allegations." ECF No. 277 at 5. The Court has concluded that maintaining these portions of ECF No. 114-4 under seal is warranted. *See* ECF No. 317 . The request is therefore GRANTED, and it is ordered that any further filings which contain the portions of ECF No. 114-4 that remain sealed must also be filed under seal.<br><br>Signed by Judge Kari A. Dooley on 5/12/2025. (Alquesta, S) (Entered: 05/12/2025) |
| 05/12/2025 | 319 | MOTION for Extension of Time until May 21, 2025 Motion To Compel Regarding Additional Issue by Jane Doe. Motions referred to Maria E. Garcia(Gooley, Brendan) (Entered: 05/12/2025) |
| 05/13/2025 | 320 | ORDER granting 319 on consent Jane Doe's MOTION for Extension of Time until May 21, 2025, to file Motion To Compel Regarding Plaintiff's Production of Certain Electronic Messages. Signed by Judge Maria E. Garcia on 5/13/25. (Esposito, A.) (Entered: 05/13/2025) |
| 05/13/2025 | 321 | Set/Reset Deadlines as to 312 MOTION to Seal EXHIBITS F, H, I, J AND P TO OPPOSITION TO MOTION TO COMPEL.<br>Responses due by 5/28/2025.<br>(Esposito, A.) (Entered: 05/13/2025) |
| 05/14/2025 | 322 | MOTION to Compel by Yale University.Responses due by 6/4/2025 (Attachments: # 1 Memorandum in Support, # 2 Affidavit M.L. Laurato, # 3 Exhibit A, # 4 Exhibit B, # 5 Exhibit C, # 6 Exhibit D, # 7 Exhibit E, # 8 Exhibit F, # 9 Exhibit G, # 10 Exhibit H, # 11 Exhibit I)Motions referred to Maria E. Garcia(Laurato, Maria) (Entered: 05/14/2025) |
| 05/14/2025 | 323 | MOTION to Seal Exhibits A, B, C, E, F and H to the Memorandum in Support of Motion to Compel by Yale University. Motions referred to Maria E. Garcia(Laurato, Maria) (Entered: 05/14/2025) |

| 05/14/2025 | 324 | Sealed Document: Exs. A, B, C, E, F and H to the Memorandum in Support of the Motion to Compel by Yale University re 323 MOTION to Seal Exhibits A, B, C, E, F and H to the Memorandum in Support of Motion to Compel . (Laurato, Maria) (Entered: 05/14/2025) |
|---|---|---|
| 05/14/2025 | 325 | MOTION to Compel by Jane Doe.Responses due by 6/4/2025 (Attachments: # 1 Memorandum in Support, # 2 Affidavit Declaration of Brendan Gooley)Motions referred to Maria E. Garcia(Gooley, Brendan) (Entered: 05/14/2025) |
| 05/14/2025 | 326 | REPLY to Response to 294 MOTION to Compel filed by Saifullah Khan. (Taubes, Alexander) (Entered: 05/14/2025) |
| 05/14/2025 | 327 | MOTION to Compel by Saifullah Khan.Responses due by 6/4/2025 (Attachments: # 1 Exhibit Yale's Privilege Log (4/28/25), # 2 Affidavit Certifying Compliance With Local Rule)Motions referred to Maria E. Garcia(Taubes, Alexander) (Entered: 05/14/2025) |
| 05/16/2025 | 328 | Joint STATUS REPORT by Saifullah Khan. (Taubes, Alexander) (Entered: 05/16/2025) |
| 05/19/2025 | 329 | ORDER. As discussed at the discovery status conference on May 19, 2025, the parties shall file their responses to the pending 322 325 327 Motions to Compel on or before **June 4, 2025.**<br>All parties asserting privilege shall submit to Judge Garcia's chambers, by **June 4, 2025,** copies of all documents being withheld on the basis of privilege for *in camera* review. It is so ordered. Signed by Judge Maria E. Garcia on 5/19/2025. (Karamanakis, K) (Entered: 05/19/2025) |
| 05/19/2025 | 330 | Minute Entry for proceedings held before Judge Maria E. Garcia: Follow-up discovery status conference held on 5/19/2025. Total Time: 19 minutes (Court Reporter Courtsmart.) (Santos, S) (Entered: 05/19/2025) |
| 05/20/2025 | 331 | MOTION to Seal Motion for Judgment of Dismissal and/or Other Sanctions and Exhibits by Jane Doe. Motions referred to Maria E. Garcia(Gooley, Brendan) (Entered: 05/20/2025) |
| 05/20/2025 | 332 | MOTION for Judgment by Jane Doe.Responses due by 6/10/2025 (Attachments: # 1 Affidavit Declaration of Brendan Gooley, # 2 Exhibit G, # 3 Exhibit H, # 4 Exhibit I, # 5 Exhibit J, # 6 Exhibit M, # 7 Exhibit N, # 8 Exhibit R, # 9 Exhibit T, # 10 Exhibit U, # 11 Exhibit V)(Gooley, Brendan) (Entered: 05/20/2025) |
| 05/20/2025 | 333 | Sealed Document: Sealed Motion for Judgment of Dismissal and/or Other Sanctions and Exhibits by Jane Doe . (Attachments: # 1 Exhibit A (Sealed), # 2 Exhibit B (Sealed), # 3 Exhibit C (Sealed), # 4 Exhibit D (Sealed), # 5 Exhibit E (Sealed), # 6 Exhibit F (Sealed), # 7 Exhibit G (Sealed), # 8 Exhibit K (Sealed), # 9 Exhibit L (Sealed), # 10 Exhibit O (Sealed), # 11 Exhibit P (Sealed), # 12 Exhibit Q (Sealed), # 13 Exhibit S (Sealed), # 14 Exhibit W (Sealed))(Gooley, Brendan) (Entered: 05/20/2025) |
| 05/21/2025 | 334 | MOTION to Seal Exhibits A-C to Motion to Compel by Jane Doe. Motions referred to Maria E. Garcia(Gooley, Brendan) (Entered: 05/21/2025) |
| 05/21/2025 | 335 | MOTION to Compel *Complete and Understandable Messages* by Jane Doe.Responses due by 6/11/2025 (Attachments: # 1 Memorandum in Support, # 2 Affidavit Declaration of Brendan Gooley, # 3 Exhibit A - To Be Filed Under Seal, # 4 Exhibit B - To Be Filed Under Seal, # 5 Exhibit C - To Be Filed Under Seal)Motions referred to Maria E. Garcia(Gooley, Brendan) (Entered: 05/21/2025) |
| 05/21/2025 | 336 | Sealed Document: Sealed Exhibits A-C to Motion to Compel Complete and Understandable Messages by Jane Doe . (Attachments: # 1 Exhibit A (SEALED), # 2 Exhibit B (SEALED), # 3 Exhibit C (SEALED))(Gooley, Brendan) (Entered: 05/21/2025) |

| 05/30/2025 | 337 | Consent MOTION for Extension of Time until 7/9 to disclose rebuttal experts and extending related deadlines accordingly 316 Order on Motion for Extension of Time,,,,, by Saifullah Khan. Motions referred to Maria E. Garcia(Taubes, Alexander) (Entered: 05/30/2025) |
|---|---|---|
| 05/30/2025 | 338 | Consent MOTION for Extension of Time to File Response/Reply as to 332 MOTION for Judgment until 7/1/25 by Saifullah Khan. Motions referred to Maria E. Garcia(Taubes, Alexander) (Entered: 05/30/2025) |
| 05/30/2025 | 339 | ORDER granting 337 on consent MOTION for Extension of Time until July 9, 2025, to disclose rebuttal experts and extending related deadlines as follows: <br> Plaintiffs deadline to disclose his experts: **July 9, 2025** <br> Supplementation of Expert Reports: **September 3, 2025** <br> Depositions of Plaintiffs experts: **September 30, 2025** <br> Daubert/expert motions: **October 30, 2025** <br> Signed by Judge Maria E. Garcia on 5/30/25. (Esposito, A.) (Entered: 05/30/2025) |
| 05/30/2025 | 340 | ORDER granting 338 on consent Motion for Extension of Time to File Response/Reply regarding 332 Motion for Judgment of Dismissal and/or Other Sanctions. <br> Responses due by **7/1/2025.** . <br> Signed by Judge Maria E. Garcia on 5/30/25. (Esposito, A.) (Entered: 05/30/2025) |
| 05/30/2025 | 341 | Set/Reset Deadlines as to 332 MOTION for Judgment of Dismissal and/or Other Sanctions. <br> Responses due by 7/1/2025. (Esposito, A.) (Entered: 05/30/2025) |
| 05/30/2025 | 342 | Consent MOTION for Extension of Time to File Response/Reply as to 327 MOTION to Compel , 322 MOTION to Compel , 325 MOTION to Compel until 6/18/25 by Saifullah Khan. Motions referred to Maria E. Garcia(Taubes, Alexander) (Entered: 05/30/2025) |
| 06/03/2025 | 343 | ORDER granting 342 on consent Motion for Extension of Time to File Response/Reply re: 322 MOTION to Compel; 325 MOTION to Compel; and 327 MOTION to Compel and the delivery of copies of documents being withheld on the basis of privilege for *in camera* review. <br> Responses due by 6/18/2025. <br> Signed by Judge Maria E. Garcia on 6/3/25. (Esposito, A.) (Entered: 06/03/2025) |
| 06/10/2025 | 344 | MOTION to Compel *documents and information withheld by Jane Doe* by Saifullah Khan.Responses due by 7/1/2025 (Attachments: # 1 Affidavit in compliance with Rule 37, # 2 Exhibit Jane Doe's Discovery Objections, # 3 Exhibit A, # 4 Exhibit B, # 5 Exhibit C)Motions referred to Maria E. Garcia(Taubes, Alexander) (Entered: 06/10/2025) |
| 06/17/2025 | 345 | Memorandum in Opposition re 327 MOTION to Compel filed by Yale University. (Attachments: # 1 Affidavit of Attorney Maria L. Laurato, # 2 Exhibit A, # 3 Exhibit B, # 4 Exhibit C, # 5 Exhibit D, # 6 Exhibit E, # 7 Exhibit F, # 8 Exhibit G, # 9 Exhibit H) (Laurato, Maria) (Entered: 06/17/2025) |
| 06/17/2025 | 346 | MOTION to Seal Exhibits F and G to Yale's Memorandum in Opposition to Plaintiff's Motion to Compel by Yale University. Motions referred to Maria E. Garcia(Laurato, Maria) (Entered: 06/17/2025) |
| 06/17/2025 | 347 | Sealed Document: Sealed Exhibits F and G to Yale's Memorandum in Opposition to Plaintiff's Motion to Compel by Yale University re 346 MOTION to Seal Exhibits F and G to Yale's Memorandum in Opposition to Plaintiff's Motion to Compel . (Laurato, Maria) (Entered: 06/17/2025) |
| 06/17/2025 | 348 | OBJECTION re 327 MOTION to Compel filed by Jane Doe. (Gooley, Brendan) (Entered: 06/17/2025) |

| | | |
|---|---|---|
| 06/17/2025 | 349 | MOTION to Compel re 322 MOTION to Compel *and notice of voluntary production despite substantial justification of privilege claim* filed by Saifullah Khan. (Attachments: # 1 Affidavit)(Taubes, Alexander) Modified on 6/18/2025 to correct event type (Fanelle, N.) (Entered: 06/17/2025) |
| 06/18/2025 | 350 | ExParte Document by Saifullah Khan *Notice of Manual Filing of Binders Containing Documents*. (Taubes, Alexander) (Entered: 06/18/2025) |
| 06/18/2025 | 351 | ORDER re: 349 MOTION to Compel filed by Saifullah Khan. In light of the titled Plaintiff's "Motion to Compel" (ECF No. 349), which does not appear to be a motion but rather a response to Yale's Motion to Compel (ECF No. 322) and Doe's Motion to Compel (ECF No. 325), communications with Peter Roe listed on Plaintiff's privilege log, the parties will meet and confer and file a Joint Status Report by the close of business June 20, 2025, regarding the status of these Motions to Compel (ECF Nos. 322, 325), and state whether the relief they seek is now moot. Plaintiff is instructed not to "voluntarily produce" documents for *in camera* review that are no longer at issue. ECF No. 350. Signed by Judge Maria E. Garcia on 6/18/25. (Esposito, A.) (Entered: 06/18/2025) |
| 06/19/2025 | 352 | Joint MOTION for Extension of Time until Tuesday, June 24, 2025 to meet and confer and file Joint Status Report 351 Order,,, by Yale University. Motions referred to Maria E. Garcia(Laurato, Maria) (Entered: 06/19/2025) |
| 06/20/2025 | 353 | ORDER granting 352 Joint MOTION for Extension of Time until **Tuesday, June 24, 2025** to meet and confer and file Joint Status Report. Signed by Judge Maria E. Garcia on 8/20/25. (Esposito, A.) (Entered: 06/20/2025) |
| 06/20/2025 | | Set Deadlines: Joint Status Report due by 6/24/2025. (Santos, S) (Entered: 06/23/2025) |
| 06/23/2025 | 354 | ORDER. As contained in the Yale Defendants' Opposition to Plaintiff's Motion to Compel, ECF No. 345 , at 2, on June 16, 2025, Plaintiff published a post on X that the Court considers a present intention or thinly veiled threat to publicly identify Defendant Jane Doe. This would, of course, violate the Court's Order at ECF No. 119 . This post is yet another example of Plaintiff's troubling conduct. Plaintiff is reminded that the Court's Order dated June 19, 2024, at ECF No. 119 , remains in full force and effect. Plaintiff's counsel is directed to provide a copy of this order to Plaintiff by **July 1, 2025**. Signed by Judge Kari A. Dooley on 6/23/2025. (Alquesta, S) (Entered: 06/23/2025) |
| 06/24/2025 | 355 | ORDER granting in part and denying in part 312 Yale's Motion to Seal unredacted copies of Exhibits F, H, I, J, and P filed with its Memorandum in Opposition to Plaintiffs Motion to Compel (ECF No. 294, 311), in accordance with the Protective Order entered in this case providing for the confidentiality of certain documents. ECF. No. 198. Plaintiff has not filed a response to the Motion to Seal and the time for doing so has expired. After careful consideration, the motion to seal is granted as to Exhibits F and H for the same reasons stated in Judge Dooley's previous ruling on motions to seal, at ECF No. 93: "The Court finds a clear and compelling reason for sealing as the filings contain privileged and confidential information. The Court further finds that the proposed sealing is narrowly tailored to address this privacy concern." The Court finds that as to Exhibits I, J, and P, that the documents may contain some information warranting sealing and finds that other information contained in these exhibits do not require sealing. Accordingly, Exhibits I, J, and P shall be refiled with appropriate redactions narrowly tailored to address privacy concerns. It is so ordered. Signed by Judge Maria E. Garcia on 6/24/25. (Esposito, A.) (Entered: 06/24/2025) |
| 06/24/2025 | 356 | ORDER granting 323 Yale's Motion to Seal unredacted copies of Exhibits A, B, C, E, F, and H filed with its Memorandum in Support of its Motion to Compel (ECF No. 322), in accordance with the Protective Order entered in this case providing for the confidentiality |

| | | |
|---|---|---|
| | | of certain documents. ECF. No. 198.<br>Plaintiff has not filed a response to the Motion to Seal and the time for doing so has expired. After careful consideration, and for the same reasons stated in Judge Dooley's previous ruling on motions to seal, at ECF No. 93: "The Court finds a clear and compelling reason for sealing as the filings contain privileged and confidential information. The Court further finds that the proposed sealing is narrowly tailored to address this privacy concern." It is so ordered.<br>Signed by Judge Maria E. Garcia on 6/24/25. (Esposito, A.) (Entered: 06/24/2025) |
| 06/24/2025 | 357 | ORDER granting in part and denying in part 331 Doe's Motion to Seal an unredacted version of the motion; Exhibits A, B, D, C, E, F, K,L, O, P, Q, R, S and W; and Exhibits 1, 2, 3, to Exhibit G, Declaration of Attorney Maria Laurato, filed with her Memorandum in Support of her Motion to Compel (ECF No. 335)<br>Plaintiff properly designated the Exhibits to the Motion to Compel as confidential pursuant to, the Protective Order entered in this case providing for the confidentiality of certain documents. ECF. No. 198.<br>Plaintiff has not filed a response to the Motion to Seal and the time for doing so has expired. After careful consideration, the motion to seal is granted as to Exhibits A, B, D, C, E, F, K,L, O, P, Q, R, S and W; and Exhibits 2 to Exhibit G. The Court finds that Doe redacted from Exhibits 1 and 3 to Exhibit G the information that warrants sealing and finds that the other information contained in the exhibit does not require sealing. Accordingly, Exhibits 1 and 3 to Exhibit G, the Declaration of Attorney Maria Laurato, do not need to remain under seal with these appropriate redactions. It is so ordered.<br>Signed by Judge Maria E. Garcia on 6/24/25. (Esposito, A.) (Entered: 06/24/2025) |
| 06/24/2025 | 358 | ORDER denying 334 Doe's Motion to Seal copies of Exhibits A, B and C filed with her Memorandum in Support of her Motion to Compel (ECF No. 335)<br>Plaintiff properly designated the Exhibits to the Motion to Compel as "confidential" pursuant to, the Protective Order entered in this case providing for the confidentiality of certain documents. ECF. No. 198.<br>Plaintiff has not filed a response to the Motion to Seal and the time for doing so has expired. After careful consideration, the Court finds that Doe redacted from the exhibits the information that warrants sealing and finds that the other information contained in the exhibit does not require sealing. Accordingly, Exhibits A, B and C do not need to remain under seal with these appropriate redactions. It is so ordered.<br>Signed by Judge Maria E. Garcia on 6/24/25. (Esposito, A.) (Entered: 06/24/2025) |
| 06/24/2025 | 359 | ORDER granting 346 Yale's Motion to Seal copies of Exhibits F and G to its Memorandum in Opposition to Plaintiff's Motion to Compel (ECF No. 327, 345), in accordance with the Protective Order entered in this case providing for the confidentiality of certain documents. ECF. No. 198.<br>Plaintiff has not filed a response to the Motion to Seal and the time for doing so has expired. After careful consideration, and for the same reasons stated in Judge Dooley's previous ruling on motions to seal, at ECF No. 93: "The Court finds a clear and compelling reason for sealing as the filings contain privileged and confidential information. The Court further finds that the proposed sealing is narrowly tailored to address this privacy concern." It is so ordered.<br>Signed by Judge Maria E. Garcia on 6/24/25. (Esposito, A.) (Entered: 06/24/2025) |
| 06/24/2025 | 360 | Joint STATUS REPORT by Yale University. (Attachments: # 1 Affidavit of Maria L. Laurato, # 2 Exhibit A to Laurato Affidavit)(Laurato, Maria) (Entered: 06/24/2025) |
| 06/25/2025 | 361 | ORDER *sua sponte* STAYING discovery. "It is axiomatic that the trial court enjoys wide discretion in its handling of pre-trial discovery." *Wills v. Amerada Hess Corp.*, 379 F.3d 32, 51 (2d Cir. 2004). "The decision whether to issue a stay is firmly within a district court's discretion, and in balancing the relevant factors the basic goal is to avoid |

prejudice." *In re Frontier Commc'ns Corp. Derivative Litig.*, No. 3:17-CV-1792 (VAB), 2018 WL 3553332, at *6 (D. Conn. July 23, 2018) (quotation marks and citation omitted). Generally, it is not the practice of this Court to stay discovery upon the filing of a motion to dismiss. *See Kollar v. Allstate Ins. Co.*, No. 3:16-CV-01927 (VAB), 2017 WL 10992213, at *1 (D. Conn. Nov. 6, 2017). However, consideration of the relevant and applicable factors, *see Stanley Works Israel Ltd. V. 500 Grp.*, Inc. 2018 WL 1960112, at *2 (D. Conn. Apr. 26, 2018), may present good cause to stay discovery. And "the Court may, in the interests of justice, stay proceedings *sua sponte*." *City of New York v. Gutlove & Shirvint, Inc.*, No. 08-CV-1372(CBA)(JMA), 2008 WL 4862697, at *1 (E.D.N.Y. Nov. 10, 2008).

Pending before the Court is Defendants' *third* motion for dismissal premised on Plaintiff's litigation misconduct and discovery abuses. While the motion is presently in briefing and Plaintiff's response is due on July 1, 2025, the motion includes serious and very troubling allegations as to Plaintiff's conduct, and unfortunately (though to a lesser extent), counsel's conduct. In the Court's view, unless and until the issues raised are fully briefed and adjudicated, it is proper to pause the litigation. Discovery is STAYED. All previously set deadlines are suspended. New deadlines shall be set, as may be necessary or appropriate, following adjudication of the motion to dismiss. So Ordered.

Signed by Judge Kari A. Dooley on 6/25/2025. (Alquesta, S) (Entered: 06/25/2025)

| | | |
|---|---|---|
| 06/26/2025 | 362 | EXHIBIT *I, J and P (Redacted) to Yale's Opposition to Plaintiff's Motion to Compel, previously filed under seal at ECF314* by Yale University re 314 Sealed Document,. (Attachments: # 1 Exhibit I (redacted), # 2 Exhibit J (redacted), # 3 Exhibit P (redacted)) (Laurato, Maria) (Entered: 06/26/2025) |
| 06/27/2025 | 363 | MOTION to Seal ECF No. 344-3 by Saifullah Khan. Motions referred to Maria E. Garcia(Taubes, Alexander) (Entered: 06/27/2025) |
| 06/27/2025 | 364 | RESPONSE re 332 MOTION for Judgment filed by Saifullah Khan. (Taubes, Alexander) (Entered: 06/27/2025) |
| 06/27/2025 | 365 | Emergency SEALED MOTION Sealed Emergency Motion by Jane Doe. Motions referred to Maria E. Garcia(Gooley, Brendan) (Entered: 06/27/2025) |
| 06/27/2025 | 366 | MOTION for Clarification by Jane Doe. Motions referred to Maria E. Garcia(Gooley, Brendan) (Entered: 06/27/2025) |
| 06/27/2025 | 367 | ORDER granting 365 Sealed Emergency Motion to Seal. In its order issued on May 12, 2025, the Court found that, based on the record in this case and at this stage in the litigation, protecting Defendant Jane Doe's identity from public disclosure was a "higher value" that outweighs the public presumption of access to certain court documents. *See* ECF No. 317 at 4. The Court therein made specific findings and issued orders as to individual documents. *Id.* at 48. These orders called for, *inter alia*, the parties to file redacted versions of certain documents that had been filed under seal. Among the information that the Court ordered redacted were instances where the parties referenced individuals who had reposted Defendant Doe's name on the internet, because this information could allow a reader to identify her by directing the reader to the identifying posts.

In his 364 Response to Defendant's 332 Motion for Judgment of Dismissal, Plaintiff included an unredacted reference to a social media user who had publicly identified Defendant Doe. In response, Defendant Doe filed this Emergency Motion to Seal. Upon filing her motion, Defendant Doe's counsel called the Court to ensure that it was aware of the motion, and verbally represented that he had conferred with Plaintiffs counsel, and |

that Plaintiff's counsel consented to the Court granting the Motion to Seal.

For the reasons articulated in the Court's May 12, 2025, Order, ECF No. 317 , Defendant Doe's Motion to Seal is GRANTED. The Clerk of Court is directed to seal ECF No. 364 , and Plaintiff is directed to file a publicly available version of his Response on the docket, with the requested information redacted.

The Court reminds both parties to redact any similar information in their filings going forward. So Ordered.

Signed by Judge Kari A. Dooley on 6/27/2025. (Alquesta, S) (Entered: 06/27/2025)

| 06/27/2025 | 368 | RESPONSE re 332 MOTION for Judgment *redacted per ECF No. 367* filed by Saifullah Khan. (Taubes, Alexander) (Entered: 06/27/2025) |
|---|---|---|
| 06/30/2025 | 369 | ORDER granting 366 Motion for Clarification and denying Motion for Extension of Time in light of Order staying discovery.<br>"Discovery is STAYED. All previously set deadlines are suspended. New deadlines shall be set, as may be necessary or appropriate, following adjudication of the motion to dismiss." ECF No. 361.<br>Signed by Judge Maria E. Garcia on 6/30/25. (Esposito, A.) (Entered: 06/30/2025) |
| 06/30/2025 | 370 | ORDER denying 363 Plaintiff's Motion to Seal Exhibit A (344-3), filed with his Memorandum in Support of his Motion to Compel on June 10, 2025. ECF No. 344.<br>Doe has not objected to the filing of this exhibit and the time so do so has expired. After careful consideration, the Court finds that Plaintiff redacted from the exhibit the information that warrants sealing and finds that the other information contained in the exhibit does not require sealing. Accordingly, Exhibit A (ECF No. 344-3), does not require sealing with these appropriate redactions. It is so ordered.<br>Signed by Judge Maria E. Garcia on 6/30/25. (Esposito, A.) (Entered: 06/30/2025) |
| 07/10/2025 | 371 | MOTION for Leave to File *Supplemental Brief* by Jane Doe. (Attachments: # 1 Supplement Exhibit 1, # 2 Exhibit A, # 3 Exhibit B, # 4 Exhibit C, # 5 Exhibit D, # 6 Exhibit E, # 7 Exhibit F, # 8 Exhibit G, # 9 Exhibit H, # 10 Exhibit I, # 11 Exhibit J, # 12 Exhibit K, # 13 Exhibit L, # 14 Exhibit M, # 15 Exhibit N, # 16 Exhibit O, # 17 Exhibit P)Motions referred to Maria E. Garcia(Gooley, Brendan) (Entered: 07/10/2025) |
| 07/11/2025 | 372 | ORDER granting 371 Motion for Leave to File Supplemental Brief. The Court will consider the supplemental briefing attached to Defendants' 371 motion. Signed by Judge Kari A. Dooley on 7/11/2025. (Alquesta, S) (Entered: 07/11/2025) |
| 07/11/2025 | 373 | RESPONSE re 364 Response *Reply in Further Support of Defendants' Motion for Judgment of Dismissal* filed by Jane Doe. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D, # 5 Exhibit E, # 6 Exhibit F, # 7 Exhibit G, # 8 Exhibit H, # 9 Exhibit I (Filed Under Seal), # 10 Exhibit J)(Gooley, Brendan) (Entered: 07/11/2025) |
| 07/11/2025 | 374 | MOTION to Seal *Unredacted* Reply in Further Support of Motion for Judgment of Dismissal and Exhibit I by Jane Doe. Motions referred to Maria E. Garcia(Gooley, Brendan) (Entered: 07/11/2025) |
| 07/11/2025 | 375 | Sealed Document: Sealed Reply in Further Support of Motion for Judgment of Dismissal and Exhibit I to Reply by Jane Doe . (Attachments: # 1 Memorandum in Support of Motion for Judgment of Dismissal, # 2 Exhibit I)(Gooley, Brendan) (Entered: 07/11/2025) |
| 07/14/2025 | 376 | ORDER granting 374 Motion to Seal For the reasons articulated in the Court's order issued on May 12, 2025, at ECF No. 317 , the Court finds that protecting Defendant Doe's identity from public disclosure and allowing Yale to preserve the confidentiality of students utilizing the UWC process are higher values that outweigh the presumption of |

| | | public access to court documents. Thus, the narrowly tailored sealing and redactions proposed by Defendants regarding their Reply in Support of their Motion for Judgment of Dismissal and Exhibit 1 to that Reply are justified, and their motion to seal is GRANTED. Signed by Judge Kari A. Dooley on 7/14/2025. (Alquesta, S) (Entered: 07/14/2025) |
|---|---|---|
| 07/20/2025 | 377 | RESPONSE re 372 Order on Motion for Leave to File, 371 MOTION for Leave to File *Supplemental Brief* filed by Saifullah Khan. (Taubes, Alexander) (Entered: 07/20/2025) |
| 07/31/2025 | 378 | RESPONSE re 377 Response *to Defendants' Supplement* filed by Jane Doe. (Gooley, Brendan) (Entered: 07/31/2025) |
| 08/05/2025 | 379 | EXHIBIT *Memorandum of Law In Support of Emergency Motion for Judgment of Dismissal* by Jane Doe re 75 Sealed Document,. (Gooley, Brendan) (Entered: 08/05/2025) |
| 08/05/2025 | 380 | EXHIBIT *103-1 - Memorandum of Law in Support of Jane Doe's Motion to Continue Anonymity* by Jane Doe re 103 SEALED MOTION TO CONTINUE ANONYMITY. (Gooley, Brendan) (Entered: 08/05/2025) |
| 08/05/2025 | 381 | EXHIBIT *114-4* by Jane Doe re 114 SEALED MOTION for Sur-Reply in Further Support of Motion for a Protective Order. (Gooley, Brendan) (Entered: 08/05/2025) |
| 08/05/2025 | 382 | EXHIBIT *123-1 - Memorandum of Law in Support of Second Emergency Motion for Judgment of Dismissal* by Jane Doe re 123 SEALED MOTION Second Emergency Motion for Judgment of Dismissal. (Gooley, Brendan) (Entered: 08/05/2025) |
| 08/05/2025 | 383 | EXHIBIT *157-1 Memorandum in Opposition to Emergency Motions to Dismiss* by Jane Doe re 157 SEALED MOTION Objection to Emergency Motions to Dismiss and Memorandum in Opposition, concerning ECF Nos. 123, 131. (Gooley, Brendan) (Entered: 08/05/2025) |
| 08/05/2025 | 384 | EXHIBIT *166- Reply in Further Support of Second Emergency Motion for Judgment of Dismissal* by Jane Doe re 166 Sealed Document,. (Gooley, Brendan) (Entered: 08/05/2025) |
| 09/11/2025 | 385 | ORDER. The parties shall appear on **September 29, 2025 at 10:00 AM** on Defendant Doe's Motion for Judgment of Dismissal, ECF No. 333. Plaintiff Saifullah Khan is required to be present. Subject to any privileges he may wish to assert, it is the Court's intention to question Plaintiff under oath regarding his conduct throughout this litigation. Signed by Judge Kari A. Dooley on 9/11/25.(Rathburn, E) (Entered: 09/11/2025) |
| 09/11/2025 | 386 | NOTICE OF E-FILED CALENDAR: THIS IS THE ONLY NOTICE COUNSEL/THE PARTIES WILL RECEIVE. ALL PERSONS ENTERING THE COURTHOUSE MUST PRESENT PHOTO IDENTIFICATION. A hearing re: Defendant Doe's 333 Motion for Judgment of Dismissal is set for **9/29/2025 at 10:00 AM** in Courtroom Two, 915 Lafayette Blvd., Bridgeport, CT before Judge Kari A. Dooley. (Rathburn, E) (Entered: 09/11/2025) |
| 09/12/2025 | 387 | MOTION for Mario Cerame to Withdraw as Attorney by Saifullah Khan. Motions referred to Maria E. Garcia(Cerame, Mario) (Entered: 09/12/2025) |
| 09/15/2025 | 388 | ORDER granting 387 Motion to Withdraw as Attorney. Attorney Mario K. Cerame terminated. Signed by Judge Kari A. Dooley on 9/15/25. (Rathburn, E) (Entered: 09/15/2025) |
| 09/22/2025 | 389 | Consent MOTION to Continue by Saifullah Khan. Motions referred to Maria E. Garcia(Taubes, Alexander) (Entered: 09/22/2025) |
| 09/25/2025 | 390 | ORDER granting 389 Motion to Continue. The hearing scheduled for Monday September 29, 2025 is hereby canceled. The Court will set a telephonic status conference to |

| | | reschedule the hearing as the Court is unavailable on the proposed date. Signed by Judge Kari A. Dooley on 9/25/25. (Rathburn, E) (Entered: 09/25/2025) |
|---|---|---|
| 09/25/2025 | 391 | SCHEDULING ORDER:Telephonic Scheduling Conference set for 10/2/2025 at 04:00 PM in Remote Setting before Judge Kari A. Dooley. The dial-in information is as follows: Conference Line: +1 203-684-6202, Conference ID: 377 036 10#.<br>Signed by Judge Kari A. Dooley on 9/25/25.(Rathburn, E) (Entered: 09/25/2025) |
| 09/25/2025 | 392 | NOTICE OF E-FILED CALENDAR: THIS IS THE ONLY NOTICE COUNSEL/THE PARTIES WILL RECEIVE. Telephonic Scheduling Conference set for 10/2/2025 at 04:00 PM in Remote Setting before Judge Kari A. Dooley. Dial in information is as follows: Conference Number: +1 203-684-6202, Conference Id: 377 036 10#. (Rathburn, E) (Entered: 09/25/2025) |
| 10/02/2025 | 393 | NOTICE OF E-FILED CALENDAR: THIS IS THE ONLY NOTICE COUNSEL/THE PARTIES WILL RECEIVE. ALL PERSONS ENTERING THE COURTHOUSE MUST PRESENT PHOTO IDENTIFICATION. *RESET FROM 9/29/25* The hearing on Defendant Doe's Motion for Judgment of Dismissal, ECF No. 333 is set for **12/22/2025 at 10:00 AM** in Courtroom Two, 915 Lafayette Blvd., Bridgeport, CT before Judge Kari A. Dooley. (Rathburn, E) (Entered: 10/02/2025) |
| 10/02/2025 | 394 | Minute Entry for proceedings held before Judge Kari A. Dooley: Telephonic Scheduling Conference held on 10/2/2025. 9 minutes(Court Reporter Tracy Gow.) (Gould, K) (Entered: 10/03/2025) |
| 12/22/2025 | 395 | Minute Entry. Proceedings held before Judge Kari A. Dooley: taking under advisement 332 Motion for Judgment; Motion Hearing held on 12/22/2025 re 332 MOTION for Judgment filed by Jane Doe; Evidentiary Hearing held on 12/22/2025. Total Time: 2 hours and 58 minutes(Court Reporter Diana Huntington.) (Gould, K) (Entered: 12/22/2025) |
| 12/22/2025 | 396 | Marked Witness List (Gould, K) (Entered: 12/22/2025) |
| 01/30/2026 | 397 | TRANSCRIPT of Proceedings: Type of Hearing: Motion Hearing. Held on December 22, 2025 before Judge Kari A. Dooley. Court Reporter: Diana Huntington. **IMPORTANT NOTICE - REDACTION OF TRANSCRIPTS:** To remove personal identifier information from the transcript, a party must electronically file a Notice of Intent to Request Redaction with the Clerk's Office within seven (7) calendar days of this date. If no such Notice is filed, the court will assume redaction of personal identifiers is not necessary and the transcript will be made available through PACER without redaction 90 days from today's date. The transcript may be viewed at the court public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. The policy governing the redaction of personal information is located on the court website at www.ctd.uscourts.gov. Redaction Request due 2/20/2026. Redacted Transcript Deadline set for 3/2/2026. Release of Transcript Restriction set for 4/30/2026. (Huntington, D.) (Entered: 01/30/2026) |
| 03/27/2026 | 398 | ORDER granting 332 , 333 Motion to Dismiss. See attached. The Court can discern no lesser sanction to address the repeated and escalating misconduct by Plaintiff in this case. Seeing no viable path forward for a fair and just adjudication of the claims and defenses in this case, the Motion to Dismiss is GRANTED. The Clerk of the Court is directed to close this case. Signed by Judge Kari A. Dooley on 3/27/26. (Rathburn, E) (Entered: 03/27/2026) |
| 03/27/2026 | 399 | ORDER finding as moot 344 Motion to Compel; finding as moot 349 Motion to Compel; finding as moot 294 Motion to Compel; finding as moot 322 Motion to Compel; finding as moot 325 Motion to Compel; finding as moot 327 Motion to Compel; finding as moot 335 Motion to Compel in light of the granting of the Motion to Dismiss. ECF No. 332, |

| | | |
|---|---|---|
| | | 333, 398.<br>Signed by Judge Maria E. Garcia on 3/27/26. (Esposito, A.) (Entered: 03/27/2026) |
| 03/30/2026 | 400 | JUDGMENT entered in favor of Unknown Persons, Yale University, Ann Kuhlman, Carole Goldberg, David Post, Jane Doe, Joe Gordon, Jonathon Halloway, Lynn Cooley, Mark Solomon, Marvin Chun, Paul Genecin, Peter Salovey, Sarah Demers, Stephanie Spangler against Saifullah Khan.<br><br>For Appeal Forms please go to the following website:<br>http://www.ctd.uscourts.gov/forms/all-forms/appeals_forms<br>Signed by Clerk on 3/30/2026.(Gould, K) (Entered: 03/30/2026) |
| 03/30/2026 | | JUDICIAL PROCEEDINGS SURVEY - FOR COUNSEL ONLY: The following link to the confidential survey requires you to log into CM/ECF for SECURITY purposes. Once in CM/ECF you will be prompted for the case number. Although you are receiving this survey through CM/ECF, it is hosted on an independent website called SurveyMonkey. Once in SurveyMonkey, the survey is located in a secure account. The survey is not docketed and it is not sent directly to the judge. To ensure anonymity, completed surveys are held up to 90 days before they are sent to the judge for review. We hope you will take this opportunity to participate, please click on this link:<br><br>https://ecf.ctd.uscourts.gov/cgi-bin/Dispatch.pl?survey<br>(Gould, K) (Entered: 03/30/2026) |
| 04/01/2026 | 401 | NOTICE OF APPEAL as to 398 Order on Motion for Judgment, 400 Judgment, by Saifullah Khan. Filing fee $ 605, receipt number ACTDC-8558303. (Taubes, Alexander) (Entered: 04/01/2026) |
| 04/02/2026 | 402 | CLERK'S CERTIFICATE RE: INDEX AND RECORD ON APPEAL re: 401 Notice of Appeal. The attached docket sheet is hereby certified as the entire Index/Record on Appeal in this matter and electronically sent to the Court of Appeals, with the exception of any manually filed documents as noted below. Dinah Milton Kinney, Clerk. Documents manually filed not included in this transmission: None. (Limberti, L) (Entered: 04/02/2026) |

| PACER Service Center | | | |
|---|---|---|---|
| **Transaction Receipt** | | | |
| 04/16/2026 16:26:46 | | | |
| **PACER Login:** | alexandertaubes1 | **Client Code:** | |
| **Description:** | Docket Report | **Search Criteria:** | 3:19-cv-01966-KAD |
| **Billable Pages:** | 30 | **Cost:** | 3.00 |
| **Exempt flag:** | Not Exempt | **Exempt reason:** | Not Exempt |

# EXHIBIT C

## Memorandum of Decision

*Granting Motions to Dismiss [ECF Nos. 332, 333] (March 27, 2026)*

Khan v. Yale University, 2d Cir. (on appeal from 3:19-cv-01966-KAD)

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| SAILFULLAH KHAN, | ) | CASE NO. 3:19-cv-01966 (KAD) |
| *Plaintiff,* | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| YALE UNIVERSITY, *et al,* | ) | March 27, 2026 |
| *Defendants.* | ) | |

## <u>MEMORANDUM OF DECISION RE: MOTION TO DISMISS [ECF Nos. 332, 333]</u>

Civil litigation is not a game of blind man's bluff. *United States v. Procter & Gamble Co.*, 356 U.S. 677, 682 (1958) ("Modern instruments of discovery serve a useful purpose," and "[t]hey together with pretrial procedures make a trial less a game of blind man's bluff and more a fair contest with the basic issues and facts disclosed to the fullest practicable extent." (internal citations omitted)). *See also Fulwiley v. United States*, No. 5:07-cv-1121 (NAM/GHL), 2009 WL 10722253, at *2 (N.D.N.Y. Feb. 10, 2009). The parties are obligated to adhere to their disclosure obligations of both the helpful and unhelpful. Fed. R. Civ. P. 26–37. When all of the relevant information is properly gathered through discovery, sorted, and presented to the fact finder, the fair and just result will obtain. *See Gordon v. Target Corp.*, 318 F.R.D. 242, 245 (E.D.N.Y. 2016) (collecting cases). But where that process is so corrupted by one party's failure or refusal to play by the rules, the process breaks down and the search for justice, whatever form it might have taken, is lost. Such is this case. For the reasons that follow, the case is DISMISSED.

**Factual Allegations**

In October 2015, Plaintiff and Defendant Doe were undergraduate classmates at Yale University. Compl., ECF No. 1 at ¶ 16. On Halloween night, 2015, the two attended a Halloween party and student orchestra performance. *Id*. at ¶ 39. Following the concert, Plaintiff accompanied Doe to her room, where a sexual encounter ensued. *Id*. at ¶¶ 39–43. Thereafter, Doe filed a formal

complaint against Plaintiff, alleging that he raped her. *Id*. at ¶¶ 45–46. Plaintiff was suspended by Yale, and after an investigation by the Yale Police Department, criminally charged by the state of Connecticut with, *inter alia,* sexual assault. *Id*. at ¶¶ 47–48. He was subsequently acquitted on all counts after a jury trial and readmitted to Yale in 2018, before being suspended again for unrelated issues in October 2018.[1] *Id*. at ¶¶ 56–64. In November 2018, Yale's University-Wide Committee on Sexual Misconduct ("UWC") convened for a hearing regarding Doe's 2015 sexual assault allegations. *Id*. at ¶ 74. The UWC panel voted to expel Plaintiff. *Id*. at ¶ 80.

**Procedural History**

On December 13, 2019, Plaintiff Saifullah Khan ("Plaintiff" or "Khan") initiated this action against Yale University and several of its employees (the "Yale Defendants"), as well as former Yale student Jane Doe ("Doe," collectively, "Defendants"). Compl., ECF No. 1. His claims arise out of his expulsion from Yale following the Title IX UWC proceedings initiated by Doe's complaint that Khan had sexually assaulted her on October 31, 2015. *See id*. at ¶ 80. In 2019, Plaintiff brought claims against the Yale Defendants for due process violations under Title IX, breach of contract, breach of the implied warranty of fair dealing, negligent infliction of emotional distress, intentional infliction of emotional distress, and breach of privacy. *Id*. at ¶¶ 82–110. He also brought claims of defamation and tortious interference with business relationships against Doe. *Id*. at ¶¶ 111–21.

The parties' familiarity with the allegations and protracted procedural history of this case is presumed. The Court furthers the discussion of the procedural history of this case at the point of remand from the Second Circuit, following Plaintiff's successful appeal of this Court's order,

---

[1] Plaintiff alleges that this suspension was pretextual, related to his history at Yale, and Yale's "prevailing culture" regarding claims of sexual assault. Compl., ECF No. 1 at ¶¶ 67, 70.

dismissing the claims against Doe.[2]  The Mandate from the Circuit issued on November 15, 2023.

Mandate, ECF No. 65.  Less than six weeks later, Doe filed a motion for judgment of dismissal on

the ground that Plaintiff had violated this Court's pseudonymity order by publicly naming Doe to

his social media followers on Christmas morning, 2023, as the woman who, he asserted, had falsely

accused him of sexual assault.  Emergency Mot., ECF No. 74 (SEALED).  The Yale Defendants

thereafter amended their Answer to the Complaint by adding an affirmative defense of unclean

hands premised on, *inter alia*, the same conduct.  ECF No. 107.  Through a series of social media

posts, Mr. Khan presaged his intention to name his accuser with a "stay tuned" theme attendant to

each.  The post on Christmas morning was oddly styled as some sort of "big reveal."  It read:

> "most important thread of my life:
> [Jane Doe's Full Name (including Middle Initial) in Bold and Italics]
> in 2015 the military officer of russian origins falsely accused me of rape
> [Jane Doe's Full Name (including Full Middle Name) in Italics]'s 3 sentence email triggered @Yale's bureaucratic machinery that would make kafka proud and horrified"

> Ex. H, ECF No. 75-8 at 2.

Later the same day, Plaintiff also posted the following on the same thread:

> "Some people think this is the title of a court case.  [Jane Doe] is her name.  [Jane Doe] is the one who falsely accused me of rape."

> Ex. I, ECF No. 75-9 at 2.

The Court convened a hearing on the motion on March 18, 2024.  The Court initially shared

its concern that the pseudonymity order did not explicitly preclude Plaintiff from disclosing Doe's

identity outside the confines of the litigation and only required that she not be identified in any

---

[2] The Court dismissed the claims finding that quasi-judicial immunity protected Doe from claims arising out of statements she made at the UWC proceedings.  Mandate, ECF No. 65-1 at 2–3.  Upon appeal, the Circuit court certified the question of quasi-judicial immunity under Connecticut law and its availability under the circumstances alleged here.  *Id*. at 5–6 n.4.  While the Connecticut Supreme Court acknowledged that quasi-judicial immunity is recognized under Connecticut law, it further held that the procedures employed by Yale were so lacking, that quasi-judicial absolute immunity did not attach to Doe's statements at the UWC hearing.  *Id*. at 6.  The case was then remanded with direction to deny Doe's motion to dismiss.  *Id*. at 2–3.

submission docketed in this case.  Tr., ECF No. 94 at 3–6.  While Plaintiff's conduct certainly violated the spirit of the pseudonymity order, the Court could not conclude that it was expressly prohibited by the order.[3]  Accordingly, the Court determined that dismissal as a sanction for the disclosure was not warranted.  *Id*. at 24.

However, at the hearing, counsel for Plaintiff[4] expressed the view that the disclosure was inappropriate and perhaps contrary to the parties' mutual understanding that such a disclosure would run afoul of the pseudonymity order, whether it would or would not.  *See id*. at 7–8.

The Court thanked counsel for his candor and continued: "What I have seen does give me concern about what's going on here, and some of the things that Mr. Khan has done that give me pause.  Because some of the tenor and tone of the posts feel less like his plan is to have his rights vindicated as it is to exact retribution, and that is not the purpose of the use of our courts or litigation generally.  When he has posted about the litigation and talking about attending depositions,[5] there is a sense of an intent to intimidate.  There is a sense of an intent to harass.  The idea of sort of mobilizing the Internet — I mean, this is borderline doxing, and it's very concerning."  *Id*. at 8–9.  While Plaintiff disagreed with the Court's assessment, through counsel, he assured the Court that his intentions were "to fully and fairly litigate this case and bring it to a jury."  *Id*. at 12.  Counsel continued: "I've explained to him that any other questions about his compliance with court orders could cost him my representation of him. . . . So his intentions are to

---

[3] By the time of the hearing, Doe had filed a motion for a protective order, seeking to preclude Plaintiff's access to certain non-public discovery.  Mot. for Prot. Order, ECF Nos. 81, 82 (SEALED).  On March 15, Plaintiff had filed his objection to the motion for a protective order and filed a separate motion to vacate the Court's order treating Doe pseudonymously.  *See* ECF Nos. 90, 89.  Both motions had been referred to Magistrate Judge Garcia for adjudication and the Court did not take up the issues raised in the cross motions.  *See* Order, ECF No. 92.

[4] Attorney Norman A. Pattis represented Plaintiff.  He subsequently sought permission to withdraw, Mot. to Withdraw, ECF No. 176, which was granted, Order, ECF No. 178.

[5] Plaintiff posted: "Deposition will be even more exciting now[,]" Ex. G., ECF No. 75-7 at 22, and "I'm showing up to my false accuser's deposition.  And every other defendant's deposition[,]" *id*. at 12.

4

obey your orders, but to fight hard to vindicate his claims." *Id*. at 12–13. The Court then expressed concern that Plaintiff may intend to litigate the case on social media out of concern that it could "infect the entire process." *Id*. at 14.[6] Although Plaintiff challenged the Court's authority to essentially issue a "gag order," precluding him from discussing the case more broadly on social medial, the issue was not further discussed and no specific order was issued save for an order that Plaintiff not disclose Doe's name on social media until such time as the then-pending motions addressing the pseudonymity order and Doe's requested protective order were fully adjudicated. *Id*. at 19–20. The Court further ordered Plaintiff to remove any of his posts on social media that contained Doe's true name. For his part, Plaintiff apologized; decried any intent to harass or intimidate and acknowledged that he "jumped the gun," because he "misunderstood." *Id*. at 21.[7]

On June 19, 2024, following extensive briefing and oral argument, Magistrate Judge Garcia issued a ruling on the competing motions regarding Doe's anonymity. *See* Ruling and Order, ECF No. 119. Therein, she determined that Jane Doe's continued anonymity was warranted and issued an order (the "June 19 Order") prohibiting Plaintiff or his counsel from directly or indirectly "publicly disclosing or revealing Jane Doe's identity, including but not limited to on any social media platform," and informing Plaintiff that any "release or deliberate disclosure of Jane Doe's identity" in violation of the order could subject him to sanctions, "including but not limited to

---

[6] The Court's concerns proved prescient. As brought to the Court's attention by the Yale Defendants, on June 16, 2025, Plaintiff, in response to an inquiry regarding the status of the case, posted to his X account: "We're deep in discovery. Yale refuses to provide the very damning documents so we filed motions to compel them. And the pseudonym is on the chopping block. Once that happens, operation dragonfire will start. Several chapters in the pipeline." Yale Opp. to Mot. to Compel, ECF No 345 at 2. The Court construed this posting to be a thinly veiled threat to publicly name Jane Doe and admonished Plaintiff that to do so would violate the June 19 Order. Order, ECF No. 354.

[7] The Court, at the hearing on Defendants' second motion to dismiss found that Plaintiff's statements to the Court during the hearing on the first motion to dismiss were dishonest. *See* Tr., ECF No. 200 at 46. For example, as Defendant Doe demonstrated in her memorandum in support of the second motion to dismiss, discovery (certain recordings) revealed that Plaintiff, by his own admission, understood prior to Christmas 2023, that he could not reveal Jane Doe's name. Defendant Doe also identified several other of Plaintiff's averments which were belied by the discovery in the case. *See* Ex. D, ECF No. 279-4 at 5–6 (SEALED).

5

dismissal." *See id*. at 15. Thereafter, by motions dated June 24, 2025 and June 28, 2025, Doe and the Yale Defendants again sought dismissal of this action as a sanction for Plaintiff's willful violation of the June 19 Order. Doe Second Emerg. Mot. to Dismiss, ECF No. 123 (SEALED); Yale Emerg. Mot. to Dismiss, ECF No. 130. After briefing and oral argument, the Court again denied the motions to dismiss. Order, ECF No. 265. Although the Court rejected Plaintiff's argument that he had not intentionally violated the June 19 Order, and indeed, found that he had willfully done so, the Court also concluded that the severe sanction of dismissal was not warranted, given the Court's strong preference for cases to be adjudicated on their merits. *Id*. at 13, 15. Because the Plaintiff's conduct leading up to the second motions to dismiss, which the Court found to be "egregious" is part of an escalating pattern of Plaintiff thwarting his obligations in this litigation, the Court repeats the underlying factual basis for the motion and the Court's findings. *Id*. at 13.

Screenshots of Plaintiff's posts beginning within hours of the issuance of the June 19 Order reveal the following posts: "i [sic] have been officially gagged by the federal court system of the United States for my speech on this platform," and posted a picture of the June 19 Order with the relevant portion highlighted. Doe Second Emerg. Mot., ECF No. 123-1 at 7, 9 (SEALED). He then posted "my actions are limited. I am going to 100% obey this ruling. I can't directly or indirectly tell anyone what to do. In no way shape or form should my [posts] here be interpreted in any way to construe anything beyond the limited scope of 'this ruling applies to me.'" *Id*. at 8, 10 (SEALED). Other individuals on the platform responded to Plaintiff's posts. One wrote "Sorry to hear about this. It's a damn shame someone can make false accusations and remain anonymous. A huge flaw in the system. Hoping one day her name can be revealed so that her and others like her are shamed. It's only right." *Id*. at 10 (SEALED). Plaintiff responded, "c'est la vie. i'm [sic]

doing my part. hopefully [sic] others contribute in their own way." *Id*. (SEALED). To another user, who posted "others can still say her name tho [sic] Sir," Plaintiff wrote, "I can not [sic] instruct anyone on their personal actions. I must fully adhere, abide, and be obedient to the courts and the rule of law." *Id*. at 11 (SEALED). Plaintiff went on to specifically "tag" another user, writing to this person "[other user] et al; this gag order only applies to me." *Id*. (SEALED). That individual then posted a photo of Jane from when she was in high school and her real name, which the same user had also done following Plaintiff's disclosure of Doe's name on Christmas in 2023. *Id*. at 12 (SEALED). Plaintiff did not deny that he made these posts. Rather, he argued that his posts did not violate the June 19 Order. Tr., ECF No. 150 at 23–24.

In its ruling denying the motion to dismiss, the Court first acknowledged Plaintiff's "troubling" conduct in connection with the "bizarre suspense building exercise" by which Plaintiff disclosed Doe's identity on Christmas morning 2023 and observed that Plaintiff was warned that his "conduct was not an appropriate adjunct to this litigation." Order, ECF No. 265 at 13–14. The Court found that after the issuance of the June 19 Order,

> "Almost immediately, Plaintiff took again to his social media account; posted the Court's order; declared himself 'gagged' by the federal courts; clarified that the order only applied to him, not to others; espoused that perhaps 'others would do their part;' and tagged a specific individual who, on cue, then revealed Doe's name and photograph. Having already revealed Doe's identity via the same account seven months earlier, Plaintiff knew that his audience could (and likely would) easily share this information."

> *Id*. at 14 (citations omitted).

The Court rejected Plaintiff's argument that his intent when posting was "irrelevant" and that his conduct did not actually violate the letter of the June 19 Order as utterly specious. *Id*. The Court concluded that Plaintiff's posts were designed to and did in fact cause others to act in a fashion that violated the June 19 Order. He was the impetus behind the disclosure, and through

7

his words and deeds, manipulated his "followers" to achieve his desired result. His protestations to the contrary were "belied by the entirety of the record before the Court and [were deemed] otherwise not credible." *Id*. at 15.

Nonetheless, the Court did not dismiss the case observing that Defendants would be permitted to cross-examine the Plaintiff at trial regarding all of his litigation misconduct as probative of his motives, his bias, and ultimately his credibility. *Id*. at 16. Perhaps out of an ill-conceived well-spring of hope, the Court believed such a prospect would serve to deter Plaintiff from further misconduct.

The instant motion to dismiss was filed on May 20, 2025 by Doe and the Yale Defendants. ECF Nos. 332, 333 (SEALED). Defendants attach documents and evidence that they argue demonstrate sweeping and repeated instances of litigation misconduct. Plaintiff filed his response to the motion on June 27, 2025. Opp. to Mot. to Dismiss, ECF No. 364 (SEALED). On July 10, 2025, Defendants filed a supplemental memorandum in support of the motion to dismiss to which they attach additional documentary evidence of yet more misconduct by Plaintiff. Ex. 1, ECF 371-1. On July 11, 2025, the Defendants filed a Reply in further support of the motion. Def. Reply, ECF No. 373. Plaintiff filed a response to the supplemental memorandum on July 20, 2025. Pl. Resp., ECF No. 377. Given the serious and troubling nature of the allegations, the Court, *sua sponte*, stayed the case pending adjudication of the instant motion. Order, ECF No. 361.

**Standard of Review**

*Inherent Authority*

"It is well settled that 'courts traditionally have exercised considerable authority to manage their own affairs so as to achieve the orderly and expeditious disposition of cases.'" *Hall v. Oriska Corp Gen. Contracting*, No. 21-1564, 2022 WL 17420307, at *2 (2d Cir. Dec. 6, 2022) (quoting

*Hoffmann-La Roche Inc. v. Sperling*, 493 U.S. 165, 172–73 (1989)).  This inherent authority includes the power to sanction "bad-faith conduct."  *Davis v. Saint Luke's-Roosevelt Hosp. Ctr.*, 771 F. App'x 116, 116 (2d Cir. 2019) (summary order) (citing *Chambers v. NASCO, Inc.*, 501 U.S. 32, 46, (1991)).  Such sanctionable bad-faith conduct includes "abuse of the judicial process[.]" *Yukos Cap. S.A.R.L. v. Feldman*, 977 F.3d 216, 235 (2d Cir. 2020).  A court's decision to impose sanctions under its inherent authority is "truly discretionary," *id.*, but "[b]ecause of their very potency, inherent powers must be exercised with restraint and discretion."  *Chambers*, 501 U.S. at 44.  "Such sanctions are warranted only where there is clear and convincing evidence of bad faith." *Harvin v. Cheney*, No. 3:23-cv-328 (MPS), 2024 WL 2044696, at *4 (D. Conn. May 7, 2024) (citing *Yukos Cap. S.A.R.L.*, 977 F.3d at 235).

"The sanction of dismissal . . . is a drastic remedy that should be imposed only in extreme circumstances, usually after consideration of alternative, less drastic sanctions."  *Davis*, 771 F. App'x at 116 (citing *Shcherbakovskiy v. Da Capo Al Fine, Ltd.*, 490 F.3d 130, 140 (2d Cir. 2007)). If a party's conduct evinces "flagrant bad faith," a court may resort to dismissal "not merely to penalize," but "to deter those who might be tempted to such conduct in the absence of such a deterrent."  *Id.* (quoting *Nat'l Hockey League v. Metro. Hockey Club, Inc.*, 427 U.S. 639, 643 (1976)).  Dismissal is also appropriate where "'a party . . . abuses the process at a level that is utterly inconsistent with the orderly administration of justice or undermines the integrity of the process."  *Davis v. Saint Luke's Roosevelt Hosp.*, No. 16-cv-6279 (JPO), 2018 WL 10384114, at *1 (S.D.N.Y. Apr. 16, 2018), *aff'd sub nom. Davis*, 771 F. App'x 116 (quoting *United States v. Shaffer Equip. Co.*, 11 F.3d 450, 462 (4th Cir. 1993)).

**Rule 41(b)**

In addition to their inherent and traditional authority, federal courts are explicitly authorized to involuntarily dismiss cases under Fed. R. Civ. P. 41(b).  Rule 41(b) provides for dismissal "[i]f the plaintiff fails to prosecute or to comply with [the federal] rules or a court order." The decision to dismiss an action as a sanction lies within the discretion of the district court. *Smalls v. Cnty. of Suffolk*, 718 F. App'x 16, 19 (2d Cir. 2017).  The Second Circuit has identified five factors to guide the Court's exercise of discretion under Rule 41(b).  District courts must consider:

> "(1) the duration of the plaintiff's failure to comply with the court order; (2) whether the plaintiff was on notice that failure to comply would result in dismissal; (3) whether the defendants are likely to be prejudiced by further delay in the proceedings; (4) a balancing of the court's interest in managing its docket with the plaintiff's interest in receiving a fair chance to be heard; and (5) whether the judge has adequately considered a sanction less drastic than dismissal."

> *Spencer v. Doe*, 139 F.3d 107, 112–13 (2d Cir. 1998) (citation omitted); *see also Simmons v. Abruzzo*, 49 F.3d 83, 87 (2d. Cir. 1995).

No one factor is dispositive. *Spencer*, 139 F.3d at 113.  Because a Rule 41(b) dismissal "is one of the harshest sanctions," it must "'be proceeded by particular procedural prerequisites, including notice of the sanctionable conduct, the standard by which it will be assessed, and an opportunity to be heard.'"  *Smalls*, 718 F. App'x at 19 (quoting *Baptiste v. Sommers*, 768 F.3d 212, 217 (2d Cir. 2014)).  A "dismissal pursuant to Rule 41(b) operates as adjudication on the merits unless otherwise specified by the Court." *Rzayeva v. United States*, 492 F. Supp. 2d 60, 89 (D. Conn. 2007).

**Rule 37**

Pursuant to Rule 37(b), if a party fails to obey a discovery order, the Court may issue an order, inter alia, "prohibiting the disobedient party from supporting . . . designated claims . . . or from introducing designated matters in evidence; . . . dismissing the action . . . in whole or in part;

10

[or] rendering a default judgment against the disobedient party." Fed. R. Civ. P. 37(b)(2)(A). "A district court has wide discretion to impose sanctions, including severe sanctions, under Federal Rule of Civil Procedure 37." *Design Strategy, Inc. v. Davis*, 469 F.3d 284, 294 (2d Cir. 2006). For example, in *John B. Hull, Inc. v. Waterbury Petroleum Prods., Inc.*, the United States Court of Appeals for the Second Circuit upheld the dismissal of a party's complaint "for its failure to obey repeated orders to provide discovery" to an opposing party. 845 F.2d 1172, 1176 (2d Cir. 1988). There, the court found noteworthy that the non-compliant party "repeatedly refused to answer" the other party's interrogatories. *Id*. Although the Second Circuit acknowledged that dismissal was a "drastic remedy," it agreed with the district court that the non-compliant party's "flagrant disregard of court orders . . . justified the imposition of the sanction of dismissal: [the non-compliant party] failed to provide any meaningful discovery concerning a core trial issue despite three clear court orders, which included two warnings that dismissal would follow if [the non-compliant party] failed to provide adequate responses." *Id*. at 1176–77.

Under whatever authority the Court proceeds, it is well-established that there is a clear and significant preference for cases to be decided on their merits. *See Mandala v. NTT Data, Inc.*, 88 F. 4th 353, 362 (2d Cir. 2023). As such, dismissal is considered the least-favored sanction, and the sanction of last resort. *Harvin*, 2024 WL 2044696, at *4 (citing *Shcherbakovskiy*, 490 F.3d at 140). And if the Court can fashion lesser sanctions to address the party's misconduct, lesser sanctions should be chosen. *Id*.

**The allegations of misconduct**

The Defendants' allegations encompass multiple instances of misconduct which, generally fall into five buckets. First, Defendants assert that Plaintiff intentionally produced over 70,000 pages of documents in discovery — of which roughly 85% were deemed wholly irrelevant or

11

unresponsive — in bad faith and for the purpose of delaying impending depositions. Second, Defendants assert that the withholding of text messages between Plaintiff and Peter Roe on the basis of attorney-client or work product privilege was utterly specious. Third, Defendants assert that Plaintiff lied in his certified Interrogatory responses when he failed to disclose multiple accusations of sexual harassment or sexual misconduct levied against him by women other than Jane Doe when he was a student at Yale. Fourth, Defendants assert that, similar to his prior conduct, Plaintiff indirectly disclosed Doe's identity when he posted (and re-posted) a video wherein he complains about his inability to name Jane Doe, which, predictably, resulted in his followers doing just that. Fifth, Defendants identified multiple instances where Plaintiff has been dishonest with the Courts.[8] Ultimately, Defendants assert, enough is enough. Plaintiff cannot be trusted to proceed in good faith, and that given the current record before the Court, Defendants are left at an insurmountable disadvantage. As was argued, they do not know what they do not know and Plaintiff cannot be trusted to answer honestly the Defendants' inquiries in discovery. *See* Tr., ECF No. 397 at 87.

Plaintiff denies any bad faith litigation conduct either with respect to the document production; the assertion of attorney-client privilege or the interrogatory responses. He denies "indirectly" disclosing Jane Doe's identity for a second time and otherwise attempts to explain away the Defendants' accusations. Opp. to Mot. to Dismiss, ECF No. 364 at 3–4 (SEALED). Tellingly, Plaintiff's opposition to the motion to dismiss attaches no documentary or testimonial evidence. *See generally* Opp. to Mot. to Dismiss, ECF No. 364 (SEALED). In terms of Plaintiff's

---

[8] This list is not exhaustive. By way of further example only, Defendants accuse Plaintiff of additional unauthorized disclosure of protected material to a blogger and accuse Plaintiff of signing a release of information authorization but then taking steps to block any release of information. See Mot. to Dismiss, ECF No. 332 at 7–9. The Court need not, decide whether Defendants' additional accusations are proven, insofar as it has determined to dismiss this case for the reasons discussed above.

12

conduct, the opposition engages in a series of conjectural musings in an effort to suggest an alternative, innocent, explanation for Plaintiff's lapses. *See id*. (SEALED). What the opposition does not do is confront the growing mountain of evidence that Plaintiff simply cannot be trusted to act in good faith, to meet his discovery obligations honestly, and to abide by the Court's orders.

*The Document Production*

On May 13, 2024, the Court referred this matter to Judge Garcia to provide pretrial management, discovery oversight, and scheduling. Ref. Order, ECF No. 110. Judge Garcia met frequently with counsel to promptly address any concerns or disagreements that arose. *See* Minute Entries, ECF Nos. 120, 174, 192, 240, 256, 263, 272, 286, 296, 306, 330. Discovery was scheduled to be completed by April 15, 2025. Order, ECF No. 68. Multiple depositions were scheduled for or anticipated to be scheduled in March of 2025. Orders, ECF Nos. 257, 262. However, there remained outstanding issues regarding additional documents to be produced by Plaintiff. *See* Joint Status Report, ECF No. 261; Order, ECF No. 262. As of February 18, 2025, Plaintiff's deadline to produce responsive documents and a privilege log was February 21, 2025. Order, ECF No. 262. On February 18, 2025, the parties jointly requested a modest modification to the deadline and sought a one-week extension for Plaintiff to produce both additional documents and a privilege log. Joint Mot. for Ext. of Time, ECF No. 274 at 1. The joint motion further requested that Defendants be permitted to disclose experts *three (3) days* after the production, so as to allow a review of the production in advance of the expert disclosures. *Id*. at 2.[9]

On February 27, 2025, Plaintiff sent Defendants a link to the remaining document production. *See* Joint Status Report and Mot. for Ext. of Time, ECF No. 284 at 1. The production

---

[9] Defendants reasonably posit that in requesting only three days to review the anticipated production before disclosing experts, it is manifest that Defendants anticipated a much smaller final production of records from the Plaintiff. Notably, Plaintiff joined in the request, implicitly assuring the Defendants that the impending production could be meaningfully reviewed in three days. Joint Mot. for Ext. of Time, ECF No. 274 at 2.

numbered in excess of 70,000 pages of documents, requiring the postponement of then-scheduled depositions, further extensions of the scheduling order as well as an extensive and expensive document review. *Id*. Through the Affidavit of reviewing counsel, Defendants aver, and Plaintiff does not meaningfully disagree, that the documents were largely irrelevant. Ex. G, ECF No. 332-2 at ¶ 4. Counsel avers that approximately 85% of the documents are unresponsive to the requests, and even if arguably responsive, completely irrelevant. *Id*. at ¶¶ 4–5. The documents included many spam emails to Plaintiff; advertisements, communications with various persons which pre-date the events at issue, sometimes by years; pornography (admittedly by mistake); Uber receipts; restaurant recommendations; credit card payment reminders; blast email announcements on unrelated issues and the like. *Id*. at ¶¶ 6–7.

Defendants argue that this was a contrived dump of voluminous documents in order to extend, of necessity, the case management schedule set by the Court. Mot. to Dismiss, ECF No. 332 at 11. In response, Plaintiff decries any bad faith and argues simply that he erred on the side of disclosure to avoid any claim that he inappropriately withheld documents. Opp., ECF No. 364 at 6–9 (SEALED). It is difficult to discern any legitimate decision to err on the side of production for many of the records produced, i.e. random advertisements.

*Indirectly Identifying Jane Doe on Social Media*

After the Court's decision on Defendants' second motion to dismiss, in which the Court concluded that Plaintiff had willfully and egregiously instigated the disclosure of Jane's identity by his social media followers, *see* Order, ECF No. 265 at 13, Defendants aver he did it again, *see* Mot. to Dismiss, ECF No. 332 at 9–11.

Plaintiff gave a video interview with a blogger regarding this litigation. Ex. B, ECF No. 333-2 (SEALED). During the interview, Plaintiff lamented his inability to publicly disclose Doe's

14

name by virtue of the Court's order. *Id*. (SEALED). After the video interview was posted by the blogger, Plaintiff re-posted the video four times to his social media followers, to include those who had previously disclosed Jane's name at Plaintiff's instigation. Ex. C, ECF No. 333-3 (SEALED). One of the re-posts included the caption "Next, naming the infamous Jane Doe!". *Id*. at 3 (SEALED). Not surprisingly, in response, multiple of Plaintiff's followers again posted Doe's name. *See* Ex. E, ECF No. 333-5 (SEALED). As he did in response to the second motion to dismiss, Plaintiff decries any responsibility for the disclosure and asserts the same specious argument that the Court expressly rejected when ruling on the earlier motion. Opp. to Mot. to Dismiss, ECF No. 364 at 5–6 (SEALED).

*Interrogatory Responses*

Defendant Jane Doe served Interrogatories on Plaintiff. Ex. H, ECF No. 332-3. Interrogatory No. 10 asked: "Please identify all individuals that, to your knowledge, have alleged, stated, and/or otherwise asserted that you engaged in sexual misconduct with them and please identify all documents and communications, other than communications with your attorneys, regarding all such allegations, statements, and/or assertions of sexual misconduct against you." *Id*. at 4. In the instructions and definitions section, Jane Doe defined "sexual misconduct" in line with Yale's definition to mean "sexual assault (which includes rape, groping, and any other non-consensual sexual contact), sexual harassment, intimate partner violence, stalking, and any other conduct of a sexual nature that is non-consensual, or has the purpose or effect of threatening or intimidating a person or persons." *Id*. at 3. In response, Plaintiff answered: "Jane Doe[;] Peter Roe[.]" Ex. J, ECF No. 332-5 at 3. The Interrogatory responses were signed and sworn to by Plaintiff. *Id*. at 4.

15

Defendants challenged the completeness of this answer.  Mot. to Dismiss, ECF No. 332 at 17–25; Ex. T, ECF No. 332-9.  In response, Plaintiff's counsel confirmed that he had discussed the issue with his client and confirmed that the answer was accurate.  Aff., ECF No. 332-1 at ¶ 4.  Defendants have produced documentary evidence which reveal that Plaintiff was accused of sexual misconduct while a student at Yale by other young women.  *See* Ex. K, ECF No. 333-8 (SEALED); Ex. L, ECF No. 333-9 (SEALED); Ex. M, ECF No. 332-6; Ex. N, ECF No. 332-7; Ex. O, ECF No. 333-10 (SEALED); Ex. P, ECF No. 333-11 (SEALED); Ex. Q, ECF No. 333-12 (SEALED); Ex. R, ECF No. 332-8; Ex. S, ECF No. 333-13 (SEALED).

In Spring 2013, a woman pseudonymously identified as "Sally Roe 2" reported to Plaintiff's Residential College Dean and Academic Advisor that Plaintiff had "grabb[ed] her and forc[ed] himself on her."  Ex. K, ECF No. 333-8 at 2 (SEALED).  The Title IX Coordinator met with both Sally Roe 2 and Plaintiff.  *Id*. (SEALED).  Plaintiff told his Dean that he realized his behavior was not appropriate and, at the suggestion of the Dean, wrote Sally Roe 2 an apology email.  *Id*. at 3 (SEALED).

Approximately one year later in Spring 2014, another woman, referred to pseudonymously as "Sally Roe 1" reported an incident that occurred in March or April of 2013.  Ex. L, ECF No. 333-9 at 2 (SEALED).  She reported that after a party, Plaintiff grabbed her, made out with her in a forceful way, attempted to remove her clothes, and requested sex, oral sex, and other sexual acts multiple times, to each of which she said no.  *Id*. (SEALED).  She reported that he kissed her so forcefully that it caused her ear to bleed.  She reported that Plaintiff "persistently" texted her for months following the incident.  *Id*. (SEALED).  At the time, Plaintiff denied the allegations.  He did recall her ear was bleeding but thought it was from an earring, felt bad that he did not read her cues accurately, and agreed to attend training from Yale's Sexual Harassment and Assault Response

16

& Education ("SHARE") Center.  *Id*. (SEALED).  Plaintiff communicated with staff members and his Dean several times regarding the informal UWC complaint that was filed by Sally Roe 1 and the SHARE training over email.  *Id*. at 3–5 (SEALED).

In November 2017, the Yale Daily News reported on a Facebook post wherein a Yale student wrote that Plaintiff had "made forceful advances on her and offered her drugs."  Ex. M, ECF No. 332-6 at 4.  The article also detailed a second report from a first-year student to whom Plaintiff "forcefully . . . ma[d]e advances."  *Id*. at 7.  She reported that he had also offered her drugs, which she declined.  *Id*. at 8.

In 2014, Plaintiff, a member of the Yale College Council (YCC), became involved in a dispute with another YCC member.  He accused her of making false accusations against him of sexual misconduct involving other Yale students.  The dispute was the subject of an article in the Yale Daily News in which the YCC member confirmed that she had learned that multiple female students had considered reporting sexual misconduct by Plaintiff.  While it is unclear whether Plaintiff knew the identities of these other women, he was certainly aware of the article as it was sent to him by an acquaintance.  Ex. N, ECF No. 332-7.

As acknowledged and disclosed by Plaintiff, a (now former) friend of Plaintiff, Peter Roe, made a sexual assault complaint against Plaintiff.  Ex. J, ECF No. 332-5.  What Plaintiff did not disclose in his Interrogatory response was that the incident giving rise to Peter Roe's accusation, involved a third person, referred in the discovery as "Sophie."  *Id*.  Sophie agreed to meet for a sexual encounter with Peter Roe and Plaintiff in June 2018.  Ex. R, ECF No. 332-8 at 8.  In October 2018, the Yale Daily News published an article regarding the sexual encounter, to include, Peter Roe and Sophie's allegations of what occurred.  *Id*. at 8–10.  Sophie alleged that Plaintiff restrained her from behind; forced wine down her throat; hit her very hard, and "left some pretty unacceptable

17

marks" on her face. *Id*. at 9. It is beyond the pale to suggest for even a moment that Plaintiff was unaware of Sophie's accusations, especially, as discussed below, Plaintiff and Peter Roe planned the encounter and even anticipated the potential use of violence against Sophie.[10] *Id*.

In the face of this evidence, Plaintiff's opposition speculates that Plaintiff perhaps did not recall these events or perhaps Plaintiff did not consider these events responsive. See Opp. to Mot. to Dismiss, ECF No. 364 at 11–13 (SEALED); Tr. ECF No. 397 at 37–41. Plaintiff's counsel need not speculate as to why his client did or did not include these accusations in his Interrogatory response. He could have simply asked his client to explain himself. He chose not to do so.

At the hearing on the instant motion, Plaintiff testified, due in large measure to the Court's dissatisfaction with the opposition.[11] Tr., ECF No. 397 at 71–80. He testified that he interpreted the Interrogatory as only including circumstances where he had been charged criminally. *Id*. at 73–74. However, the Defendants specifically challenged the Interrogatory response. Mot. to Dismiss, ECF No. 332 at 18–25; Ex. T, ECF No. 332-9. In a deficiency letter attached as Exhibit T to Defendants' motion, Defendants told Plaintiff's counsel: "We believe Plaintiff's response is deficient and request that he supplement it. For example, if you click here, you will see a video of Plaintiff saying that 'there were about twenty different complaints against him' after his return to Yale. Please have Plaintiff identify the individuals who made complaints, allegations, etc. of sexual misconduct against him." Ex. T, ECF No. 332-9 at 3. Following a meet and confer, Plaintiff's counsel confirmed that he had discussed the issue with his client and confirmed the

---

[10] Defendants identify additional complaints against Plaintiff which surfaced in 2018 and which referenced conduct from prior years. *See, e.g.*, Ex. P, ECF No. 333-11 (SEALED); Ex. Q, ECF No. 333-12 (SEALED). It is unclear the extent to which Plaintiff knew the identities of these women or the specifics of their allegations. He has referenced them generically at times and so appears to have had some knowledge as to additional complaints against him. *See, e.g.*, Ex. S, ECF No. 333-13 at 4 (SEALED). It is not obvious however that such generic knowledge would have triggered his disclosure obligations as to Interrogatory 10.

[11] The Court recognized that Plaintiff could assert applicable privileges to the Court's inquiry. Tr., ECF No. 397 at 4. He did not assert any such privilege. *Id*. at 71–80.

18

accuracy of his sworn interrogatory answer.  Aff., ECF No. 332-1 at ¶ 4; ECF No. 333 at 24 (SEALED).  Against this backdrop, Plaintiff's testimony is simply not credible.

*The Assertion of Attorney Client Privilege – Peter Roe*

In response to Jane Doe's discovery requests, Plaintiff asserted that some of the requested documents were "protected by the attorney-client privilege and work product protection/privilege."  Ex. J, ECF No. 332-5 at 5.  He thus withheld communications between Plaintiff and Peter Roe, on the assertion that Peter Roe was part of Plaintiff's legal team.

Peter Row is a former friend of Plaintiff.  As discussed above, the relationship soured, and Peter Roe ultimately accused Plaintiff of sexual assault in connection with the encounter with Sophie.  Ex. R, ECF No. 332-8.  But prior to their falling out, they were in frequent communication, largely by text message.  It was these text messages that Plaintiff sought to protect from disclosure.  Although Plaintiff subsequently withdrew the privilege assertion on the eve of oral argument on Defendants' motion to compel the communications, the issue is not, as posited by Plaintiff, rendered moot or meaningless.

Before reviewing the communications themselves, a review of the basic parameters of the attorney client and work product privilege is appropriate.  "Federal Rule of Civil Procedure ('FRCP') 26 requires that the party asserting a privilege '(i) expressly make the claim; and (ii) describe the nature of the documents, communications, or tangible things not produced or disclosed — and do so in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the claim.'"  *Koumoulis v. Indep. Fin. Mktg. Grp., Inc.*, 295 F.R.D. 28, 36 (E.D.N.Y. 2013), *aff'd*, 29 F. Supp. 3d 142 (E.D.N.Y. 2014) (quoting Fed. R. Civ. P. 26(b)(5)(A)).

"The attorney-client privilege protects communications (1) between a client and his or her attorney (2) that are intended to be, and in fact were, kept confidential (3) for the purpose of obtaining or providing legal advice." *United States v. Mejia*, 655 F.3d 126, 132 (2d Cir. 2011) (citing *In re Cnty of Erie,* 473 F.3d 413, 419 (2d Cir. 2007)). "The privilege's underlying purpose has long been 'to encourage full and frank communication between attorneys and their clients and thereby promote broader public interests in the observance of law and administration of justice.'" *Id*. (quoting *Upjohn Co. v. United States*, 449 U.S. 383, 389 (1981)). "[I]n order for the attorney-client privilege to apply, 'the *predominant purpose*' of the communication must be 'to render or solicit legal advice.'" *Favors v. Cuomo*, 285 F.R.D. 187, 198 (E.D.N.Y. 2012) (quoting *Erie*, 473 F.3d at 420) (emphasis added).

The party asserting the attorney-client privilege bears the burden of establishing that the communications to be protected are, indeed, communications between a client and their attorney, intended to be confidential, and were for the purpose of obtaining or providing legal advice. *Id*.; s*ee also Harnage v. Kenny*, No. 3:19-cv-938 (SDV), 2022 WL 2046140, at *3 (D. Conn. June 7, 2022) ("The party asserting the privilege bears the burden of establishing its elements." (citation omitted)).

Attorney work-product privilege is distinct from attorney-client privilege. "The work-product privilege protects documents created by counsel or per counsel's directive, in anticipation of litigation." *Koumoulis*, 295 F.R.D. at 39 (citing *In re Grand Jury Subpoenas Dated March 19, 2002 & August 2, 2002*, 318 F.3d 379, 383 (2d Cir.2003)). The party asserting the privilege again bears the burden of demonstrating that they are entitled to such privilege. "To be entitled to protection for opinion work product, the party asserting the privilege must show 'a real, rather than speculative, concern' that the work product will reveal counsel's thought processes 'in relation to

20

pending or anticipated litigation.'"  *In re Grand Jury Subpoena Dated July 6, 2005*, 510 F.3d 180, 183–84 (2d Cir. 2007) (quoting *In re Grand Jury Subpoenas Dated Mar. 19, 2002 & Aug. 2, 2002*, 318 F.3d at 386)).  Conclusory assertions of privilege are insufficient.  *Koumoulis*, 295 F.R.D. at 39.

Against this back drop, the Court turns to the withheld communications.  In 2018, Plaintiff and Mr. Roe were planning to meet together, with Sophie, for a sexual encounter.  In advance of this encounter, on May 23, 2018, Plaintiff and Mr. Roe texted.

> Mr. Roe: Just locked down someone for the 6th and 7th [by the way] . . . Who's your daddy . . .  I mean . . . khasegi
>
> . . .
>
> Plaintiff: Oh nice . . . That should be fun.
>
> Mr. Roe: Yeah, she seems great.  Into spanking, gagging, pain, nipple play, breath play, bondage, discipline and "spit for lube" . . . this will be the first time ive intentionally had a sexual experience with a woman.
>
> Plaintiff: ah okay
>
> Mr. Roe: You dont seem nearly as excited as i was hoping you would be lol
>
> Plaintiff: I am . . . just busy . . . didn't sleep well.
>
> Ex. B, ECF No. 371-3 at 2–4.

Mr. Roe sends a photo of Sophie to Plaintiff and they discuss her personal appearance as well as her academic background.  *Id*. at 5–7.  The conversation continues:

> Mr. Roe: She has been looking for a male couple to cuckold. . . .She wants me to "eat her p[slang] while he f[expletive]s me."
>
> Plaintiff:  That is crazy hot.
>
> *Id*. at 7.

The text messages continued on mundane matters. Later the same day, the conversation returned to Sophie and a discussion of the sexual encounter with explicit detail as to what Plaintiff envisioned occurring. Mr. Roe responded: "Haha. Whatever you ask of me, ill make it happen." *Id*. at 15. The conversation continues:

> Mr. Roe: . . . She and i talked about some things but i told her youd probably be fine just talking about it in person which is what she prefers.
>
> Plaintiff: Okay good :) . . . Bitch is getting con non con
>
> Mr. Roe: Con non con?
>
> Plaintiff: Non consensual.
>
> . . .
>
> Mr. Roe: Her only concern was that you may be too dominant because she wanted to be serviced too. Which . . . I can take care of that . . .
>
> Plaintiff: Well, I do abuse sluts and do a bit of after care.
>
> *Id*. at 19–21.

The text conversation continued on the subject of the planned sexual encounter with Sophie as well as Mr. Roe's sexual attraction to Plaintiff.

Plaintiff's privilege log described the May 23, 2018 text exchange as follows: "khan and legal team discuss post-trial logistics, FACE matters, media and related info — work product protection because this discussion was at the direction of attorneys and in preparation for litigation." Ex. C, ECF No. 371-4 at 2. This assertion is sanctionable on its face and given the damning nature of the communications in the context of this litigation — a claim that Jane Doe falsely accused Plaintiff of sexual assault — an intent to conceal from the fact finder, probative and relevant evidence, is not only a reasonable inference but perhaps a necessary one. *See* Fed. R. Civ. P. 37.

22

Earlier text messages were also withheld.  On March 26, 2018, in response to a text from Mr. Roe which contained a photo of an unnamed blond woman, Plaintiff wrote: "F[expletive]. Blonde bimbos is my fetish. . . . I want to choke them."  Ex. D, ECF No. 371-5 at 2–3.  On April 13, 2018, Plaintiff texted Mr. Roe: "Like literally they should sell rape fantasy books" to which Mr. Roe responded: "I'm sure they do."  Plaintiff added, "With stories from reality . . . They do?"  Ex. E, ECF No. 371-6 at 2.  On April 5, 2018, in response to another photograph sent to Plaintiff from Mr. Roe, Plaintiff texted: "If a f[slur] girl like that looked at me with a lil weener between her legs . . . I'd pounce on her."  Ex. F, ECF No. 371-7 at 2.

During a separate text conversation on May 11, 2018, Plaintiff texted Mr. Roe: "If I had 5 dollars for every gender, I would have 5 dollars coz women are objects."  Ex. H, ECF No. 371-10 at 3.  Also on May 11, 2018, Mr. Roe texted about a different woman, [name omitted]: "I feel like she'd definitely be down to have a f[slur] eat her out after she's just had her brains f[expletive] out by an alpha rapist [smiling with tongue out emoji]," to which Plaintiff responded: "That's so hot."  Mr. Roe then texted: "I bet she'd let you do violent things to her too."  Ex. J, ECF No. 371-11 at 2.  The discussion then turns to an explicit discussion about Mr. Roe and Plaintiff participating in what can best be described as a rape fantasy.[12]  Id. at 3–4.  Mr. Roe and Plaintiff also discuss finances, taxes, the stock market, investing and other personal matters.[13]  Ex. K, ECF 371-12 at 3–18.  What they do not discuss is pending or anticipated litigation.

---

[12] Mr. Roe: "God.  I'd love to watch a girl lose control completely.  Lay helplessly while you plow her and all she can do is whimper. . . . She won't be able to say no.  I'll be holding her mouth for you."  To this, Plaintiff responded: "doesn't matter if she screams so let her mouth be open . . . I got my fingers to push into her throat."  To this, Mr. Roe responded: "So hot."  Ex. J, ECF No. 371-11 at 4.

[13] The Second Circuit has explicitly held that such communications are not protected by attorney-client privilege.  See, e.g., Colton v. United States, 306 F.2d 633, 638 (2d Cir. 1962) ("Attorneys frequently give to their clients business or other advice which, at least insofar as it can be separated from their essentially professional legal services, gives rise to no privilege whatever.") (collecting cases).

23

All of these communications were withheld on the assertion of an attorney-client or work product privilege on the theory that Mr. Roe provided paralegal-like assistance to Plaintiff's legal team. Resp., ECF No. 377 at 1–2. In response to the motion to dismiss, Plaintiff blithely asserts that "Parties are entitled to test the boundaries of privilege so long as they log the documents and have a plausible basis, as Plaintiff did here." *Id*. at 2. Plaintiff is wrong. Although he asserts that Mr. Roe was a "volunteer paralegal" assisting with Plaintiff's post-trial matters, this is irrelevant. *Id*. Regardless of whatever label Plaintiff tried to put on Mr. Roe, there is simply no construction of the conversations that would bring them, even arguably, within the scope of any privilege — attorney-client or work product. The privileged communications must be for the purpose of obtaining legal advice. *See, e.g.*, *Favors*, 285 F.R.D. at 198. Rape fantasies and strategizing a three-way sexual encounter cannot, in good faith, be characterized as an attorney-client communication subject to the privilege. Nor frankly, can the mundane communications about finances, the stock market, taxes and the like be so labeled. *See Colton*, 306 F.2d at 638.

And it goes without saying, or least it should, that there are no non-frivolous claims to be made that these communications were "at the direction of" Plaintiff's lawyers "in anticipation of litigation." Ex. C, ECF No. 371-4 at 2; *see also Koumoulis*, 295 F.R.D. at 39. The inescapable conclusion is that Plaintiff did not want to disclose these communications and therefore attempted to shield them behind a specious assertion of the privilege and a misleading and false privilege log.

*Dishonesty with the Court*

Defendants also assert that Plaintiff has been dishonest in his dealings with the Court. Following the issuance of the June 19 Order, ECF No. 119, Plaintiff received a request from the Department of Homeland Security in connection with his asylum application. *See* ECF No. 207

24

(SEALED).  The request sought transcripts from Plaintiff's criminal trial.  Because he had previously submitted unredacted versions of those transcripts in 2021, he sought to do so again, but feared such action would run afoul of the June 19 Order.  Emerg. Mot., ECF No. 206 at 1–2. Plaintiff therefore sought relief from the Order insofar as "Plaintiff believe[d] that his best course of legal action [was] to rely on the advice of immigration counsel and submit the requested documents as he submitted them in 2021."  *Id*. at 5.  He asserted that "*Plaintiff has been advised by his retained immigration counsel* to submit the same documents he submitted in 2021.  **No one** should interfere with that representation."  *Id*. at 22 (first emphasis added; second emphasis in original).

Accordingly, Judge Garcia convened a hearing on Plaintiff's request and also directed Plaintiff's immigration counsel to attend.  Order, ECF No. 209.  Attorney Glenn Formica attended "pursuant to the Court's order" as Plaintiff's immigration counsel.  Tr., ECF No. 220 at 4. However, during the hearing, Plaintiff's counsel advised the Court that he was "recently informed" that Attorney Formica no longer represented Plaintiff in immigration proceedings.  *Id*. at 7.  And Attorney Formica confirmed that he had not represented Plaintiff "for years."  *Id*. at 8.  In fact, it was revealed that Plaintiff was appearing *pro se* in the immigration proceedings.  *Id*. at 31–32. Plaintiff's claim that his retained immigration counsel advised him regarding which documents to submit to DHS was clearly false.  To the extent he suggests that perhaps it was a different unnamed lawyer in attorney Formica's office, he offers only unsupported supposition.  *Id*. at 25–26.  It was Plaintiff who was directed to bring the immigration attorney on whose advice he was relying. Order, ECF No. 209.  Plaintiff chose Attorney Formica.  Attorney Formica had offered no such advice.

The Defendants also rely upon Plaintiff's withholding of a secretly made recording of the Yale UWC hearing in 2019.  Mot. to Dismiss, ECF No. 332 at 27–29.  Although Plaintiff was in possession of the UWC recording at all times, he did not disclose its existence until 2024,[14] *see* Ex. V, ECF No. 332-11 at 3, and he did not produce a transcript of the proceeding (redacted because he also recorded his conversations with Attorney Pattis) until February of 2025, *see* Mot. to Dismiss, ECF No. 332 at 28; Tr. ECF No. 397 at 86.  Concerning on this issue is the fact that Plaintiff made arguments to the Connecticut Supreme Court and the Second Circuit premised on the fact that there was no record of the UWC proceedings.  *See Khan v. Yale Univ.*, 347 Conn. 1, 46 (2023); *Khan v. Yale Univ.*, 85 F.4th 86, 89 (2d Cir. 2023).  For example, Plaintiff argued to the Supreme Court that it was "unclear" whether the witnesses were placed under oath.  Ex. J, ECF No. 373-10 at 3.

Of course, since Plaintiff had recorded the proceedings, he knew that the witnesses were not sworn.  Plaintiff also argued that he had requested a transcript or a recording of the hearing at the hearing but was denied.  The subsequently disclosed recording and transcript do not contain any such request or denial.  *See* Reply, ECF No. 375-1 at 9 (SEALED) (citing *Khan v. Yale Univ.*, 27 F.4th 805, 816 n.13 (2d Cir. 2022)).  And Plaintiff relied on this lack of record to lament his ability to meaningfully appeal the issues before the Court.  In its decision, the Connecticut Supreme Court agreed and stated that Plaintiff's "ability to appeal was severely constrained by the absence of *any* transcript or recording of statements, testimony, or questions raised during the UWC hearing."  *Khan*, 347 Conn. at 46.  In short, Plaintiff withheld the existence of this recording from the Defendants, the district court, the Second Circuit Court of Appeals, and the Connecticut

---

[14] In response to a request for production seeking any such recording, Ex. U, ECF No. 332-10 at 4–5, Plaintiff averred "see enclosed production[,]" Ex. V, ECF No. 332-11 at 3.  The recording was not, however, included and only surfaced later.

26

Supreme Court. And of course, this means that the Defendants litigated Jane Doe's motion to dismiss and subsequent appeal, completely unaware of its existence.

It is, of course, impossible to know whether, had the existence of the recording been disclosed, the issues on appeal would have been decided any differently. Certainly, there was no official recording of the proceeding or transcription of same per the UWC protocols, something the Supreme Court found troubling, to be sure. *Id*. at 39. And the lack of any record of the proceedings was but one of five deficiencies identified by the Supreme Court. *Id*. But the Plaintiff still permitted the courts to be under the false impression that there was no existing recording of the proceedings. And of course, Plaintiff was asked at the outset of the UWC proceedings whether he would confirm that he was, in fact, not recording the proceedings. Ex. W, ECF No. 333-14 at 6 (SEALED). He said he was not — another lie and one kept concealed from the Defendants until 2024.[15] *Id*. at 6–7 (SEALED).

**An Appropriate Sanction**

The Court does not detail each instance of misconduct relied upon by Defendants as such an exhaustive undertaking is unnecessary. And the Court relies to varying degrees on the misconduct detailed above.

As to the document production, while the Court agrees that the production of over 70,000 pages of largely irrelevant materials has all the hallmarks of a classic "document dump," the Court does not, on the present record, infer that it was Plaintiff's intent to forestall impending depositions

---

[15] At the hearing on the instant motion, Plaintiff testified that Attorney Pattis was aware of the recording at the time because "[h]e was there as I was recording. He witnessed the phone. At that point I had a Google Pixel phone that I used to record, it was sitting on the table." Tr., ECF No. 397 at 74–75. He was, at best, equivocal. When called out for the wishy-washy nature of his testimony, through counsel, he indicated that Mr. Pattis knew of the recording. *Id*. at 97–98. Aside from the fact that this seems exceedingly unlikely given Attorney Pattis' status as an officer of the court, the transcript further reveals that when asked to confirm that neither plaintiff *nor his advisor* were recording the hearing, Plaintiff responded: "Yes, I confirmed with my advisor earlier. We're not recording this. . . . yes, he's not either." Ex. W, ECF No. 333-14 at 6–7 (SEALED).

or the conclusion of discovery. It certainly had that effect, and such an effect was absolutely predictable, but the misconduct was in the *production itself* of largely unresponsive and irrelevant documents.

The indirect publication of Jane Doe's name through precisely the same method found by this Court to be egregious and intentional is shocking. *See* Order, ECF No. 265 at 13; Ex. C, ECF No. 333-3 (SEALED); Ex. E, ECF No. 333-5 (SEALED). It appears that Plaintiff will not be deterred. Notably, he did not seek reconsideration of this Court's decision or findings, he simply chose to ignore them. And with respect to the instant motion, he merely reiterates the arguments the Court has already rejected. *See* Opp. to Mot. to Dismiss, ECF No. 364 at 5–6 (SEALED).

The inaccurate and false sworn Interrogatory responses reveal that Plaintiff will withhold damaging information in discovery so as to increase the likelihood of his success on the merits. As discussed above, it is clear his lawyer knew nothing of the sexual misconduct claims made against Plaintiff by women other than Jane Doe and simply relied upon Plaintiff's self-report. *See* Aff., ECF No. 332-1; Tr., ECF No. 397 at 36. When questioned by the defense, Plaintiff's counsel confirmed that he had checked with Plaintiff about any other complaints. Mot. to Dismiss, ECF No. 332 at 24; Aff., ECF No. 332-1 at ¶ 4.[16] Nothing. And as discussed above, the Court finds his claim to have interpreted the Interrogatory as applying only to claims that resulted in criminal charges, see Tr., ECF No. 397 at 73, as straining credulity beyond its breaking point.

Consistent with Plaintiff's efforts to conceal these other complaints, are Plaintiff's efforts to conceal his communications with Peter Roe through a specious assertion of attorney-client or work product privilege and a false and misleading privilege log. And the significance of this

---

[16] As discussed above, Defendants' counsel sent a deficiency letter to Plaintiff's counsel, to include a challenge to Interrogatory 10. Ex. T, ECF No. 332-9. By Affidavit, ECF No. 332-1, Defendant Doe's counsel avers that counsel met and conferred and Plaintiff confirmed, through counsel, that he was not aware of any other allegations of misconduct other than those he disclosed. Plaintiff does not challenge this averment. Ex. T, ECF No. 332-9.

litigation misconduct is hard to overstate. As Defendants rightly assert — they do not know what they do not know. *Id*. at 87. Defendants reasonably assert that the entirety of the privilege log is now subject to challenge — a costly, time-consuming and resource draining undertaking — all occasioned because Plaintiff has demonstrated that he cannot be relied upon to simply tell the truth. *Id*.

Plaintiff has been cautioned by the Court multiple times that his misconduct could have consequences, to include dismissal of his complaint. *See* Order, ECF No. 119 at 15 ("Plaintiff is advised that any release or deliberate disclosure of Jane Doe's identity in violation of this Court's Order is sanctionable by the Court, including but not limited to dismissal."; Tr., ECF No. 150 at 8 ("[M]y order is quite clear that any violation of my order could lead to sanctions, which could include dismissal . . . the orders are orders of the Court. They're expected to be followed. And if they're not followed, there are significant potential repercussions."); *see also* Tr., ECF No. 94 at 8–9, 12–13; Order, ECF No. 265 at 2–4, 15–16; Executed Prot. Order, ECF No. 197 at 6; Tr., ECF No. 200 at 9. The Court has previously denied two motions to dismiss based upon litigation misconduct. Minute Entry, ECF No. 91; Order, ECF No. 265. Simply put, there is no fair, just or reasonable path forward for the defendants. The Court ends where it began.[17]

Civil litigation is rooted in "notions of fairness on which our legal system is founded." *See Bridges v. Wixon*, 326 U.S. 135, 154 (1945). When one party repeatedly commits egregious misconduct and, in turn, unfairly disadvantages the opposing parties, dismissal is an appropriate sanction. It is well-settled that it is within the Court's discretion to issue sanctions, including dismissal. *See Chambers*, 501 U.S. at 44–45. "In considering the appropriateness of dismissal or

---

[17] It has been said, "Oh, what a tangled web we weave, when first we practice to deceive." Sir Walter Scott, "Marmion." This well-embedded idiom of modern culture, first published in 1808, captures the truism that when you lie or act dishonestly, you initiate a domino-like structure of complications and problems which will eventually spiral out of control. Very unfortunately, this idiom also precisely describes this case.

other sanctions for discovery abuse, the Second Circuit has instructed district courts to consider four non-exclusive factors: '(1) the willfulness of the non-compliant party or the reason for noncompliance; (2) the efficacy of lesser sanctions; (3) the duration of the period of noncompliance, and (4) whether the noncompliant party had been warned of the consequences of noncompliance.'" *In re Bear Stearns Cos., Inc. Secs., Derivative, & ERISA Litig.*, 308 F.R.D. 113, 124 (S.D.N.Y. 2015) (quoting *S. New England Tel. Co. v. Global NAPs, Inc.*, 624 F.3d 123, 144 (2d Cir. 2010)).    There is no question that Plaintiff has willfully ignored the Court's orders — despite multiple warnings — and engaged in escalating misconduct for a prolonged period.

Indeed, Courts have repeatedly found dismissal to be an appropriate sanction where the plaintiff was warned of that possibility and continued to engage in misconduct.  *See Koehl v. Bernstein*, 740 F.3d 860, 862–63 (2d Cir. 2014) (upholding the district court's dismissal where the petitioner continued to use obscene and abusive language toward the Magistrate Judge despite warning); *Manigaulte v. C.W. Post of Long Island Univ.*, 533 F. App'x 4, 6–7 (2d Cir. 2013) (summary order) (upholding the District Court's dismissal where the petitioner failed to appear for deposition after being warned that such failure would result in a recommendation of dismissal); *In re Bear Stearns Cos., Inc. Secs., Derivative, & ERISA Litig.*, 308 F.R.D. at 124–25 (dismissing as a sanction for repeated discovery non-compliance); *Shomo v. Eckert*, 345 F.R.D. 570, 580–81 (W.D.N.Y. 2024) (dismissing for discovery violations after repeated warnings to the *pro se* plaintiff).

The Court can discern no lesser sanction to address the repeated and escalating misconduct by Plaintiff in this case.  He has been fairly warned, warnings which he did not heed.  Seeing no

30

viable path forward for a fair and just adjudication of the claims and defenses in this case, the

Motion to Dismiss is GRANTED.

The Clerk of the Court is directed to close this case.

**SO ORDERED** at Bridgeport, Connecticut, this 27th day of March 2026.


        */s/ Kari A. Dooley*
        KARI A. DOOLEY
        UNITED STATES DISTRICT JUDGE